Gregory L. Watts, State Bar No. 197126
Stephanie L. Jensen, WSBA No. 42042,
*pro hac vice application pending*
**WILSON SONSINI GOODRICH & ROSATI, P.C.**
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Telephone:  (206) 883-2500
Facsimile:  (206) 883-2699
gwatts@wsgr.com
sjensen@wsgr.com

*Counsel for Defendants Ra Medical Systems, Inc., Andrew Jackson, Richard Heymann, Maurice Buchbinder, Martin Colombatto, Richard Mejia, Jr., Mark E. Saad, and William Enquist Jr.*

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERVIN DERR, Individually and on Behalf of all Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>RA MEDICAL SYSTEMS, INC., DEAN IRWIN, ANDREW JACKSON, MELISSA BURSTEIN, MARTIN BURSTEIN, RICHARD HEYMANN, MAURICE BUCHBINDER, MARTIN COLOMBATTO, RICHARD MEJIA, JR., PIPER JAFFREY & CO., CANTOR FITZGERALD & CO., SUNTRUST ROBINSON HUMPHREY, INC., NOMURA SECURITIES INTERNATIONAL, INC., and MAXIM GROUP, LLC,<br><br>Defendants. | Case No.:  3:19-cv-1079-LAB-AHG<br><br>**THE RA MEDICAL DEFENDANTS' REQUEST FOR CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE AND DOCUMENTS JUDICIALLY NOTICEABLE**<br><br>CLASS ACTION<br><br>DATE:       July 20, 2020<br>TIME:        11:30 a.m.<br>CTRM:      14A, 14th Floor<br>JUDGE:      Hon. Larry Alan Burns |

REQUEST FOR CONSIDERATION OF DOCUMENTS INC. BY REF. AND JUDICIALLY NOTICEABLE

Defendants Ra Medical Systems, Inc. ("Ra Medical" or the "Company"), Andrew Jackson, Richard Heymann, Maurice Buchbinder, Martin Colombatto, Richard Mejia, Jr., Mark E. Saad, and William Enquist Jr. (collectively, the "Ra Medical Defendants") hereby request that this Court consider certain documents incorporated by reference into Plaintiffs' Amended Complaint, ECF No. 21 ("Complaint" or "¶ _"), and documents judicially noticeable, in connection with their Motion to Dismiss Amended Complaint ("Motion to Dismiss"), filed concurrently herewith. The documents described herein are attached as exhibits to the Declaration of Stephanie L. Jensen in Support of the Ra Medical Defendants' Motion to Dismiss Amended Complaint ("Jensen Declaration").

## ARGUMENT

In ruling on a motion to dismiss a federal securities claim, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 551 U.S. 308, 322 (2007). Here, the Ra Medical Defendants offer just three sets of exhibits to be considered, each of which qualify for consideration under both the incorporation by reference doctrine and judicial notice: the September 24, 2018 Registration Statement on which the entirety of Plaintiffs' Section 11 claim and part of Plaintiffs' Section 10(b) claim relies and which is a judicially noticeable SEC filing; and the Forms 4 of named-defendants Dean Irwin and Andrew Jackson, respectively, on which Plaintiffs' scienter allegations related to their Section 10(b) claim relies, and which are also judicially noticeable SEC filings.

**I.    THE COURT SHOULD CONSIDER DOCUMENTS INCORPORATED INTO THE COMPLAINT BY REFERENCE AND INTEGRAL TO PLAINTIFFS' CLAIMS**

Incorporation by reference "is a judicially created doctrine that treats certain documents as though they are part of the complaint itself." *Khoja v. Orexigen Therapeutics, Inc*., 899 F.3d 988, 1002 (9th Cir. 2018), *cert. den. sub nom*., *Hagan v. Khoja*, 139 S. Ct.

