Robert V. Prongay (SBN 270796)
Pavithra Rajesh (SBN 323055)
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone:(310) 201-9150
Facsimile: (310) 201-9160
Email:      rprongay@glancylaw.com
            prajesh@glancylaw.com

*Counsel for Lead Plaintiffs Ervin Derr and*
*Peter Shoemaker and Lead Counsel for the*
*Class*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERVIN DERR, and PETER SHOEMAKER, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> RA MEDICAL SYSTEMS, INC., DEAN IRWIN, ANDREW JACKSON, MELISSA BURSTEIN, MARTIN BURSTEIN, RICHARD HEYMANN, MAURICE BUCHBINDER, MARTIN COLOMBATTO, RICHARD MEJIA, JR., PIPER JAFFRAY & CO., CANTOR FITZGERALD & CO., SUNTRUST ROBINSON HUMPHREY, INC., NOMURA SECURITIES INTERNATIONAL, INC., and MAXIM GROUP LLC, <br><br> Defendants. | Case No. 3:19-cv-01079-LAB-AHG <br><br> **LEAD PLAINTIFFS' OPPOSITION TO THE REQUESTS FOR JUDICIAL NOTICE [DKT. NOS. 29-2 & 31] SUBMITTED IN CONNECTION WITH THE MOTIONS TO DISMISS BY DEAN IRWIN, MELISSA BURSTEIN AND MARTIN BURSTEIN AND BY THE RA MEDICAL DEFENDANTS** <br><br> The Hon. Larry Alan Burns |

In connection with their respective motions to dismiss, the Irwin/Burstein Defendants[1] and the Ra Medical Defendants seek judicial notice of twenty-five documents. Dkt. Nos. 29-2 & 31.[2] These requests follow the "concerning pattern in securities cases" recognized by the Ninth Circuit in which defendants attempt to exploit incorporation-by-reference and judicial notice "procedures improperly to defeat what would otherwise constitute adequately stated claims at the pleading stage." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).

The Court should strike twenty-one of the exhibits as improper uses of the incorporation-by-reference and judicial notice procedures. Specifically, Exhibits B through H and M through P should be stricken because Defendants attempt to burden the Court with unnecessary documents. Exhibits I through L, Exhibit Q, as well as Exhibits 4 and 5, should be stricken because Defendants seek to admit them to present their own version of the facts at the pleading stage. Exhibits R and S should be stricken because they are irrelevant to the instant matter.  Exhibit T should be stricken because it is not a judicially noticeable document.

As to the remaining exhibits, Plaintiffs do not object to this Court taking judicial notice of the existence of the documents, but to the extent Defendants seek to admit them for the truth of the matters asserted therein, the Court should deny Defendants' requests. *Khoja*, 899 F.3d at 999 ("Just because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth.").

---

[1] All capitalized terms herein have the same meaning as set forth in Lead Plaintiffs' Omnibus Opposition to Motions to Dismiss, filed concurrently herewith.

[2] The Irwin/Burstein Defendants filed a Request for Consideration of Documents Incorporated by Reference and Documents Judicially Noticeable by Defendants Dean Irwin, Melissa Burstein, and Martin Burstein (Dkt. No. 29-2, "Irwin RJN") in support of their Motion to Dismiss the FAC (Dkt. No. 29, "Irwin Motion"). The Ra Medical Defendants filed a similar request (Dkt. No. 31, "RMED RJN") in support of their Motion to Dismiss the FAC (Dkt. No. 30, "RMED Motion").

## I.   Exhibits Used to Burden the Court Must be Stricken

The Irwin/Burstein Defendants seek to burden the Court with over one thousand pages of documents without explaining their significance to the instant motion. Exhibits B, C, D, E, F, G, H, M, N, O, and P are not cited anywhere in the Irwin Motion. *See* Dkt. No. 29-1. These exhibits include amendments to the Registration Statement, Form 3 and Schedule 13G for Irwin, and Form 4s for Martin Burstein. The Irwin/Burstein Defendants fail to provide a purpose, much less a *proper* purpose, for seeking the Court's consideration of these documents. The Court should strike these exhibits on that basis alone.

