Gregory L. Watts, State Bar No. 197126
Stephanie L. Jensen, WSBA No. 42042 (*pro hac vice*)
**WILSON SONSINI GOODRICH & ROSATI, P.C.**
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone:   (206) 883-2500
Facsimile:    (206) 883-2699
gwatts@wsgr.com
sjensen@wsgr.com

*Counsel for Defendants Ra Medical
Systems, Inc., Andrew Jackson, Richard
Heymann, Maurice Buchbinder, Martin
Colombatto, Richard Mejia, Jr., Mark E.
Saad, and William Enquist Jr.*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERVIN DERR, Individually and on Behalf of all Others Similarly Situated,<br><br>     Plaintiff,<br><br>     v.<br><br>RA MEDICAL SYSTEMS, INC., DEAN IRWIN, ANDREW JACKSON, MELISSA BURSTEIN, MARTIN BURSTEIN, RICHARD HEYMANN, MAURICE BUCHBINDER, MARTIN COLOMBATTO, RICHARD MEJIA, JR., PIPER JAFFREY & CO., CANTOR FITZGERALD & CO., SUNTRUST ROBINSON HUMPHREY, INC., NOMURA SECURITIES INTERNATIONAL, INC., and MAXIM GROUP, LLC,<br><br>     Defendants. | Case No.:  3:19-cv-1079-LAB-AHG<br><br>**THE RA MEDICAL DEFENDANTS' REPLY IN FURTHER SUPPORT OF THEIR REQUEST FOR JUDICIAL NOTICE IN CONNECTION WITH ITS MOTION TO DISMISS THE AMENDED COMPLAINT**<br><br>CLASS ACTION<br><br>DATE:        JULY 20, 2020<br>TIME:        11:30 a.m.<br>CTRM:      14A, 14th Floor<br>JUDGE:      Hon. Larry Alan Burns |

3:19-cv-1079-LAB-AHG

The Ra Medical Defendants submitted a total of five exhibits to be considered in conjunction with their motion to dismiss.  Plaintiffs' Objection makes no explicit reference to three of those exhibits, and only objects to the other two exhibits on judicial notice grounds to the extent they are offered for the truth of the matters asserted therein while ignoring that the exhibits are also incorporated into the Complaint by reference. The Court should consider all five documents submitted by the Ra Medical Defendants as well as one document, Exhibit T, submitted by the Irwin Defendants and which is both judicially noticeable and incorporated by reference.

## I.    PLAINTIFFS DO NOT OBJECT TO EXHIBITS 1, 2, OR 3

Plaintiffs do not appear to object to the Court's consideration of Exhibits 1, 2, and 3, nor could they. Exhibit 1 is the Registration Statement upon which Plaintiffs' entire Sections 11 and 15 claims are based and which is undeniably both incorporated by reference and subject to judicial notice. *See* RJN at 1-4 (citing cases). And Exhibits 2 and 3 are mere courtesy copies of the Plaintiffs' own sworn certifications that were either literally attached to, or later lodged in connection with, Plaintiffs' Complaint. *See* RJN at 5 n.1.

## II.    PLAINTIFFS OBJECTIONS TO EXHIBITS 4 AND 5 ARE UNAVAILING

This leaves only Exhibits 4 and 5, which are Form 4s filed with the SEC by Mr. Irwin and Mr. Jackson, respectively. Plaintiffs do not object to these exhibits on the basis that they are inaccurate or otherwise unreliable. Rather, Plaintiffs claim they should not be judicially noticed because they support an affirmative defense. But this argument is not only unsupported by Plaintiffs in their Objection,[1] it is also undermined by the weight of authority in this Circuit. *See* RJN at 2, 4.

Regardless, Plaintiffs fail to address, and thereby concede, that the Form 4s are also incorporated by reference because Plaintiffs' scienter allegations expressly rely on Messrs.

