PHILIP C. TENCER (173818)
Phil@tencersherman.com
LAUREN BUSHMAN (314865)
LaurenB@tencersherman.com
TENCER SHERMAN, LLP
12520 High Bluff Drive, Suite 240
San Diego, CA  92130
TEL:  858-408-6900; FAX:  858-754-1260

*Counsel for Defendants*
*Dean Irwin, Melissa Burstein and*
*Martin Burstein*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERVIN DERR, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> RA MEDICAL SYSTEMS, INC., DEAN IRWIN, ANDREW JACKSON, MELISSA BURSTEIN, MARTIN BURSTEIN, RICHARD HEYMANN, MAURICE BUCHBINDER, MARTIN COLOMBATTO, RICHARD MEJIA, JR., PIPER JAFFRAY & CO., CANTOR FITGERALD & CO., SUNTRUST ROBINSON HUMPHREY, INC., NOMURA SECURITIES INTERNATIONAL., and MAXIM GROUP LLC, <br><br> Defendants. | CASE NO. 3:19-cv-01079-LAB-AHG <br><br> **DEFENDANTS' REPLY IN SUPPORT OF REQUEST FOR CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE AND DOCUMENTS JUDICIALLY NOTICEABLE BY DEFENDANTS DEAN IRWIN, MELISSA BURSTEIN AND MARTIN BURSTEIN** <br><br> **CLASS ACTION** <br><br> DATE:  July 20, 2020 <br> TIME:  11:30 a.m. <br> CTRM:  14A, 14th Floor <br> JUDGE:  Hon. Larry Alan Burns |

TENCERSHERMAN
ATTORNEYS AT LAW
SAN DIEGO

Plaintiffs submitted an Opposition to the Request for Judicial Notice in Support of the Motions to Dismiss by Dean Irwin, Melissa Burstein and Martin Burstein (hereafter "Individual Defendants") and that submitted by the RA Medical Defendants. The Opposition is without merit. The Individual Defendants' Request for Judicial Notice correctly and adequately sets forth a proper basis for the exhibits that are subject to judicial notice including those that are: 1) incorporated in the FAC, such as Ra Medical's Registration Statement and amendments thereto; 2) public SEC filing, such as the Form 4s filed by Dean Irwin and Martin Burstein; and 3) dictionary definitions.

The Individual Defendants properly set forth exhibits pursuant to the incorporation by reference doctrine and standards for taking judicial notice of public records, court filings, and definitions. The Individual Defendants respectfully request the Court take judicial notice of each and every exhibit attached to the Declaration of Lauren Bushman.

## I. EXHIBITS ARE NOT USED TO BURDEN THE COURT

None of the exhibits attached to the Declaration of Lauren Bushman have been submitted to burden the court. Plaintiffs contend that Exhibits B, C, D, E, F, G, H, M, N, O and P are not cited in the Individual Defendants' Motion. However, the standard is not whether the documents are mentioned in the Motion to Dismiss, rather, the mention of the documents in the *Complaint.* (A document is incorporated by reference if the pleading "refers extensively to the document" or the "document forms the basis of [a] claim." *Orexigen*, 899 F.3d 988 at 1002 (*quoting United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)). Where a document is incorporated by reference, a court "may assume that [the incorporated document's] contents are true for purposes of a motion to dismiss under Rule 12(b)(6)."

Plaintiffs' claim that the Individual Defendants fail to provide a purpose, let alone a *proper* purpose for seeking the Court's consideration of the documents is

TENCERSHERMAN
ATTORNEYS AT LAW
SAN DIEGO

1

3:19-CV-01079-LAB-AHG
RJN ISO MOTION TO DISMISS
FIRST AMENDED COMPLAINT

equally false.  The Individual Defendants included the requisite authority under the Incorporation by Reference Doctrine: courts may treat documents identified in a complaint as if the documents were contained therein. *Khoja v. Orexigen Therapeutics, Inc*., 899 F.3d 988, 1002 (9th Cir. 2018), *cert. den. sub nom*., *Hagan v. Khoja*, 139 S. Ct. 2615 (May 20, 2019). This reasoning was also included in the Request for Judicial Notice: "The doctrine 'prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims.'" (Dkt. 29-2 P.2-3).  The purpose of taking judicial notice of said documents is to allow the court to consider the full text of the documents to ensure accuracy.  *Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*, 575 U.S. 175, 190 (2015).

