Gregory L. Watts, State Bar No. 197126
Stephanie L. Jensen, WSBA No. 42042 (*pro hac vice*)
**WILSON SONSINI GOODRICH & ROSATI, P.C.**
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone:  (206) 883-2500
Facsimile:   (206) 883-2699
gwatts@wsgr.com
sjensen@wsgr.com

*Counsel for Defendants Ra Medical Systems, Inc., Andrew Jackson, Richard Heymann, Maurice Buchbinder, Martin Colombatto, Richard Mejia, Jr., Mark E. Saad, and William Enquist, Jr.*

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERVIN DERR, Individually and on Behalf of all Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>RA MEDICAL SYSTEMS, INC., DEAN IRWIN, ANDREW JACKSON, MELISSA BURSTEIN, MARTIN BURSTEIN, RICHARD HEYMANN, MAURICE BUCHBINDER, MARTIN COLOMBATTO, RICHARD MEJIA, JR., PIPER JAFFREY & CO., CANTOR FITZGERALD & CO., SUNTRUST ROBINSON HUMPHREY, INC., NOMURA SECURITIES INT'L, INC., and MAXIM GROUP, LLC,<br><br>Defendants. | Case No.:  3:19-cv-1079-LAB-AHG<br><br>**THE RA MEDICAL DEFENDANTS' OPPOSITION TO PLAINTIFFS' *EX PARTE* APPLICATION TO FILE SUR-REPLY IN CONNECTION WITH MOTION TO DISMISS**<br><br>CLASS ACTION |

3:19-cv-1079-LAB-AHG

THE RA MEDICAL DEFENDANTS' OPPOSITION TO PLAINTIFFS' *EX PARTE* APPLICATION

Plaintiffs claim they should be allowed to engage in the highly disfavored practice of submitting a sur-reply because Defendants purportedly raised arguments for the first time in their respective replies. Plaintiffs are incorrect: nothing new was raised. And, regardless, Plaintiffs violated this Court's meet-and-confer requirement, which alone justifies denial of the *ex parte* application. The Court should reject Plaintiffs' application because the proposed sur-reply is nothing but an attempt to get the last word by seeking to continue arguments Plaintiffs already raised, or could have raised, in their opposition.

## I.    PLAINTIFFS FAILED TO COMPLY WITH THIS COURT'S MEET-AND-CONFER REQUIREMENT

Rule 5 of this Court's Standing Order in Civil Cases requires that "[b]efore submitting an *ex parte* application, counsel for the moving party must meet and confer with opposing counsel to attempt to informally resolve the issue" and the application "must be supported by a declaration certifying that the parties have met and conferred[.]" Civ. Standing Order Rule 5 (emphasis added). Plaintiffs failed both of these requirements.

On June 22, 2020, Plaintiffs' counsel sent an email to "inform" counsel that they intended to file an *ex parte* application seeking leave to file a sur-reply. *See* Jensen Decl., Exhibit A. The email did not contain any detail as to the substance of the underlying application, nor did it seek to meet-and-confer on the issue. Accordingly, it is not surprising that Plaintiffs' counsel's declaration does not state—let alone certify—that the parties met and conferred. Plaintiffs' application should be denied on this basis alone. *See, e.g.*, *Anoruo v. McDonald*, 670 F. App'x 571, 572 (9th Cir. 2016) (affirming court's striking of sur-reply not filed "in accordance with the local rules").

## II.    NO NEW ARGUMENTS WERE RAISED IN THE REPLIES

In any event, courts throughout the Ninth Circuit "thoroughly disfavor requests to file sur-replies" where the movant, as here, so clearly is "attempt[ing] to have the last word on [the] issue." *Whitewater W. Indus., Ltd. v. Pac. Surf Designs, Inc.*, No. 317CV01118BENBLM, 2018 WL 3198800, at *1 (S.D. Cal. June 26, 2018). As Plaintiffs' own authority makes clear, the Court's "discretion should be exercised in favor of allowing

1

3:19-cv-1079-LAB-AHG

THE RA MEDICAL DEFENDANTS' OPPOSITION TO PLAINTIFFS' *EX PARTE* MOTION

a sur-reply *only* where a valid reason for such additional briefing exists" and "generally will not permit such additional briefing absent good cause." *Johnson v. Wennes*, No. 08CV1798-L(JMA), 2009 WL 1161620, at *2 (S.D. Cal. Apr. 28, 2009) (emphasis added). Good cause is found where new, material issues or arguments are raised in reply "that necessitate[] further argument." *Finley v. Fax*, 683 F. App'x 630, 631 (9th Cir. 2017) (affirming district court's denial of request for leave to file a sur-reply). Plaintiffs have not shown good cause here.

