Robert V. Prongay (SBN 270796)
Pavithra Rajesh (SBN 323055)
GLANCY PRONGAY & MURRAY LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone:(310) 201-9150
Facsimile: (310) 201-9160
Email: rprongay@glancylaw.com
Email: prajesh@glancylaw.com

*Counsel for Lead Plaintiff Ervin Derr and
Peter Shoemaker and Lead Counsel for the
Class*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERVIN DERR and PETER SHOEMAKER, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> RA MEDICAL SYSTEMS, INC., DEAN IRWIN, ANDREW JACKSON, MELISSA BURSTEIN, MARTIN BURSTEIN, RICHARD HEYMANN, MAURICE BUCHBINDER, MARTIN COLOMBATTO, RICHARD MEJIA, JR., PIPER JAFFRAY & CO., CANTOR FITZGERALD & CO., SUNTRUST ROBINSON HUMPHREY, INC., NOMURA SECURITIES INTERNATIONAL, INC., and MAXIM GROUP LLC, <br><br> Defendants. | Case No. 3:19-cv-01079-LAB-AHG <br><br> **LEAD PLAINTIFF'S NOTICE OF RELATED ACTION OR PROCEEDING** <br><br> The Hon. Larry Alan Burns |

---

Pursuant to Civil Local Rule 40.1, Lead Plaintiffs Ervin Derr and Peter Shoemaker hereby give notice of an action in the Eastern District of Michigan (the "Michigan Action"), which is potentially related to the above-captioned action (the "Action"). *See* Exhibit 1, attached hereto.

## I.   INTRODUCTION

Civil Local Rule 40.1 provides that counsel must promptly notify the Court "[w]henever counsel has reason to believe that a pending action" is related to another proceeding "in this or any other federal or state court (whether pending, dismissed, or otherwise terminated)." Civ. L.R. 40.1(f).

Lead Plaintiffs file this notice to inform the Court of the announcement by Defendant Ra Medical Systems, Inc. ("Ra Medical" or the "Company") that discloses the existence and resolution of the Michigan Action, a civil action brought by a former Ra Medical employee on behalf of the government. *See* Exhibit 1. Despite best efforts, Lead Plaintiffs were not able to locate a copy of the complaint, and thus believe it is under seal and are unable to provide the title, number and filing date of the action as required by Civil Local Rule 40.1. According to the publicly available information and the Michigan Action's apparent relationship to the pending investigation by the U.S. Department of Justice ("DOJ"), Lead Plaintiffs believe the Michigan action may be related to this Action and thus notify the Court to ensure they comply with Civil Local Rule 40.1.

Specifically, Ra Medical announced that it resolved allegations that it engaged in off-label marketing of DABRA[1] and that it violated federal anti-kickback statute between May 1, 2017 and October 31, 2019, which overlaps with the allegations in

---

[1] The Company's DABRA laser system and catheter are approved by the U.S. Food and Drug Administration ("FDA") for a limited indication: for crossing chronic total occlusions in patients with symptomatic infrainguinal lower extremity vascular disease and with an intended use in ablating a channel in a form of peripheral artery disease. *See* Dkt. No. 21, ¶¶ 71-72.

1

Notice of Related Action or Proceeding                    Case No. 19cv01079

the Action that Defendants[2] issued materially misleading misstatements or omissions (i) in connection with the Company's September 2018 initial public offering ("IPO") and (ii) between September 27, 2018 and November 27, 2019, inclusive (the "Class Period").

## II.    OVERVIEW OF RELATED CLAIMS

On January 4, 2021, Ra Medical announced that it had entered into a settlement agreement to resolve the pending DOJ investigation and the related Michigan Action regarding the Company's marketing of the DABRA laser system, improper payments to certain physicians, and undisclosed product defects. *See* Exhibit 1.

The federal government and certain states allege that "from May 1, 2017 through October 31, 2019, the Company (a) paid illegal renumeration to certain physicians to induce them to use the DABRA laser system in violation of the federal anti-kickback statute . . . ." *Id.* They also allege that the Company "marketed the DABRA laser system for off-label use in atherectomy procedures despite product performance issues causing calibration and overheating problems, which posed a risk to physicians and patients." *Id.* The former employee further alleges that Ra Medical violated the False Claims Act and certain state false claims acts "by paying kickbacks to certain physicians in order to induce them to use the DABRA laser system, promoting off-label use of the DABRA laser system, failing to report adverse events to the [FDA], marketing a device that does not work as advertised, and failing to adhere to Current Good Manufacturing Practices." *Id.*

In the course of searching for details about the potentially related Michigan Action, Lead Plaintiffs encountered a whistleblower retaliation action against the Company. *See* Exhibits 2 and 3 (*Oliveri* Complaints). The former Ra Medical

---

[2] Defendants are Ra Medical, Dean Irwin, Melissa Burstein, Martin Burstein, Andrew Jackson, Richard Heymann, Maurice Buchbinder, Martin Colombatto, Richard Mejia, Jr., Mark E. Saad, and William Enquist Jr.

