# EXHIBIT 2

**WORKPLACE JUSTICE ADVOCATES, PLC**
Tamara S. Freeze, California Bar No. 239037
tf@workplacejustice.com
Shirin Forootan, California Bar No. 260390
sf@workplacejustice.com
400 Spectrum Center Drive, Suite 560
Irvine, California 92618
Telephone: (949) 378-9794
Fax: (949) 266-9388

Attorneys for Plaintiff,
DAVID OLIVERI

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**08/15/2019** at 05:23:46 PM

Clerk of the Superior Court
By Michael Clemens, Deputy Clerk

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO– UNLIMITED CIVIL

| | |
|---|---|
| DAVID OLIVERI, an individual,<br><br>   Plaintiff,<br><br>   vs.<br><br>RA MEDICAL SYSTEMS, INC., a Delaware Corporation, and DOES 1 through 50, inclusive,<br><br>   Defendants. | Case No.  37-2019-00043227-CU-WT-NC<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. WHISTLEBLOWER RETALIATION [Cal. Lab. Code § 1102.5]<br>2. VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200 et seq<br><br>**DEMAND FOR JURY TRIAL** |

- 1 -      COMPLAINT FOR DAMAGES

**PARTIES**

1.    Plaintiff DAVID OLIVERI (hereinafter "Mr. Oliveri," "Oliveri," or "Plaintiff") is, and at all times mentioned herein was an employee of RA MEDICAL SYSTEMS, INC. (hereinafter "Ra Medical," or "Defendant"). Defendant employed Plaintiff from about September 12, 2018 until on or about January 10, 2019.  At all times during his employment, Plaintiff was fully qualified for his position and was performing his job duties well.

2.    Plaintiff alleges on information and belief that Defendant RA MEDICAL is a Corporation with its corporate headquarters located in the State of California, County of San Diego at 2070 Las Palmas Drive, Carlsbad, California 92011.

3.    Plaintiff further alleges on information and belief that at all times mentioned herein, RA MEDICAL'S business activities in the State of California were significant and that a substantial predominance, if not all, of their business activity is conducted in California, County of San Diego.  As such, RA MEDICAL is a citizen of California, County of San Diego.

4.    Plaintiff alleges on information and belief that defendants Does 1 through 20 were and are corporations or other business entities, which were authorized to and did business in San Diego County, California.  Plaintiff further alleges on information and belief that at all times mentioned herein, Defendants Does 1 through 20's business activities in the State of California were and are substantially greater than their business activities in any other state or country, and that a substantial predominance of their business activity is conducted in California.  As such, Defendants Does 1 through 20 are citizens of California.

5.    Plaintiff alleges on information and belief that defendants Does 21 through 50 were and are individuals who at all relevant times herein were and are employees, managers, supervisors, managing agents or officers of Defendant RA MEDICAL, having the actual or apparent authority to participate in or recommend decisions affecting the Plaintiff's job benefits and employment status. Plaintiff further alleges that at all times herein mentioned, defendants Does 21 through 50, were in the chain of command over the Plaintiff and had sufficient actual or reasonably perceived power or control or direction in the work environment of the Plaintiff so as to significantly affect Plaintiff's

WORKPLACE JUSTICE ADVOCATES
PROFESIONAL LAW CORPORATION
4OO SPECTRUM CENTER DRIVE - SUITE 560
IRVINE, CA 92618 • (949) 378-9794

- 2 -    COMPLAINT FOR DAMAGES

employment status.

6.    Plaintiff is ignorant of the true names and capacities of defendants sued herein as Does 1 through 50, inclusive, and therefore sues these defendants by such fictitious names.  Plaintiff will amend this Complaint to allege their true names and capacities when the names are ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants are responsible in some manner for the occurrences, discriminatory and wrongful acts alleged herein, and that Plaintiff's damages alleged herein were proximately caused by these defendants.  The term "Defendants" herein includes Doe defendants.

