# EXHIBIT 3

Electronically Filed
4/10/2020 11:49 AM
Steven D. Grierson
CLERK OF THE COURT

LAW OFFICE OF DANIEL MARKS
DANIEL MARKS, ESQ.
Nevada State Bar No. 002003
610 South Ninth Street
Las Vegas, Nevada 89101
(702) 386-0536; FAX (702) 386-6812
Attorney for Plaintiff

CASE NO: A-20-813491-C
Department 15

EIGHTH JUDICIAL DISTRICT COURT

DISTRICT OF NEVADA

DAVID OLIVERI,

     Plaintiff,

v.

RA MEDICAL SYSTEMS, INC., a Delaware
Corporation,

     Defendants.

_____/

Case No.
Dept. No.

## COMPLAINT

COMES NOW the Plaintiff, David Oliveri, by and through his undersigned attorney, Daniel Marks, Esq., of the Law Office of Daniel Marks, for his causes of action against the Defendant alleges as follows:

### COUNT ONE

### (TORTIOUS DISCHARGE)

1.     That Plaintiff at times relevant to the events alleged was a resident of Clark County, Nevada.

2.     That RA Medical is a corporation with its headquarters in the State of California.

3.     That Plaintiff was hired by Defendant Corporation as a Medical Device Representative on or about September 12, 2018.

4.     That during the course and scope of Plaintiff's employment, Plaintiff followed all lawful rules and regulations.

1

5. That on or about September 17, 2018, Plaintiff was asked to attend training for new sales representatives. During that training one of Defendant's managing agents, Marissa Bernstein, disclosed that RA Medical had received a "gentle reminder" from the FDA not to market DABRA as an "atherectomy system" because that was not the approved indication for the product. Ms. Bernstein noted that RA Medical had assured the FDA they would comply with their guidance.

6. That despite the FDA warning, Ms. Bernstein still ordered the sales representatives including Plaintiff to "stay on message" and advise their accounts to market and bill the DABRA product as an atherectomy system.

7. That through the fall of 2018, Plaintiff became concerned that RA Medical was engaging in illegal off-label marketing of the DABRA device.

8. That Plaintiff informed management of Defendant Corporation that he would not sell the DABRA device off label, since the product was not approved for atherectomy and such conduct was illegal.

9. That throughout the fall of 2018, Plaintiff became concerned that the Defendant Corporation was marketing the DABRA system for atherectomy use and encouraged the representative to promote the device with an atherectomy code for billing.

10. That on or about January 10, 2019, Plaintiff was terminated by Defendant Corporation for his refusal to market and sell the device in accordance with the Defendant's illegal sales strategy.

11. That Plaintiff's termination violated the public policy of the State of Nevada in terminating an employee for refusing to commit illegal actions.

////

2

12. That because of the actions of the Defendant, Plaintiff has been damaged in a sum in excess of $15,000.00.

13. That the actions of the Defendant in terminating Plaintiff were done with actual malice, fraud and/or oppression.

14. That Plaintiff is entitled to punitive damages according to proof at trial.

<u>COUNT TWO</u>

(WHISTLEBLOWER RETALIATION)

15. Plaintiff restates the allegations of paragraphs 1 through 14 and incorporates them herein by reference.

16. California Labor Code § 1102.5(b) provides that "[a]n employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a government or law enforcement agency, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, or for providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry of the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties."

17. As alleged above, Plaintiff reported serious violations of state and federal laws to his superiors and other officers and directors of Defendants who had authority to investigate and correct noncomplaint practices. Plaintiff had reasonable cause to believe that the information provided to Defendants disclosed a violation of state or federal statute, or a violation of or

noncompliance with a local, state, or federal rule or regulation.

18. Nothing was done by Defendants to remedy the violations, therefore Plaintiff continued to inform other officers and directors of Defendants in order to have the issues redressed.

19. Additionally, Plaintiff's refusal to remain silent about such unlawful marketing practices also constitutes his refusal to participate in the alleged illegality. Plaintiff's refusal to participate in the alleged illegality is considered an exercise of protected activity under California Labor Code § 1102.5(c). Plaintiff reasonably believed that his participation in continuing to market DABRA as instructed by Defendants would result in a violation of a state or federal statute (illegal off-label marketing practices, False Claims Act, Anti-Kickback laws and Federal Drug Administration ("FDA") violations) or in a violation of a local, state, and federal rule or regulation. Plaintiff further alleges, therefore, that his termination was in contravention of the provisions set forth in California Labor Code § 1102.5(c), because his termination was in close temporal proximity to his exercise of such protected activity.

20. After Plaintiff's complaints to Defendants and refusal to participate in illegal activity, Defendants retailed against Plaintiff by terminating his employment.

21. Plaintiff alleges that Defendants terminated his employment in retaliation for reporting and/or refusal to participate in the illegal off-label marketing practices, False Claims Act, Anti-Kickback laws and Federal Drug Administration ("FDA") violations.

22. Plaintiff's activity protected by Section 1102.5 of the Labor Code was a contributing factor in the retaliation of Defendants against Plaintiff as described in this complaint.

23. As a result of the foregoing conduct, Plaintiff has suffered special and general damages in an amount in excess of the minimum jurisdiction of this court, the precise amount to be proven at trial.

24. As a proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer substantial losses in earnings and other employment benefits according to proof.

25. As a further proximate result of Defendant's conduct Plaintiff has suffered and continues to suffer humiliation, emotional distress, mental pain and anguish all to his damages in a sum according to proof.

26. As a further and proximate result of Defendant's conduct, Plaintiff has incurred and will continue to incur expenses all to his damage in a sum to be determined at trial.

27. Defendant's conduct was a substantial factor in causing Plaintiff's harm.

28. Defendant's acts as hereinbefore described were committed maliciously, fraudulently or oppressively with the intent of injuring Plaintiff, and/or with a willful and conscious disregard of Plaintiff's right to work in an environment free from retaliation. Because these acts were carried out by Defendant's managerial employees in a despicable, deliberate and intentional manner, Plaintiff is entitled to recover punitive damages in a sum sufficient to punish and deter future such conduct.

////

////

////

////

////

////

////

////

////

////

5

Wherefore Plaintiff prays for judgment against Defendant as follows:

1.    For special damages in excess of $15,000;

2.    For general damages in excess of $15,000;

3.    For punitive damages in excess of $15,000;and

3.    For attorney's fees and costs of suit.

4.    For such further relief as the Court may order.

DATED this _____10t_____ day of April, 2020.

LAW OFFICE OF DANIEL MARKS

_____ NsB#4C73
DANIEL MARKS, ESQ.
Nevada State Bar No. 002003
610 South Ninth Street
Las Vegas, Nevada 89101
Attorney for Plaintiff

6