Gregory L. Watts, State Bar No. 197126
Stephanie L. Jensen, WSBA No. 42042 (*pro hac vice*)
**WILSON SONSINI GOODRICH & ROSATI, P.C.**
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone:  (206) 883-2500
Facsimile:   (206) 883-2699
gwatts@wsgr.com
sjensen@wsgr.com

*Counsel for Defendants Ra Medical Systems, Inc., Andrew Jackson, Richard Heymann, Maurice Buchbinder, Martin Colombatto, Richard Mejia, Jr., Mark E. Saad, and William Enquist Jr.*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERVIN DERR, Individually and on Behalf of all Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>RA MEDICAL SYSTEMS, INC., DEAN IRWIN, ANDREW JACKSON, MELISSA BURSTEIN, MARTIN BURSTEIN, RICHARD HEYMANN, MAURICE BUCHBINDER, MARTIN COLOMBATTO, RICHARD MEJIA, JR., PIPER JAFFREY & CO., CANTOR FITZGERALD & CO., SUNTRUST ROBINSON HUMPHREY, INC., NOMURA SECURITIES INTERNATIONAL, INC., and MAXIM GROUP, LLC,<br><br>Defendants. | Case No.:  3:19-cv-1079-LAB-AHG<br><br>**THE RA MEDICAL DEFENDANTS' RESPONSE TO LEAD PLAINTIFFS' NOTICE OF RELATED ACTION OR PROCEEDING**<br><br>CLASS ACTION<br><br>JUDGE:     Hon. Larry Alan Burns |

3:19-cv-1079-LAB-AHG

Defendants Ra Medical Systems, Inc. ("Ra Medical" or the "Company"), Andrew Jackson, Richard Heymann, Maurice Buchbinder, Martin Colombatto, Richard Mejia, Jr., Mark E. Saad, and William Enquist Jr. (the "Ra Medical Defendants") respectfully submit this Response to Lead Plaintiffs' Notice of Related Action or Proceeding, Dkt No. 45 (the "Notice").

## INTRODUCTION

On January 12, 2021, Lead Plaintiff filed the Notice in a transparent and improper attempt to use Local Civil Rule 40.1(f) to file a sur-reply or to somehow amend their operative complaint by relying upon allegations in other lawsuits and proceedings that Ra Medical contested, denied and resolved without any admission of liability or wrongdoing. Lead Plaintiffs' Notice reads like a sur-reply.  Sur-replies may not be filed without leave of the court, and courts throughout the Ninth Circuit "thoroughly disfavor requests to file sur-replies" where the movant, as here, is "attempt[ing] to have the last word on [the] issue." *Whitewater W. Indus., Ltd. v. Pac. Surf Designs, Inc.*, No. 3:17-cv-01118-BEN-BLM, 2018 WL 3198800, at *1 (S.D. Cal. June 26, 2018).[1]  The Notice also reads like an attempt to import allegations extraneous to those alleged in the amended complaint.  This is impermissible.  *See Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers[.]").  Ultimately, Lead Plaintiff's nominal reason for filing the Notice is not credible in light of, and his ulterior motive is made obvious by, his admission that "coordination between the actions is not warranted."  Dkt No. 45 at 4.

---

[1] This is not the first time Lead Plaintiff has sought to file a sur-reply in violation of the Local Civil Rules and this Court's Standing Order in Civil Cases.  On June 23, 2020, Lead Plaintiff filed an *ex parte* application for leave to file a sur-reply, Dkt No. 40, without conducting a meet and confer with counsel for the defendants or providing a declaration certifying that the parties had met and conferred, in violation of Rule 5 of the Court's Standing Order in Civil Cases.  Dkt. No. 41 at 1.  In respect of the current pseudo-Notice, Dkt. No. 45, Lead Plaintiff did not even file an application for leave.

3:19-cv-1079-LAB-AHG

THE RA MEDICAL DEFENDANTS' RESPONSE TO LEAD PLAINTIFF'S NOTICE OF RELATED ACTION

# PROCEDURAL HISTORY

On June 7, 2019, the present securities class action lawsuit (the "Action") was filed against the Company, certain of its current and former officers and directors, and certain underwriters[2] of the Company's initial public offering ("IPO") alleging that the Company's registration statement and prospectus issued in connection with the Company's IPO contained false or misleading statements, and/or failed to disclose material adverse facts in violation of Sections 11 and 15 of the Securities Act of 1933. On September 5, 2019, the Court appointed Lead Plaintiffs. On January 13, 2020, Lead Plaintiffs filed an amended complaint re-asserting the Securities Act claims and adding claims under Sections 10(b) (and Rule 10b-5) and 20(a) of the Securities Exchange Act of 1934. The Ra Medical Defendants moved to dismiss the amended complaint on March 13, 2020. The motion to dismiss is fully briefed. On July 14, 2020, the Court took the motion under submission. Dkt No. 44.[3]

## I.    THE MICHIGAN ACTION

On December 28, 2020, Ra Medical entered into a settlement agreement with the United States Department of Justice (the "DOJ") on behalf of the Inspector General of the United States Department of Health and Human Services ("OIG"), to resolve a pending civil investigation and a related civil action pending in the United States District Court for

---

[2] Lead Plaintiff voluntarily dismissed his claims against the underwriter defendants on March 11, 2020.