1

REQUEST FOR CONSIDERATION OF DOCUMENTS INC. BY REF. AND JUDICIALLY NOTICEABLE

2615 (May 20, 2019). The doctrine "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Id.* To prevent against the selective quotation of documents, the doctrine allows courts to consider the full text of a document that a complaint quotes only in part. *See In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996) (noting that, in evaluating alleged omissions, "[t]he district court considered the full text of the Prospectus, including portions which were not mentioned in the complaints;" "such consideration is appropriate in the context of a motion to dismiss"); *Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*, 575 U.S. 175, 190 (2015) (a statement within a Registration Statement must be read "[i]n light of all its surrounding text, including hedges, disclaimers, and apparently conflicting information"). A document is incorporated by reference if the pleading "refers extensively to the document" or the "document forms the basis of [a] claim." *Orexigen*, 899 F.3d at 1002 (*quoting United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)). Where a document is incorporated by reference, a court "may assume that [the incorporated document's] contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Id.*

Courts often consider offering documents incorporated by reference in complaints alleging Section 11 claims. *See Wong v. Arlo Techs.*, No.19-cv-00372-BLF, 2019 WL 7834762, at *4 (N.D. Cal. Dec. 19, 2019) (holding that prospectus was incorporated by reference into a Section 11 complaint on a motion to dismiss); *Rieckborn v. Jefferies LLC*, 81 F. Supp. 3d 902, 912-13 (N.D. Cal. 2015) (same).

And, even if a complaint does not "explicitly refer" to an individual's Forms 4 filed with the SEC, a plaintiff's "scienter and insider trading allegations [which] rely expressly on [defendants'] stock sales" are based on "information disclosed to the public through [their] Forms 4 filed with the SEC," so it is appropriate for a Court to consider them on a motion to dismiss. *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, 880 F. Supp. 2d 1045, 1059 (N.D. Cal. 2012).

3:19-cv-1079-LAB-AHG

REQUEST FOR CONSIDERATION OF DOCUMENTS INC. BY REF. AND JUDICIALLY NOTICEABLE

Accordingly, the Ra Medical Defendants request that this Court consider the following documents to be incorporated by reference in the Complaint and consider them in ruling upon the Motion to Dismiss:

1.    **Exhibit 1** is a true and correct copy of excerpts of Ra Medical's Amended S-1 Registration Statement (the "Registration Statement"), filed with the SEC on September 24, 2018 and deemed effective September 26, 2018. The Registration Statement is explicitly referenced in the Complaint at ¶¶ 92-100; 186-189; 194-203; 206-215. Additionally, the Registration Statement forms the basis, either fully or partly, of Plaintiffs' claims under Section 11 of the Securities Act of 1933 and Section 10(b) of the Exchange Act of 1934. This is sufficient for Exhibit 1 to be deemed incorporated by reference into the Complaint.

2.    **Exhibit 4** contains true and correct copies of Dean Irwin's Forms 4, filed with the SEC on April 15, 2019; May 14, 2019; July 16, 2019; and July 22, 2019, which the Complaint relies on at ¶¶ 363-64 to allege scienter in support of Plaintiffs' claim under Section 10(b) of the Exchange Act of 1934.  This is sufficient for Exhibit 4 to be deemed incorporated by reference into the Complaint.

3.    **Exhibit 5** contains a true and correct copy of Andrew Jackson's Form 4, filed with the SEC on June 17, 2019, which the Complaint relies on at ¶¶ 363, 365 to allege scienter in support of Plaintiffs' claim under Section 10(b) of the Exchange Act of 1934. This is sufficient for Exhibit 5 to be deemed incorporated by reference into the Complaint.

**II.    THE COURT SHOULD ALSO TAKE JUDICIAL NOTICE OF THESE EXHIBITS AS SEC FILINGS**

"'[A] court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment.'" *Orexigen*, 899 F.3d at 999 (quoting *Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001)). Rule 201 allows courts to take judicial notice of a fact if it is "not subject to reasonable dispute," which means that the fact is "generally known" or "can be accurately and readily determined from sources

3:19-cv-1079-LAB-AHG

REQUEST FOR CONSIDERATION OF DOCUMENTS INC. BY REF. AND JUDICIALLY NOTICEABLE

whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also Orexigen*, 899 F.3d at 999.