Additionally, the Irwin/Burstein Defendants offer Exhibits B, C, D, E and G under the incorporation-by-reference doctrine, but "the mere mention of the existence of a document is insufficient to incorporate the contents of a document." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Exhibits B, C, and E are certain amendments to the Registration Statement filed on August 24, 2018, September 15, 2018, and September 26, 2018, respectively; ***none are even mentioned in the FAC***. *See* ¶¶ 88-91 (discussing filings with respect to the IPO). Exhibit D is identified as the final amendment to the Registration Statement, and Exhibit G is identified as the prospectus filed in connection with the IPO. Irwin RJN at 1-2. Exhibits D and G are purportedly offered to "prevent plaintiffs from selecting only portions of documents that support their claims." Irwin RJN at 2. But the Irwin/Burstein Defendants fail to explain what context they expect the Court to glean from the 225-page and 210-page documents, respectively, preventing Plaintiffs from evaluating whether they are offered for a proper purpose. Therefore, Exhibits B, C, D, E, and G should be stricken on this additional basis.

## II.   Exhibits Offered for the Truth of the Matter Asserted Must be Stricken

Rule 201(b) of the Federal Rules of Evidence provides: "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately

and readily determined from sources whose accuracy cannot reasonably be questioned." However, Defendants cannot use judicial notice procedures to "present their own version of the facts at the pleading stage." *Khoja*, 899 F.3d at 998-99 ("[T]he unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery."). Therefore, to the extent Defendants attempt to use the exhibits in their requests for judicial notice to defeat Plaintiffs' adequately pled claims, their requests must be denied.

### A. Exhibits I-L, Q and Exhibits 4 & 5 are Improperly Offered to Assert an Affirmative Defense

Plaintiffs allege that certain defendants sold Ra Medical stock on specific dates in support of their claims that these defendants issued misleading statements with scienter. *See* ¶¶ 363-65. Defendants do not dispute that these stock sales were executed. *Compare* Exs. I-L (Irwin's sales) *and* Exs. 4 & 5 (Irwin's and Jackson's sales), *with* ¶¶ 363-65 (reflecting the same quantities, dates, and prices).

Rather, Defendants offer Exhibits I through L, Exhibit Q, and Exhibits 4 & 5 seeking to establish that the sales were nondiscretionary trades, which is an affirmative defense inappropriate to adjudicate at this stage. 17 C.F.R. § 240.10b5-1(c)(1); *see also In re UTStarcom, Inc., Sec. Litig.*, 617 F. Supp. 2d 964, 976 n.16 (N.D. Cal. 2009) ("[A]lthough evidence of the nondiscretionary nature of Defendants' sales may ultimately provide the basis of an affirmative defense at a later stage of the litigation, it suffices that, at the pleading stage, Plaintiffs have alleged significant and suspiciously timed securities sales.").

As an initial matter, Defendants themselves do not agree on what these documents purportedly evidence regarding Irwin's trades. *Compare* Dkt. No. 29-1 at 24 ("One was mandated by an agreement, three were made under his Rule 10b5-1 trading plan, and the two were to cover tax withholdings for vested [RSUs].") (citing Exs. I – L) *with* Dkt. No. 30 at 32 ("For Mr. Irwin, two were made under a Rule 10b5-

1 trading plan, and the remaining six were automatic sales mandated by his award agreement to cover tax withholdings for the vesting of [RSUs.]") (citing Ex. 4). Furthermore, while Irwin's Form 4s reference a Rule 10b5-1 trading plan, Defendants have not sought to introduce the plan itself, which may contain loopholes allowing Irwin to conceal trades based on inside information. *Stocke v. Shuffle Master, Inc.*, 615 F. Supp. 2d 1180, 1193 (D. Nev. 2009) (The Court cannot "make such factual findings when considering a motion to dismiss" because it must draw all inferences in favor of the non-moving party."). Moreover, Defendants rely on the truth of the matter asserted in these documents to argue that the trades are nondiscretionary. Ignoring that it is subject to dispute whether the documents actually support this contention, this purpose is wholly improper on a motion to dismiss.