---

[1] The one case that Plaintiffs cite—*In re UTStarcom, Inc., Sec. Litig.,* 617 F. Supp. 2d 964, 976 n.16 (N.D. Cal. 2009)—does not involve a request for judicial notice.

1

3:19-cv-1079-LAB-AHG

Irwin's and Jackson's stock sales. *See* RJN at 1-3; ¶¶ 363-365; *see also In re InfoSonics Corp. Sec. Litig.*, 2007 WL 2301757, at \*5 n. 2 (S.D. Cal. Aug. 7, 2007) (considering Forms 4 where "Plaintiffs discuss Defendants' stock trades and must have relied on the SEC filings").

## III.    THE COURT SHOULD CONSIDER IRWIN'S EXHIBIT T

The Irwin Defendants' Exhibit T, the Company's Class 2 Device Recall Notice, should also be deemed incorporated by reference and subject to judicial notice. The Notice is incorporated by reference because the Company's February 2018 recall is undeniably at the heart of Plaintiffs' non-calibration-related claims. The term "recall" is mentioned no fewer than 99 times in the Complaint. And the Complaint describes in detail the date of the recall, the date the Notice was published, where the Notice was published, and what the recall involved. ¶¶ 7, 103. Plaintiffs now fight to keep out what little of the Notice they chose to omit from the Complaint. This is precisely the type of evasive measure that the incorporation by reference doctrine was designed to prevent. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) ("The doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims.") (citations omitted).

Exhibit T is also subject to judicial notice. Plaintiffs do not, at any point, contest the authenticity, reliability, or accuracy of the Notice, nor do Plaintiffs posit that Exhibit T is being relied on by any defendant for an improper purpose. Rather, Plaintiffs appear to only take issue with the fact that the Irwin Defendants miscategorized Exhibit T as an SEC filing. In any event, the thrust of the Irwin Defendants' argument is that the Class 2 Recall Notice is "a matter of public record that is 'generally known' or 'can be accurately and readily determined from [a] source[] whose accuracy cannot reasonably be questioned,'" RJN Opp. at 5, as Plaintiffs concede Exhibit T is "hosted" on a publicly accessible website

THE RA MEDICAL DEFENDANTS' REPLY ISO RJN

maintained by the Food and Drug Administration.[2] *See, e.g.*, *Brinkerhoff v. L'Oreal USA, Inc.*, 417 F. Supp. 3d 1308, 1318 n.4 (S.D. Cal. 2019) (judicially noticing a document "made publicly available by a government entity," the FDA, where "neither party disputes its authenticity or accuracy"); *Hansen Beverage Co. v. Innovation Ventures, LLC*, 2009 WL 6597891, at *2 (S.D. Cal. Dec. 23, 2009) (judicially noticing documents "from the FDA website[,]" noting "[i]nformation on government agency websites has often been treated as properly subject to judicial notice") (citations omitted).

## CONCLUSION

For these reasons, the Court should consider the Ra Medical Defendants' Exhibits 1, 4, and 5 and the Irwin Defendants' Exhibit T to be incorporated by reference and/or subject to judicial notice.

Dated: May 27, 2020

**WILSON SONSINI GOODRICH & ROSATI, P.C.**

/s/ Gregory L. Watts
Gregory L. Watts, State Bar No. 197126
Stephanie L. Jensen, WSBA No. 42042 (*pro hac vice*)
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone:  (206) 883-2500
Facsimile:  (206) 883-2699
Email:  gwatts@wsgr.com
Email:  sjensen@wsgr.com

*Counsel for Defendants Ra Medical Systems, Inc., Andrew Jackson, Richard Heymann, Maurice Buchbinder, Martin Colombatto, Richard Mejia, Jr., Mark E. Saad, and William Enquist Jr.*

---

[2]  *See*  https://www.accessdata.fda.gov/scripts/cdrh/cfdocs/cfRes/res.cfm?id=174863 (last accessed: May 27, 2020).

3

3:19-cv-1079-LAB-AHG