Individual Defendants' request for Exhibits B, C, D, E, F, G, H, M, N, O and P is proper and necessary in order for the Court to be able to consider the full text of the documents – not just those portions that support Plaintiffs' claims. *Hagan v. Khoja*, 139 S. Ct. 2615 (May 20, 2019).  The documents are not submitted for the purpose of burdening the court.  Judicial Notice is appropriate.

## II.    JUDICIAL NOTICE UNDER THE INCORPORATION BY REFERENCE DOCTRINE IS PROPER

Plaintiffs contend that Exhibits B, C, D, E, and G, should not be considered by the Court, as Exhibits B, C, D and E are not mentioned in the FAC.  A document is incorporated by reference if the pleading "refers extensively to the document" or the "document forms the basis of [a] claim." *Orexigen*, 899 F.3d at 1002 (*quoting United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)).  Further, a document at issue being reviewed at the pleading stage is not prohibited by the complaint not referencing the document. *Khoja v. Orexigen Therapeutics, Inc*., 899 F.3d 988, 1002 (9th Cir. 2018) (citing *Knivel v. ESPN*, 393 F. 3d 1068 (9th Cir. 2005) where the court affirmed the incorporation of material that the complaint did not reference at all.)   The FAC not mentioning a document is not a bar to the court's

TENCERSHERMAN
ATTORNEYS AT LAW
SAN DIEGO

07-CV-01111-IEG(RBB)
REPLY ISO RJN ISO MOTION TO DISMISS
CONSOLIDATED AMENDED COMPLAINT

consideration of said document, and Plaintiff has not provided any authority to support that claim.

Further, Plaintiffs acknowledge that the purpose of offering Exhibits D and G is to prevent plaintiffs from selecting only portions of the documents that support their claims – then contradict themselves by claiming that the Individual Defendants fail to explain the context they expect the court to glean from the documents. Plaintiffs' also fail to cite any authority requiring the Individual Defendants to do so.

Exhibit T should also be considered under the incorporation-by-reference doctrine. Exhibit T is the Company's Class 2 Device Recall Notice (which Plaintiffs object to on separate grounds). The Notice is incorporated by reference as the recall appears extensively in in Plaintiff's Complaint. The exclusion of Exhibit T is precisely what the incorporation by reference doctrine seeks to protect against: preventing plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims. (Dkt. 29-2 P.2-3). Therefore, Exhibits B, C, D, E, and G, and T, are properly submitted for judicial notice under the incorporation-by-reference doctrine.

## III.   THE COURT CAN CONSIDER ALL EXHIBITS SUBMITTED FOR JUDICIAL NOTICE

Rule 201 allows courts to take judicial notice of a fact if it is "not subject to reasonable dispute," which means that the fact is "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also Orexigen*, 899 F.3d at 999. The Individual Defendants do not offer exhibits to present their version of the case – rather, they offer documents required for the Court to adequately consider the motion to dismiss and Plaintiffs failure to adequately plead their claims.

TENCERSHERMAN
ATTORNEYS AT LAW
SAN DIEGO

3

07-CV-01111-IEG(RBB)
REPLY ISO RJN ISO MOTION TO DISMISS
CONSOLIDATED AMENDED COMPLAINT

## A.   *Exhibits I-L, Q and Exhibits 4 and 5 are Properly Offered*

A district court can judicially notice SEC filings when considering a motion to dismiss. *See Metzler Inv. GMBH v. Corinthian Colls. Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008); *In re Regulus Therapeutics Inc. Sec. Litig.*, 406 F. Supp. 3d 845, 855 (S.D. Cal. 2019).   Exhibits I-L and Q are SEC Forms 4.   These are SEC filings and are properly offered for judicial notice.

Stock holdings and sales are disclosed to the public through Forms 4.   Thus, regardless, judicial notice is permissible and appropriate.   Whether or not the documents support the fact that the sales were nondiscretionary trades is immaterial to the admissibility of SEC filings as judicially noticeable.   Plaintiffs' authority to support the argument that exhibits in support of an affirmative defense cannot be considered does not involve a ruling on a request for judicial notice.   (see *In re UTStarcom, Inc., Sec. Litig.,* 617 F. Supp. 2d 964, 976 n.16 (N.D. Cal. 2009). Exhibits I through L, and Exhibit Q are matters of public record, as is their content. The Forms 4 are also incorporated by reference due to Plaintiffs' scienter allegations reliance on stock sales.