**Section 11 Standing.** Plaintiffs "seek leave to clarify why the FAC sufficiently alleges standing for the Section 11 claims." Application at 1. In the proposed sur-reply, Plaintiffs "clarify" simply by doubling-down on the same argument they made in their opposition: rather than holding Plaintiffs to their burden of pleading traceability, the Court should flip the script and instead make Defendants disprove with evidence Plaintiffs' traceability. This does not constitute good cause to file a sur-reply for two reasons.

*First*, Plaintiffs are wrong on the law. Plaintiffs have the burden to plead and prove Section 11 standing. *See* MTD (ECF No. 30) at 6-10 (citing authority); Reply (ECF No. 37) at 3-4 (citing authority). Defendants are not required to disprove it. In both their opposition and their proposed sur-reply, Plaintiffs ask the Court to presume their shares are traceable to the IPO registration statement based on nothing more than their say-so and expect Defendants to rebut this presumption in a Rule 12(b)(6) motion to dismiss with evidence proving that Plaintiffs' shares are not traceable to the IPO registration statement. *See* Opp. (ECF No. 35) at 11-12; *see also* Proposed Sur-Reply at 1. Plaintiffs' argument presents a Catch-22. According to Plaintiffs, if Defendants do not present evidence in connection with their Rule 12(b)(6) motion to dismiss proving that unregistered shares entered the market, the Court should infer that unregistered shares did not enter the market and that Plaintiffs' shares are traceable to the IPO registration statement. *See* Proposed Sur-Reply at 2-3. If Defendants did present such evidence, they would improperly exceed the limits of Rule 12(b)(6) motions and violate *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 988 (9th Cir. 2018), requiring the Court to either ignore the evidence or deny the

2

THE RA MEDICAL DEFENDANTS' OPPOSITION TO PLAINTIFFS' *EX PARTE* APPLICATION

motion to dismiss and convert it to a motion for summary judgment. *See* Opp. at 12; Sur-Reply at 4. This "heads I win/tails you lose" paradigm would guarantee that no Section 11 claim could ever be dismissed on a Rule 12(b)(6) motion. This is not the law. *See* MTD at 6-10 (citing cases granting Rule 12(b)(6) motions to dismiss Section 11 claims for a failure to plead traceability); Reply at 1-4 (same); *see also Johnson*, 2009 WL 1161620, at *2 ("a motion to dismiss does not examine whether evidence supports plaintiff's allegations but rather considers whether the complaint alleges a legally cognizable claim. If a claim is not legally cognizable, there will be no evidence sufficient to save the allegations").

*Second*, Plaintiffs <u>already made</u> this argument. *See* Opp. at 10-11 & n.5. Indeed, Plaintiffs fail to identify anything "novel" in the replies that they did not have an opportunity to address in their opposition. For example, Plaintiffs' proposed sur-reply now attempts to distinguish *Lilley v. Charren*, but Defendants relied on this case in both their moving brief and reply. *See* MTD at 10; Reply at 4 n.3. Plaintiffs even cited *Lilley* before, in passing, but now seek to expound upon their argument. *See* Opp. at 11. Plaintiffs' sur-reply is littered with other attempted distinctions of Defendants' cases from their moving brief that could have been included in their Opposition—but was not. This Court should not countenance Plaintiffs' effort to have another bite at the apple, when they were on notice of this case authority since Defendants' moving brief. *See Baxter Bailey & Assocs. v. Ready Pac Foods, Inc.*, No. CV 18-8246 AB (GJSX), 2020 WL 3107889, at *1 (C.D. Cal. Feb. 14, 2020) (denying motion for leave to file a sur-reply where "Defendants' Reply did not raise new arguments that it did not raise in its initial brief" and "Defendants' Reply raises no new legal issues and cites no new law," and "Plaintiff was not faced with arguments to which it had no opportunity to respond").