2

Notice of Related Action or Proceeding                              Case No. 19cv01079

employee, David Oliveri, alleges that his employment was terminated days after sending written complaints to the Company's management, including Melissa Burstein, a defendant in the above-captioned action, highlighting concerns that "DABRA was not indicated for atherectomy and that he did not feel comfortable promoting the device the way RA Medical was instructing him to do so as he believed it to be illegal." *See* Exhibit 2, ¶ 27. Mr. Oliveri alleges that on September 17, 2018, he attended a training during which defendant Burstein stated that the Company had received "a 'gentle reminder' from the FDA not to market DABRA as an atherectomy system' because that was not the approved indication for the product." *Id.* at ¶ 18. However, "Ms. B[ur]stein still ordered the sales representatives to 'stay on message' and advise their accounts to bill the DABRA account as an atherectomy system." *Id.* at ¶ 19.

**III.  THE FACTS UNDERLYING THE RELATED CLAIMS ARE DIRECTLY RELATED TO AND SUPPORT LEAD PLAINTIFFS' ALLEGATIONS**

Among other things, Lead Plaintiffs allege that Defendants failed to disclose that DABRA faced calibration issues that led to inconsistent performance and caused the product to overheat. *See* Dkt. No. 21 (the "Amended Complaint" or "Am. Compl.") at ¶¶ 97-98, 160-66. They failed to disclose that Ra Medical marketed DABRA as an atherectomy device, even though it was not approved for such a broad indication (i.e., that the Company engaged in off-label marketing). *See, e.g.*, *id.* at ¶¶ 99, 169-177. They also failed to disclose that Ra Medical made improper payments to physicians. *E.g. id* at ¶ 100.

The related claims and allegations underscore that that these issues existed at the time of the IPO but were undisclosed. Defendants argue in their motions to dismiss that the "calibration issue" was not alleged to have existed at the time of the IPO completed in September 2018. *See* Dkt. No. 29-1 ("Irwin Br.") at 14; Dkt. No. 30 ("RMED Br.") at 15-16. But, in addition to the facts alleged in the Amended Complaint, including a Recall Notice admitting that DABRA "did not calibrate" since

3

February 2018, the Michigan Action alleges that from "May 1, 2017 through October 31, 2019" (i.e., including at the time of the IPO), the Company marketed DABRA "despite product performance issues causing calibration and overheating problems." *See* Exhibit 1; *see also* Dkt. No. 35 ("Opp. to MTD") at 13-15.

The Michigan Action alleges that during the same period (again, including at the time of the IPO), Ra Medical "marketed the DABRA laser system for off-label use in atherectomy procedures," thus disputing Defendants' contention that the Company was operating within relevant laws and regulations. RMED Br. at 19; Irwin Br. at 18. In fact, as stated in the Amended Complaint and as Mr. Oliveri similarly alleges, the Company was informed by the FDA that DABRA should not be marketed for atherectomy, yet Ra Medical instructed its sales representatives to "stay on message" and characterize DABRA as an atherectomy device. *See* Exhibit 2; Am. Compl. at ¶ 105 (Company instructed by FDA in September 2018 not to mention atherectomy in marketing materials); ¶ 144 (Company's admission that its "salespeople were instructed to characterize DABRA as performing atherectomy and to encourage doctors to seek reimbursement using atherectomy codes")); Opp to MTD at 15-18. Ra Medical has also admitted that it made payments to physicians to induce sales or gain a special advantage, which violates anti-kickback statutes, just as the Michigan Action alleges; this, however, was not disclosed in the IPO materials or during the Class Period. *See* Exhibit 1; Am. Compl. at ¶¶ 106-07; 157.

Therefore, Ra Medical's announcement appears to indicate that the Michigan Action is related to this Action. If the Michigan Action is unsealed or further details emerge, Lead Plaintiffs' perspective of the potential relationship to this Action is subject to change.

## IV.   FORMAL COORDINATION BETWEEN THE ACTIONS IS NOT WARRANTED

Lead Plaintiffs believe based on the information available to them at this time that formal coordination between the actions is not warranted. Any informal

4

Notice of Related Action or Proceeding                    Case No. 19cv01079

coordination of discovery can proceed only after the Court's ruling on the pending motions to dismiss pursuant to the statutory discovery stay in this action. *See* 15 U.S.C. § 78u-4(b)(3)(B) (staying discovery in securities actions until after the disposition of a motion to dismiss).

## V.   CONCLUSION

For the foregoing reasons, Lead Plaintiff believes the Michigan Action is related to this Action.

DATED:  January 12, 2021                    Respectfully submitted,

**GLANCY PRONGAY & MURRAY LLP**

By:  */s/ Robert V. Prongay*

Robert V. Prongay
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile:  (310) 201-9160
Email: rprongay@glancylaw.com
Email: prajesh@glancylaw.com

*Counsel for Lead Plaintiff Ervin Derr and Peter Shoemaker and Lead Counsel for the Class*

**LAW OFFICES OF HOWARD G. SMITH**
Howard G. Smith
3070 Bristol Pike, Suite 112
Bensalem, PA 19020
Telephone: (215) 638-4847
Facsimile: (215) 638-4867

*Additional Counsel*

5

**PROOF OF SERVICE BY ELECTRONIC POSTING**

I, the undersigned, say:

I am not a party to the above case and am over eighteen years old. On January 12, 2021, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Southern District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on January 12, 2021, at Los Angeles, California.

  *s/Robert V. Prongay*
Robert V. Prongay