7.    Plaintiff is informed and believes and thereon alleges that, each of the defendants, including the fictitiously named defendants, was the agent and employee of each of the remaining defendants, and in doing some of the things hereinafter alleged, was acting within the scope and course of such agency.  Plaintiff further alleges that the acts and conduct of said defendants, as hereinafter alleged, were intentional, harassing and/or retaliatory.

8.    Plaintiff is informed and believes and thereon alleges that at all relevant times herein, Defendants and Does 1 through 20, were the agents, employees, and/or joint ventures of, or working in concert with the other defendants, and were acting within the course and scope of such agency, employment, joint venture and/or concerted activity.  To the extent that said conduct and omission were perpetrated by Defendants and their agents, Defendants confirmed and ratified said conduct and omissions.

9.    At all times mentioned herein, Defendants RA MEDICAL, and Does 1 through 20, and each of them, were the agents, servants, and alter-egos of each other, and as such, the acts of one defendant are considered the acts of all defendants.  Plaintiff is informed and believes, and thereon alleges, that there is such unity of interests and ownership between these defendants that separate status no longer exists and, further, observance of the fiction of separate existence among these defendants would sanction fraud and promote injustice.

10.    At all times mentioned herein, Defendants Does 21 through 50, and each of them, were the individuals, agents, servants, persons unknown to Plaintiff at this time, but known to Defendants.

COMPLAINT FOR DAMAGES

WORKPLACE JUSTICE ADVOCATES
PROFESIONAL LAW CORPORATION
400 SPECTRUM CENTER DRIVE.- SUITE 560
IRVINE, CA 92618 • (949) 378-9794

Plaintiff is informed and believes that Does 21 through 50 are individuals who at all relevant times herein were and are employees, managers, supervisors, managing agents, or officers of Defendants.

11.     Whenever and wherever reference is made in this Complaint to any act by a defendant or defendants, such allegations and references shall also be deemed to mean the acts and failures to act of each defendant acting individually, jointly, and severally.

12.     Whenever and wherever reference is made to individuals who are not named as Plaintiff or Defendant in this Complaint but were agents, servants, employees and/or supervisors of Defendants, such individuals at all relevant times acted on behalf of Defendants within the scope of their employment.

## VENUE AND JURISDICTION

13.     This Court has proper jurisdiction over this action.

14.     Plaintiff is informed and believes that Defendants, at all relevant times mentioned herein, and were and currently are licensed to do business in California and were and currently are conducting business throughout California, in San Diego County.

15.     Plaintiff alleges on information and belief that Does 1 through 20 were and are corporations or other business entities, which were authorized to and did business in San Diego County, California.  Plaintiff is informed and believes that Does 21 through 50 are individuals who at all relevant times herein were and are employees, managers, supervisors, managing agents, or officers of Defendants.

16.     The amount in controversy herein is within the jurisdiction of this Court.

## FACTUAL ALLEGATIONS

17.     In September 2018, Plaintiff was hired by Defendant, RA MEDICAL, as a Sales Representative.

18.     On September 17, 2018, a few days after he began employment, Plaintiff was asked to attend training for RA new sales representatives. During the training, one of Defendant's

WORKPLACE JUSTICE ADVOCATES
PROFESIONAL LAW CORPORATION
4OO SPECTRUM CENTER DRIVE.- SUITE 560
IRVINE, CA 92618 • (949) 378-9794

Managing Agents, Melissa Bernstein ("Bernstein") discussed a recent call RA MEDICAL had received from the FDA. Ms. Bernstein alerted the team that RA Medical had just received a "gentle reminder" from the FDA not to market DABRA as an "atherectomy system" because that was not the approved indication for the product. Ms. Bernstein noted that RA MEDICAL had assured the FDA that they would comply with their guidance and NOT market DABRA as an atherectomy system.

19. After disclosing the FDA's warning to the team, Ms. Bernstein still ordered the sales representatives to "stay on message" and advise their accounts to bill the DABRA product as an atherectomy system. Further, Ms. Bernstein asked the sales representatives to be careful with the information they put in writing but to continue to market the DABRA product as an atherectomy device.

20. Throughout fall of 2018, Plaintiff became concerned that RA Medical was engaging in illegal off-label marketing of the DABRA device and also worried that the company was intentionally misleading medical professionals.