[3] The Ra Medical Defendants note that on October 1, 2019, a shareholder derivative complaint purportedly brought on behalf of the Company was filed in the United States District Court for the District of Delaware, captioned *Borg v. Irwin, et. al.*, Case No. 1:19-cv-01847. On October 21, 2019, that derivative lawsuit was stayed (and administratively closed) pending the resolution of the present Action. Since the action is stayed and administratively closed until resolution of this Action, coordination with this Action or assignment to this Court is not required.

THE RA MEDICAL DEFENDANTS' RESPONSE TO LEAD PLAINTIFF'S NOTICE OF RELATED ACTION

the Eastern District of Michigan[4] concerning the Company's marketing of the DABRA laser system and DABRA-related remuneration to certain physicians. Dkt 45-1 at 2 ("Michigan Action"). The settlement also resolves related investigations by certain state attorneys general. *Id*.

Ra Medical denied the allegations in the Michigan Action and those asserted by the United States and the participating states in connection with their investigations. Ra Medical settled the Michigan Action and resolved the investigations without any admission of liability or wrongdoing. On January 25, 2021, in connection with the settlement agreement and resolution of the investigations, the United States District Court for the Eastern District of Michigan entered an order dismissing all claims in the Michigan Action against Ra Medical with prejudice. Since the Michigan Action is sealed and all claims against Ra Medical have been dismissed, there is no need for coordination with this Action or assignment to this Court.

## II.    THE TWO OLIVERI EMPLOYMENT ACTIONS

Lead Plaintiff identifies two lawsuits filed by David Oliveri, a former employee of Ra Medical, in which he asserted employment claims for wrongful termination, retaliation and unfair business practices. Dkt No. 45 at 2-3. Lead Plaintiff does <u>not</u> claim these lawsuits are related to this Action. *Id*. at 4-5. This belies any notion that Lead Plaintiff identifies these lawsuits in order to comply with his obligations under Civil Local Rule 40.1(f).

Ra Medical contested and denied Mr. Oliveri's allegations in these lawsuits, and resolved Mr. Oliver's claims without any admission of liability or wrongdoing. Mr. Oliveri's first complaint, filed on August 15, 2019 in San Diego Superior Court, was stayed over a year ago on January 31, 2020 pursuant to a *forum non conveniens* motion in deference to the parties litigating their dispute in the State of Nevada. Ex. 1 (Jan. 31, 2020

---

[4] The Michigan Action was filed under seal and remains so as of the date of this filing. Ra Medical, therefore, was prohibited from filing a Notice of Related Action.

3:19-cv-1079-LAB-AHG

THE RA MEDICAL DEFENDANTS' RESPONSE TO LEAD PLAINTIFF'S NOTICE OF RELATED ACTION

Minute Order).  The San Diego lawsuit has been or will be dismissed as part of the resolution of Mr. Oliver's subsequently filed Nevada lawsuit.  Mr. Oliver's second complaint, filed on April 10, 2020 in Nevada's Eighth Judicial District Court following the order staying the San Diego lawsuit, was voluntarily dismissed on October 1, 2020.  Ex. 2 (Notice of Voluntary Dismissal). Since these lawsuits have been resolved, they will not require any coordination with this Action or assignment to this Court.

CONCLUSION

For the reasons above, the cases identified in Lead Plaintiff Notice do not require coordination with this Action or assignment to this Court.

Respectfully Submitted,

Dated: February 3, 2021

**WILSON SONSINI GOODRICH & ROSATI, P.C.**

/s/ Gregory L. Watts
Gregory L. Watts, State Bar No. 197126
Stephanie L. Jensen, WSBA No. 42042 (*pro hac vice*)
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone: (206) 883-2500
Facsimile:  (206) 883-2699
Email:  gwatts@wsgr.com
Email:  sjensen@wsgr.com

*Counsel for Defendants Ra Medical Systems, Inc., Andrew Jackson, Richard Heymann, Maurice Buchbinder, Martin Colombatto, Richard Mejia, Jr., Mark E. Saad, and William Enquist Jr.*

3:19-cv-1079-LAB-AHG

THE RA MEDICAL DEFENDANTS' RESPONSE TO LEAD PLAINTIFF'S NOTICE OF RELATED ACTION