A district court can judicially notice SEC filings when considering a motion to dismiss. *See Metzler Inv. GMBH v. Corinthian Colls. Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (district court properly took judicial notice of SEC filings); *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (SEC filings are subject to judicial notice); *In re Regulus Therapeutics Inc. Sec. Litig.*, 406 F. Supp. 3d 845, 855 (S.D. Cal. 2019) ("The vast majority of the documents submitted with the [Request for Judicial Notice] are . . . judicially noticeable SEC filings[.]").

The Complaint does not need to specifically reference the SEC filings for the filings to be judicially noticeable. For instance, in *Juniper Networks*, the court judicially noticed Forms 4 despite the fact that plaintiffs did not explicitly refer to the Forms 4 in their complaint because "Plaintiffs' scienter and insider trading allegations do rely expressly on [defendants'] stock sales, which is information disclosed to the public through . . . [Forms 4] filed with the SEC." 880 F. Supp. 2d at 1059. Because stock holdings and sales are "disclosed to the public" through an individual's Forms 4, judicially noticing them in consideration of a motion to dismiss that relies on stock sales to allege scienter is permissible and appropriate. *Id*; *see also* ¶¶ 363-365 (alleging that the stock sales by individual defendants during the Class Period indicate a strong inference of scienter because they "took advantage of the artificially inflated price of Ra Medical stock" by selling at $3.82 per share or lower).

Accordingly, the Ra Medical Defendants request that this Court take judicial notice of the following documents and consider them in ruling upon the Motion to Dismiss:

1.     **Exhibit 1** is a true and correct copy of excerpts of Ra Medical's Registration Statement. The Registration Statement is publicly filed with the SEC, meaning its accuracy cannot reasonably be questioned.

2.     **Exhibit 4** contains true and correct copies of Dean Irwin's Forms 4, filed with the SEC on April 15, 2019; May 14, 2019; July 16, 2019; and July 22, 2019.  Dean Irwin's

4

REQUEST FOR CONSIDERATION OF DOCUMENTS INC. BY REF. AND JUDICIALLY NOTICEABLE

Forms 4 are publicly filed with the SEC, meaning their accuracy cannot reasonably be questioned.

3.    **Exhibit 5** contains a true and correct copy of Andrew Jackson's Form 4, filed with the SEC on June 17, 2019. Andrew Jackson's Form 4 is publicly filed with the SEC, meaning its accuracy cannot reasonably be questioned.

### CONCLUSION

Because each of the above-referenced Exhibits is extensively referenced in the Complaint, forms the basis of Plaintiffs' claims, and/or is judicially noticeable, the Ra Medical Defendants respectfully request that the Court consider the above-mentioned documents in ruling on their Motion to Dismiss.[1]

Dated: March 13, 2020

**WILSON SONSINI GOODRICH & ROSATI, P.C.**

/s/ Gregory L. Watts

Gregory L. Watts, State Bar No. 197126
Stephanie L. Jensen, WSBA No. 42042,
*pro hac vice application pending*
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone:  (206) 883-2500
Facsimile:   (206) 883-2699
Email:  gwatts@wsgr.com
Email:  sjensen@wsgr.com

*Counsel for Defendants Ra Medical Systems, Inc.,
Andrew Jackson, Richard Heymann, Maurice
Buchbinder, Martin Colombatto, Richard Mejia,
Jr., Mark E. Saad, and William Enquist, Jr.*

---

[1] For the Court's convenience, Defendants have also attached to the Jensen Declaration Exhibit 2, a true and correct copy of Ervin Derr's Sworn Certification of Plaintiff, as excerpted from Plaintiffs' Class Action Complaint for Violations of the Federal Securities Laws (ECF No. 1), and Exhibit 3, a true and correct copy of Peter Shoemaker's Sworn Certification of Plaintiff, as attached to Plaintiffs' Notice of Lodging, ECF No. 22, both filed on this Court's docket.

3:19-cv-1079-LAB-AHG

REQUEST FOR CONSIDERATION OF DOCUMENTS INC. BY REF. AND JUDICIALLY NOTICEABLE