Thus, the facts Defendants seek to introduce in Exhibits I through L, Exhibit Q, as well as Exhibits 4 and 5 are inappropriate at this stage and are subject to "reasonable dispute" and do not qualify for judicial notice under Rule 201(b).

**B.     Exhibits R & S are Irrelevant Dictionary Definitions**

Plaintiffs allege that Defendants failed to disclose that the Company engaged in off-label marketing, a term which refers to promoting a product for a use that is not approved by the FDA. ¶ 74. Specifically, Plaintiffs allege that Defendants promoted DABRA for atherectomy when DABRA was not approved by the FDA for atherectomy. *E.g.*, ¶¶ 73, 105.

The Irwin/Burstein Defendants seek judicial notice of dictionary definitions to argue that "DABRA performs atherectomy," which is wholly irrelevant to whether Ra Medical engaged in off-label marketing. *See* Dkt. No. 29-1 at 1-2 (citing Exs. R & S). Courts routinely refuse to judicially notice dictionary definitions where they do not apply in a specialized field or where they are subject to reasonable dispute. *See, e.g.*, *In re Bausch & Lomb, Inc. Sec. Litig.*, 2003 WL 23101782, at *16 (W.D.N.Y. Mar. 28, 2003) ("price protection" was disputed industry term-of-art); *Rooney v. Cumberland Packing Corp.*, 2012 WL 1512106, at *2 (S.D. Cal. 2012) (parties

OBJECTION TO REQUEST FOR JUDICIAL NOTICE (DKT. NO. 29-2 & 31)
Case No. 3:19-cv-01079-LAB-AHG                                                          4

offered competing definitions of "raw sugar"); *Best Buy Stores, L.P. v. Manteca Lifestyle Ctr., LLC*, 859 F. Supp. 2d 1138, 1146 (E.D. Cal. 2012) (refusing to judicially notice definition of "gross leasable area" where trade sources differed). Thus, Exhibits R and S must be stricken.

### C.    Exhibit T is Not an SEC Filing

The Irwin/Burstein Defendants offer Exhibit T for judicial notice as an SEC filing, which it is not. Irwin RJN at 3 (listing Exhibit T under the category of SEC filings); *see* Ex. T (stating that the document is hosted on www.accessdata.fda.gov). As such, the Irwin/Burstein Defendants have not shown that Exhibit T is a matter of public record that is "generally known" or "can be accurately and readily determined from [a] source[] whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Therefore, Exhibit T is not judicially noticeable.

### III.    CONCLUSION

For the foregoing reasons, the Court should strike Exhibits B, C, D, E, F, G, H, I, J, K, L, M, N, O, P, Q, R, S, and T as well as Exhibits 4 and 5.

DATED:  April 27, 2020

**GLANCY PRONGAY & MURRAY LLP**

By: *s/ Robert V. Prongay*
Robert V. Prongay
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone:  (310) 201-9150
Facsimile:  (310) 201-9160
Email:  rprongay@glancylaw.com

*Counsel for Lead Plaintiffs Ervin Derr and Peter Shoemaker and Lead Counsel for the Class*

**LAW OFFICES OF HOWARD G. SMITH**
Howard G. Smith
3070 Bristol Pike, Suite 112
Bensalem, PA 19020
Telephone: (215) 638-4847
Facsimile: (215) 638-4867

*Additional Counsel*

## PROOF OF SERVICE BY ELECTRONIC POSTING

I, the undersigned, say:

I am not a party to the above case and am over eighteen years old. On April 27, 2020, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Southern District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 27, 2020, at Los Angeles, California.

$\quad$*s/ Robert V. Prongay*
Robert V. Prongay