## B.   *Exhibits R&S are Relevant and Proper*

Plaintiffs allege that Defendants failed to disclose that the Company engaged in off-label marketing, specifically, promoting a product for atherectomy when it was not approved for atherectomy.   Thus, to claim that the submission of two definitions of atherectomy (in Exhibits R and S) is irrelevant fails.   This Court has held that it is appropriate to take judicial notice of dictionary definitions.   *E.g., Gonzalez v. Guzman*, No. 17-CV-241-GPC-BGS, 2017 U.S. Dist. LEXIS 188359, 2017 WL 5446087, at *3 n.4 (S.D. Cal. Nov. 14, 2017).

The definition of atherectomy is wholly relevant to Plaintiff's claims, and whether Ra Medical engaged in off-label marketing.   Further, the definition of atherectomy as a procedure to remove plaque from an artery is not subject to reasonable dispute.   The phrase "price protection" to describe the general practice

TENCERSHERMAN
ATTORNEYS AT LAW
SAN DIEGO

4

07-CV-01111-IEG(RBB)
REPLY ISO RJN ISO MOTION TO DISMISS
CONSOLIDATED AMENDED COMPLAINT

of secretly paying rebates to someone is much more broad than the specific name of a medical procedure. *See In re Baush & Lomb, Inc. Sec. Litig.,* 2003 WL 23101782, at *16 (W.D.N.Y. Mar. 28, 2003).

In *Rooney v. Cumberland Packing Corp.*, the Court accepted one definition of "raw sugar" that was not disputed. 2012 WL 151216, at *2 (S.D. Cal, 2012). Similarly, the parties in *Best Buy Stores,* disagreed about terms of a lease which is why the terms were disputed. Plaintiffs do not allege that they dispute the proposed definitions of the atherectomy surgical technique, rather only baselessly claim the definitions must be stricken. Exhibits R and S are properly submitted for judicial notice.

## C.   *Exhibit T is Proper for Consideration*

Plaintiffs only argument in support of excluding Exhibit T (the Company's Class 2 Device Recall Notice) is that it is not an SEC filing, and was listed with other exhibits that *are* SEC filings. This argument is offered both without authority and without merit. "'[A] court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment.'" *Orexigen*, 899 F.3d at 999 (quoting *Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001)). Rule 201 allows courts to take judicial notice of a fact if it is "not subject to reasonable dispute," which means that the fact is "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); see also *Orexigen*, 899 F.3d at 999.

Defendants properly identify a public website where the document is available (www.accessdata.fda.gov). Plaintiffs do not aruge the website or the Notice are inauthentic, unreliable, or inaccurate, or contest that it is a matter of public record. In fact, Plaintiffs' identify the publicly available web address where the document can be found and concede that Exhibit T is available on a publicly accessible website maintained by the FDA. (*Hansen Beverage Co. v. Innovation Ventures, LLC,* 2009 WL 6597891, at *2 (S.D. Cal. Dec. 23, 2009). Plaintiffs' only

TENCERSHERMAN
ATTORNEYS AT LAW
SAN DIEGO

5

07-CV-01111-IEG(RBB)
REPLY ISO RJN ISO MOTION TO DISMISS
CONSOLIDATED AMENDED COMPLAINT

argument is that Exhibit T was mischaracterized as an SEC filing – not that Exhibit T is not a matter of public record per Rule 201. This is not dispositive. Exhibit T is a matter of public record properly submitted for judicial notice.

## III.   CONCLUSION

Plaintiff's objections to the Individual Defendants' request for judicial notice are without merit. It is proper to take judicial notice of court filings, matters of public record, and dictionary definitions. Plaintiff's original and amended complaints, in addition to the exhibits attached to the Declaration of Lauren Bushman fall into those categories. For the foregoing reasons, the Individual Defendants respectfully request the Court take judicial notice of each and every exhibit attached to the Declaration of Lauren Bushman and reject Plaintiffs' Objections to the Request for Judicial Notice in its entirety.

DATED: May 27, 2020

TENCERSHERMAN LLP

By: _____

PHILIP C. TENCER
Attorneys for the Defendants *Dean Irwin, Melissa Burstein and Martin Burstein*

TENCERSHERMAN
ATTORNEYS AT LAW
SAN DIEGO

6

07-CV-01111-IEG(RBB)
REPLY ISO RJN ISO MOTION TO DISMISS
CONSOLIDATED AMENDED COMPLAINT