*Third*, Plaintiffs point to footnote 2 in the Ra Medical Defendants' reply brief as justification for their sur-reply. *See* Proposed Sur-Reply at 3; Reply at 2 n.2. That footnote merely responded to Plaintiffs incorrect legal argument in their opposition that an absence of SEC Forms 144 being filed before Plaintiffs' purchases showed the traceability of Plaintiffs' shares. *See* Opp. at 11 n.5. Responding to an argument in Plaintiffs' opposition

3

by correcting Plaintiffs' misstatement of law does not justify a sur-reply. *See, e.g.*, *Appel v. Concierge Auctions, LLC*, No. 17-CV-02263-BAS-MDD, 2018 WL 1773479, at *2 (S.D. Cal. Apr. 13, 2018), *reconsideration denied*, (S.D. Cal. Oct. 1, 2018) (denying motion for leave to file a sur-reply where the allegedly "new" arguments were "responses to arguments raised in Plaintiff's opposition"); *Whitewater*, 2018 WL 3198800, at *1 (rejecting motion to file sur-reply where non-movant did not "present new argument[s], but rather provide[d] a counter response to [Plaintiffs'] allegations"). Indeed, it would reward Plaintiffs for making such a misstatement and punish Defendants for correcting it.

**Exhibit T.** Plaintiffs claim their sur-reply is needed with respect to Exhibit T to point out that Exhibit T was not an SEC filing and to instruct the Court how to apply judicial notice procedures. *See* Application at 2; *see also* Proposed Sur-Reply at 4-5. Respectfully, this Court is fully capable of reviewing Exhibit T and making its own determination regarding its weight. *See, e.g.*, *Nat'l Cas. Co. v. Nat'l Strength & Conditioning Ass'n*, No. 18-CV-1292 JLS (KSC), 2020 WL 2991508, at *1 (S.D. Cal. June 4, 2020) (denying *ex parte* application to file a sur-reply where party simply "made an error" and holding "[t]o the extent they are material, the Court is capable of reviewing" certain exhibits).

Additionally, Plaintiffs concede that Exhibit T was part of the Irwin Defendants' moving brief. Plaintiffs had ample opportunity to make their arguments in opposition to the Irwin Defendants' request for judicial notice of Exhibit T, which they did. *See* Opp. to RJN (ECF No. 36) at 4 (conveying that Exhibit T is not an SEC filing and addressing noticeability of Exhibit T); *see also id.* at 2-3 (regarding use of judicially noticeable documents). But Plaintiffs' argument revolved around that miscategorization and they do not now have the ability to raise a new argument altogether themselves. Indeed, Plaintiffs' proposed sur-reply confirms Defendants' stated concern—*i.e.*, that Plaintiffs want to cherry-pick what should and should not be relied on by the Court for "the truth of the matter asserted" in the exact same document. *See* RJN Reply (ECF No. 38) at 2-3; *see also* Proposed Sur-Reply at 4-5. The Court should not permit Plaintiffs to simultaneously use *Orexigen* as both a sword and shield. Plaintiffs' Application should be denied.

Dated: June 25, 2020

**WILSON SONSINI GOODRICH & ROSATI, P.C.**

/s/ Gregory L. Watts

Gregory L. Watts, State Bar No. 197126
Stephanie L. Jensen, WSBA No. 42042 (*pro hac vice*)
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone:  (206) 883-2500
Facsimile:  (206) 883-2699
Email:  gwatts@wsgr.com
Email:  sjensen@wsgr.com

*Counsel for Defendants Ra Medical Systems, Inc., Andrew Jackson, Richard Heymann, Maurice Buchbinder, Martin Colombatto, Richard Mejia, Jr., Mark E. Saad, and William Enquist, Jr.*

3:19-cv-1079-LAB-AHG

THE RA MEDICAL DEFENDANTS' OPPOSITION TO PLAINTIFFS' *EX PARTE* APPLICATION