21. In November 2018, some of Plaintiff's clients, practicing physicians, voiced concerns over proper billing for the DABRA device and asked for clarification on the appropriate billing codes. Plaintiff brought up his client's concerns to upper management, specifically, his manager, James Chung ("Chung") and RA Medical's VP of Sales, Kevin Gertsman ("Gertsman"), who instructed Plaintiff to reassure his clients that they would be able to receive "atherectomy" reimbursements for using the DABRA device.

22. Plaintiff informed management that he was not comfortable discussing reimbursements and billing for the DABRA device with his clients since the product was not indicated for atherectomy. Defendant's Managing Agents repeatedly told Plaintiff not to worry and encouraged Plaintiff to continue to provide clients with atherectomy codes.

23. Plaintiff's clients, however, were still confused over proper billing of the DABRA device. In December 2018, some clients alerted Plaintiff that RA Medical's Reimbursement Specialist had not reached out to them to clarify the billing issues. Plaintiff again escalated his

WORKPLACE JUSTICE ADVOCATES
PROFESIONAL LAW CORPORATION
4OO SPECTRUM CENTER DRIVE.- SUITE 560
IRVINE, CA 92618 • (949) 378-9794

- 5 -    COMPLAINT FOR DAMAGES

client's concerns regarding the reimbursements to Mr. Gertsman during a visit to one of Plaintiff's customer's labs. Plaintiff was again instructed to tell his clients to use the atherectomy codes and that it "will all be okay."

24.     On or around December 5, 2018, Plaintiff spoke to his direct supervisor, James Chung, about his concerns with the DABRA device. Plaintiff noted concerns regarding the marketing of the DABRA system.  Mr. Chung assured Plaintiff that there was no need for concern and that the reimbursement issue would be sorted out.

25.     On or around December 14, 2018 Mr. Chung reached out to Plaintiff and informed him that Defendant's had hired a new Reimbursement Specialist. Mr. Chung told Plaintiff that he wanted to notify him of the hiring since he (Plaintiff) had been the "loudest voice of concern" about the reimbursement issues with the DABRA Laser. Mr. Chung reiterated that the reimbursement issues had been resolved and encouraged Plaintiff to promote the DABRA device with the atherectomy billing codes.

26.     Mr. Oliveri was very concerned that RA Medical was engaging in illegal off-label marketing of the DABRA device. Because of his concerns of illegal practices, Plaintiff did not feel comfortable advertising the DABRA system for atherectomy use when it did not have an atherectomy indication. Plaintiff felt uneasy encouraging his concerned clients to bill the DABRA device using atherectomy billing codes.

27.     On December 27, 2018, Plaintiff sent a written complaint via email to RA Medical's upper management, namely, Ms. Bernstein and David Gertsman. In his letter, Plaintiff repeated his concerns with the off-label marketing of the DABRA device and requested guidance on how to improve his sales without violating FDA marketing regulations and anti-kickback laws. Plaintiff asserted that he wanted to be compliant with federal regulations and felt that RA Medical's marketing of the DABRA system was violating these laws. Plaintiff highlighted that DABRA was not indicated for atherectomy and that he did not feel comfortable promoting the device the way RA Medical was instructing him to do so as he believed it to be illegal. Plaintiff was highly worried that RA Medical was mandating sales representatives to illegally promote the DABRA system.  Further,

WORKPLACE JUSTICE ADVOCATES
PROFESIONAL LAW CORPORATION
400 SPECTRUM CENTER DRIVE.- SUITE 560
IRVINE, CA 92618 •  (949) 378-9794

Plaintiff noted that he had expressed his concerns multiple times to several of Defendant's Managing Agents but that he was never given a straight answer. Plaintiff specifically stated that RA Medical's practice was "in violation of state and federal laws, such as False Claims Act, Anti-Kickback statute and FDA laws." Plaintiff continued to complain in writing on January 8, 2019 to RA Medical's counsel, Daniel Horwood.

28.     Defendants immediately retaliated against Plaintiff for his complaints. On or around January 10, 2019, *only two days* after Plaintiff voiced his repeated complaint to RA Medical's counsel, RA Medical notified Plaintiff that he was being terminated via email. In their termination email, RA Medical claimed that Plaintiff was refusing to sell the DABRA system consistent with the company's sales strategy, which Plaintiff believed to be illegal.

29.     Plaintiff termination was clear retaliation for voicing his concerns about off-label marketing. Plaintiff had repeatedly alerted management of his concerns with their illegal marketing practices specifically, RA Medical's instructions to sell the DABRA device with atherectomy billing codes. Plaintiff noted multiple times that instructing medical professionals to bill for atherectomy when using the DABRA device was misleading since it implied that the device was indicated for atherectomy which it is not. Despite all of this information, RA Medical insisted that Plaintiff had inconsistent with RA Medical's policy and sales strategy and unjustly terminated his employment.

**FIRST CAUSE OF ACTION**

**WHISTLEBLOWER RETALIATION**

(Individual and Representative Claim for Violation of California Labor Code §1102.5)

(By Plaintiff Against Defendants RA MEDICAL and Does 1 through 20)

30.     Plaintiff repeats and re-alleges the allegations set forth above, and incorporates the same by reference as though fully set forth herein.

31.     California Labor Code § 1102.5(b) provides that "[a]n employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a

WORKPLACE JUSTICE ADVOCATES
PROFESIONAL LAW CORPORATION
4OO SPECTRUM CENTER DRIVE·- SUITE 560
IRVINE, CA 92618 •  (949) 378-9794

- 7 -     COMPLAINT FOR DAMAGES

WORKPLACE JUSTICE ADVOCATES
PROFESIONAL LAW CORPORATION
4OO SPECTRUM CENTER DRIVE.- SUITE 560
IRVINE, CA 92618 • (949) 378-9794

government or law enforcement agency, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, or for providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties."

32.     As alleged above, PLAINTIFF reported serious violations of state and federal laws to his superiors and other officers and directors of Defendants who had authority to investigate and correct noncompliant practices. PLAINTIFF had reasonable cause to believe that the information provided to Defendants disclosed a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation.

33.     Nothing was done by Defendants to remedy the violations, therefore PLAINTIFF continued to inform other officers and directors of Defendants in order to have the issues redressed.

34.     Additionally, PLAINTIFF'S refusal to remain silent about such unlawful marketing practices also constitutes his refusal to participate in the alleged illegality.  PLAINTIFF'S refusal to participate in the alleged illegality is considered an exercise of protected activity under California Labor Code §1102.5(c).  Plaintiff reasonably believed that his participation in continuing to market DABRA as instructed by Defendants would result in a violation of a state or federal statute (illegal off-label marketing practices, False Claims Act, Anti-Kickback laws and Federal Drug Administration ("FDA") violations) or in a violation of a local, state, and federal rule or regulation. PLAINTIFF further alleges, therefore, that his termination was in contravention of the provisions set forth in California Labor Code §1102.5(c), because his termination was in close temporal proximity to his exercise of such protected activity.

35.     After PLAINTIFF'S complaints to Defendants and refusal to participate in illegal activity, Defendants retaliated against Plaintiff by terminating his employment.

36.     PLAINTIFF alleges that Defendants and Does 1 through 20, inclusive terminated his

employment in retaliation for reporting and/or refusal to participate in the illegal off-label marketing practices, False Claims Act, Anti-Kickback laws and Federal Drug Administration ("FDA") violations.

37. PLAINTIFF'S activity protected by Section 1102.5 of the Labor Code was a contributing factor in the retaliation of Defendants and Does 1 through 20, inclusive against Plaintiff as described in this complaint.

38. As a result of the foregoing conduct, PLAINTIFF has suffered special and general damages in an amount in excess of the minimum jurisdiction of this court, the precise amount to be proven at trial.

39. As a proximate result of Defendant's conduct, PLAINTIFF has suffered and continues to suffer substantial losses in earnings and other employment benefits according to proof.

40. As a further proximate result of Defendant's conduct PLAINTIFF has suffered and continues to suffer humiliation, emotional distress, mental pain and anguish all to his damages in a sum according to proof.

41. As a further and proximate result of Defendant's conduct, PLAINTIFF has incurred and will continue to incur expenses all to his damage in a sum to be determined at trial.

42. Defendant's conduct was a substantial factor in causing PLAINTIFF'S harm.

43. Defendants and Does 1 through 20's, inclusive acts as hereinbefore described were committed maliciously, fraudulently or oppressively with the intent of injuring PLAINTIFF, and/or with a willful and conscious disregard of PLAINTIFF'S right to work in an environment free from retaliation. Because these acts were carried out by Defendants and Does 1 through 20's, inclusive managerial employees in a despicable, deliberate and intentional manner, PLAINTIFF is entitled to recover punitive damages in a sum sufficient to punish and deter future such conduct.

## SECOND CAUSE OF ACTION

### VIOLATION OF BUSINESS & PROFESSIONS CODE SECTION 17200 ET SEQ.

(By Plaintiff Against Defendants RA MEDICAL and Does 1 through 20)

44. PLAINTIFF repeats and re-alleges the allegations set forth above, and incorporates

<div style="margin-left:0">WORKPLACE JUSTICE ADVOCATES<br>PROFESIONAL LAW CORPORATION<br>4OO SPECTRUM CENTER DRIVE.- SUITE 560<br>IRVINE, CA 92618 • (949) 378-9794</div>

- 9 -     COMPLAINT FOR DAMAGES

the same by reference as though fully set forth herein.

45. Defendants and Does 1 through 20, inclusive, have in the course of business committed acts and/or omissions and engaged in a practice of unfair competition, as defined by California Business & Professions Code section 17200 et seq., including by retaliating against him for complaints of off-label promotion and/or violations of law and by terminating PLAINTIFF's employment as punishment for the above acts or conditions of PLAINTIFF.

46. The conduct of Defendants, as alleged above, constitutes unlawful, unfair and fraudulent activity prohibited by California Business and Professions Code section 17200 et seq.

47. As a result of their improper acts, Defendants and Does 1 through 20, inclusive, and each of them, have reaped and continue to reap unfair benefits and illegal profits at PLAINTIFF's expense. Defendants and Does 1 through 20, inclusive, and each of them, should be made to disgorge these ill-gotten gains and restore to PLAINTIFF these gains pursuant to California Business and Professions Code section 17203.

48. Defendants and Does 1 through 20, inclusive, and each of them, should also be subjected to a permanent injunction prohibiting Defendants and Does 1 through 20, inclusive, and each of them, from violating the California Labor Code by discriminating and discharging an employees for reporting violations of law to Defendants.

49. PLAINTIFF requests relief as described below.

**WHEREFORE, Plaintiff prays for judgment as follows:**

**ON ALL CAUSES OF ACTION**

(By Plaintiff Against all Defendants)

1. For compensatory damages, together with prejudgment interest, according to proof;

2. For general damages, according to proof;

3. For reasonable attorney's fees according to proof;

4. For exemplary and punitive damages, according to proof;

5. For costs of suit incurred herein;

- 10 -    COMPLAINT FOR DAMAGES

6.      For disgorgement of all ill-gotten and/or ill-gained profits resulting from the unlawful business practices of Defendants and Does 1 through 50, inclusive, and each of them;

7.      For any and all civil penalties recoverable by Plaintiff pursuant to any alleged violations of the California Labor Code;

8.      For pre-judgment and post-judgment interest;

9.      For such other and further relief as the court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

Dated: August 15, 2019

WORKPLACE JUSTICE ADVOCATES, PLC

By: _____
     Tamara S. Freeze
     Shirin Forootan
     Attorneys for Plaintiff DAVID OLIVERI

WORKPLACE JUSTICE ADVOCATES
PROFESIONAL LAW CORPORATION
400 SPECTRUM CENTER DRIVE.- SUITE 560
IRVINE, CA 92618 • (949) 378-9794

COMPLAINT FOR DAMAGES