Gregory L. Watts, State Bar No. 197126
Stephanie L. Jensen, WSBA No. 42042 (*pro hac vice*)
Jennifer E.K. Kendrex, WSBA No. 55596 (*pro hac vice*)
**WILSON SONSINI GOODRICH & ROSATI, P.C.**
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone:   (206) 883-2500
Facsimile:    (206) 883-2699
gwatts@wsgr.com
sjensen@wsgr.com
jkendrex@wsgr.com

*Counsel for Defendants Ra Medical Systems, Inc., Andrew Jackson, Richard Heymann, Maurice Buchbinder, Martin Colombatto, Richard Mejia, Jr., Mark E. Saad, and William Enquist, Jr.*

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERVIN DERR, and PETER SHOEMAKER, Individually and on Behalf of all Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>RA MEDICAL SYSTEMS, INC., DEAN IRWIN, ANDREW JACKSON, MELISSA BURSTEIN, MARTIN BURSTEIN, RICHARD HEYMANN, MAURICE BUCHBINDER, MARTIN COLOMBATTO, RICHARD MEJIA, JR., MARK E. SAAD, and WILLIAM ENQUIST, JR.,<br><br>Defendants. | Case No.:  3:19-cv-1079-LAB-AHG<br><br>**THE RA MEDICAL DEFENDANTS' REQUEST FOR CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE AND JUDICIALLY NOTICEABLE**<br><br>CLASS ACTION<br><br>DATE:       October 11, 2021<br>TIME:       11:30 AM<br>CTRM:      14A, 14th Floor<br>JUDGE:     Hon. Larry Alan Burns |

Defendants Ra Medical Systems, Inc. ("Ra Medical" or the "Company"), Andrew Jackson, Richard Heymann, Maurice Buchbinder, Martin Colombatto, Richard Mejia, Jr., Mark E. Saad, and William Enquist, Jr. (collectively, with the Company, the "Ra Medical Defendants") hereby request that this Court consider four documents that are judicially noticeable and incorporated by reference into Plaintiffs' Second Amended Complaint, ECF No. 53 ("SAC" or "¶ _"), in connection with their Motion to Dismiss Plaintiffs' Second Amended Complaint ("Motion to Dismiss"), filed concurrently herewith.  The documents described herein are attached as exhibits to the Declaration of Jennifer E.K. Kendrex in Support of the Ra Medical Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint ("Kendrex Declaration").

As the Court previously found in its March 24, 2021 Order granting in part the Ra Medical Defendants' first Motion to Dismiss, Ra Medical's Amended S-1 Registration Statement, filed with the Securities and Exchange Commission (the "SEC") on September 24, 2018 and deemed effective September 26, 2018 (the "Registration Statement"), is judicially noticeable and was properly considered when evaluating Plaintiffs' allegations in the Amended Complaint.  *See* March 24, 2021 Order, ECF No. 50 ("Order") at 9 (granting Request for Judicial Notice of the Ra Medical Defendants' previously submitted Ex. 1).  Because the Registration Statement is again incorporated by reference into Plaintiffs' renewed allegations and is judicially noticeable, the Court's analysis and conclusion regarding the Registration Statement (Exhibit 3) should not change.

In addition, the Ra Medical Defendants request, for the first time, that this Court find the Company's Form 8-K, filed with the SEC on November 1, 2019 (Exhibit 4), the Company's Form 10-K for fiscal year 2018, filed with the SEC on March 15, 2019 (Exhibit 5), and the Company's Form 10-Q for the first fiscal quarter of 2019, filed with the SEC on May 14, 2019 (Exhibit 6), incorporated by reference into the SAC and judicially noticeable.  The Form 8-K includes a press release detailing the primary investigative findings of the Company's Audit Committee, which Plaintiffs rely upon extensively and which forms the basis for a significant number of Plaintiffs' allegations, as described

1

REQUEST FOR CONSIDERATION OF DOCUMENT INC. BY REF. AND JUDICIALLY NOTICEABLE

further below.  Plaintiffs also rely upon the Company's Form 10-K for fiscal year 2018 and Form 10-Q for the first fiscal quarter of 2019 extensively in the SAC, and they form the basis for a significant number of Plaintiffs' Section 10(b) claims.

Lastly, for the Court's convenience, the Ra Medical Defendants have also attached to the Kendrex Declaration a true and correct copy of Ervin Derr's Sworn Certification of Plaintiff (Exhibit 1), ECF No. 1, and a true and correct copy of Peter Shoemaker's Sworn Certification of Plaintiff (Exhibit 2), ECF No. 22.  Exhibits 1 and 2 display the date, transaction type, quantity, and unit price of Messrs. Derr's and Shoemaker's purchases of Ra Medical stock.

## ARGUMENT

When ruling on a motion to dismiss a federal securities claim, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."  *Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 551 U.S. 308, 322 (2007).  Here, the Ra Medical Defendants offer just four exhibits, the first of which (the Registration Statement) the Court already found is properly considered, and the last three of which are routine SEC filings, which are referenced extensively in the SAC and form the basis of a considerable number of Plaintiffs' claims.  This Court can and should consider these exhibits when evaluating the Ra Medical Defendants' Motion to Dismiss.

**I.   THE COURT SHOULD CONSIDER DOCUMENTS INCORPORATED INTO THE SAC BY REFERENCE AND INTEGRAL TO PLAINTIFFS' CLAIMS**

Incorporation by reference "is a judicially created doctrine that treats certain documents as though they are part of the complaint itself."  *Khoja v. Orexigen Therapeutics, Inc*., 899 F.3d 988, 1002 (9th Cir. 2018).  The doctrine "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims."  *Id*.  To prevent the selective quotation of documents, the doctrine allows courts to consider the full text of

REQUEST FOR CONSIDERATION OF DOCUMENTS INC. BY REF. AND JUDICIALLY NOTICEABLE

a document that a complaint quotes only in part. *See In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996) (noting that, in evaluating alleged omissions, "[t]he district court considered the full text of the Prospectus, including portions which were not mentioned in the complaints;" "such consideration is appropriate in the context of a motion to dismiss"); *Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*, 575 U.S. 175, 190 (2015) (a statement within a Registration Statement must be read "[i]n light of all its surrounding text, including hedges, disclaimers, and apparently conflicting information"). A document is incorporated by reference if the pleading "refers extensively to the document" or the "document forms the basis of [a] claim." *Orexigen*, 899 F.3d at 1002 (quoting *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003)). Where a document is incorporated by reference, a court "may assume that [the incorporated document's] contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Id.*

Courts often consider offering documents incorporated by reference in complaints that, like the SAC here, allege Section 11 claims. *See Wong v. Arlo Techs., Inc.*, No.19-cv-00372-BLF, 2019 WL 7834762, at *4 (N.D. Cal. Dec. 19, 2019) (finding prospectus incorporated by reference into a Section 11 complaint on a motion to dismiss); *Rieckborn v. Jefferies LLC*, 81 F. Supp. 3d 902, 912-13 (N.D. Cal. 2015) (same). Courts also often consider Forms 8-K, press release filings, Forms 10-K, and Forms 10-Q, when such filings are incorporated into the complaint. *See In Re Violin Memory Sec. Litig.*, No. 13-cv-5486 YGR, 2014 WL 5525946, at *6 (N.D. Cal. Oct. 31, 2014) (Form 8-K and accompanying press release incorporated by reference); *Morgan v. AXT, Inc.*, No. C 04-4362 MJJ, 2005 WL 2347125, at *7 (N.D. Cal. Sept. 23, 2005) (same); *In re Merit Med. Sys.*, No. 8:19-02326 DOC (ADSx), 2021 WL 1258590, at *6 (C.D. Cal. Mar. 16, 2021) (transcripts of investor calls and Forms 10-K incorporated by reference), *adopted by*, 2021 WL 1753612 (C.D. Cal. May 3, 2021); *In re Ocera Therapeutics, Inc. Sec. Litig.*, 2018 WL 7019481, at *5 (N.D. Cal. Oct. 16, 2018) (Form 10-Q incorporated by reference) *aff'd*, 806 F. App'x 603 (9th Cir. 2020).

REQUEST FOR CONSIDERATION OF DOCUMENTS INC. BY REF. AND JUDICIALLY NOTICEABLE

Accordingly, the Ra Medical Defendants request that this Court consider the following documents to be incorporated by reference into the SAC and consider them in ruling upon the Motion to Dismiss:

1.     **Exhibit 3** is a true and correct copy of excerpts of Ra Medical's Amended S-1 Registration Statement, filed with the SEC on September 24, 2018 and deemed effective September 26, 2018.  The Registration Statement is explicitly referenced in the SAC at ¶¶ 46-49; 93-100; 108-109; 113; 187-190; 195-208, and 334-340.  Additionally, the Registration Statement forms the basis of a substantial number of Plaintiffs' claims under Section 11 of the Securities Act of 1933 and Section 10(b) of the Exchange Act of 1934. This is sufficient for Exhibit 3 to be deemed incorporated by reference into the SAC.

2.     **Exhibit 4** is a true and correct copy of Ra Medical's Form 8-K, filed with the SEC on November 1, 2019.  The Form 8-K includes a press release detailing the primary investigative findings of the Company's Audit Committee, dated October 31, 2019.  The Form 8-K and related press release are explicitly referenced in the SAC at ¶¶ 11-14; 87; 101-104; 106; 141-145; 150-155, and 304.  Additionally, the Form 8-K and related press release form the basis of a substantial number of Plaintiffs' claims under Section 11 of the Securities Act of 1933 and Section 10(b) of the Exchange Act of 1934.  This is sufficient for Exhibit 4 to be deemed incorporated by reference into the SAC.

3.     **Exhibit 5** is a true and correct copy of excerpts of Ra Medical's Form 10-K for the fiscal year ended December 31, 2018, filed with the SEC on March 15, 2019.  The Form 10-K is explicitly referenced in the SAC at ¶¶ 125; 148, and 253-266.  Additionally, the Form 10-K is relied on extensively in the SAC and forms the basis of a substantial number of Plaintiffs' claims under Section 10(b) of the Exchange Act of 1934.  This is sufficient for Exhibit 5 to be deemed incorporated by reference into the SAC.

4.     **Exhibit 6** is a true and correct copy of excerpts of Ra Medical's Form 10-Q for the fiscal quarter ended March 31, 2019, filed with the SEC on May 14, 2019.  The Form 10-Q is explicitly referenced in the SAC at ¶¶ 148, and 273-284.  Additionally, the

3:19-cv-1079-LAB-AHG

REQUEST FOR CONSIDERATION OF DOCUMENTS INC. BY REF. AND JUDICIALLY NOTICEABLE

Form 10-Q is relied upon significantly in the SAC and forms the basis of a substantial number of Plaintiffs' claims under Section 10(b) of the Exchange Act of 1934. This is sufficient for Exhibit 6 to be deemed incorporated by reference into the SAC.

## II. THE COURT SHOULD ALSO TAKE JUDICIAL NOTICE OF THESE EXHIBITS AS SEC FILINGS

"'[A] court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment.'" *Orexigen*, 899 F.3d at 999 (quoting *Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001)). In addition to finding these Exhibits incorporated by reference into the SAC, Rule 201 also allows courts to take judicial notice of a fact if it is "not subject to reasonable dispute," meaning that the fact is "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also Orexigen*, 899 F.3d at 999. A district court can judicially notice SEC filings when considering a motion to dismiss. *See Metzler Inv. GMBH v. Corinthian Colls. Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (district court properly took judicial notice of SEC filings); *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (SEC filings are subject to judicial notice); *In re Regulus Therapeutics Inc. Sec. Litig.*, 406 F. Supp. 3d 845, 855 (S.D. Cal. 2019) ("The vast majority of the documents submitted with the [Request for Judicial Notice] are . . . judicially-noticeable SEC filings[.]"); *see also* Order at 8-9 (taking judicial notice of Registration Statement and finding SEC is a source "whose accuracy can't reasonably be questioned").

Accordingly, the Ra Medical Defendants request that this Court take judicial notice of the following documents and consider them in ruling upon their Motion to Dismiss:

1. **Exhibit 3** is a true and correct copy of excerpts of Ra Medical's Registration Statement, filed with the SEC on September 24, 2018 and deemed effective September 26, 2018. The Registration Statement is publicly filed with the SEC, meaning its accuracy cannot reasonably be questioned.

REQUEST FOR CONSIDERATION OF DOCUMENTS INC. BY REF. AND JUDICIALLY NOTICEABLE

2.    **Exhibit 4** is a true and correct copy of Ra Medical's Form 8-K, filed with the SEC on November 1, 2019.  The Form 8-K includes a press release detailing the primary investigative findings of the Company's Audit Committee, dated October 31, 2019.  The Form 8-K is publicly filed with the SEC, meaning its accuracy cannot reasonably be questioned.

3.    **Exhibit 5** is a true and correct copy of excerpts of Ra Medical's Form 10-K for the fiscal year ended December 31, 2018, filed with the SEC on March 15, 2019.  The Form 10-K is publicly filed with the SEC, meaning its accuracy cannot reasonably be questioned.

4.    **Exhibit 6** is a true and correct copy of excerpts of Ra Medical's Form 10-Q for the fiscal quarter ended March 31, 2019, filed with the SEC on May 14, 2019.  The Form 10-Q is publicly filed with the SEC, meaning its accuracy cannot reasonably be questioned.

## CONCLUSION

Because Exhibits 3, 4, 5, and 6 are extensively referenced and relied upon in the SAC, form the basis of Plaintiffs' claims, and are judicially noticeable, the Ra Medical Defendants respectfully request that the Court consider these four Exhibits in ruling on their Motion to Dismiss.

Dated: June 10, 2021            **WILSON SONSINI GOODRICH & ROSATI, P.C.**

/s/ Gregory L. Watts
Gregory L. Watts, State Bar No. 197126
Stephanie L. Jensen, WSBA No. 42042 (*pro hac vice*)
Jennifer E.K. Kendrex, WSBA No. 55596 (*pro hac vice*)
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone:  (206) 883-2500
Facsimile:   (206) 883-2699
Email:  gwatts@wsgr.com
Email:  sjensen@wsgr.com
Email:  jkendrex@wsgr.com

6

3:19-cv-1079-LAB-AHG

REQUEST FOR CONSIDERATION OF DOCUMENTS INC. BY REF. AND JUDICIALLY NOTICEABLE

*Counsel for Defendants Ra Medical Systems, Inc. Andrew Jackson, Richard Heymann, Maurice Buchbinder, Martin Colombatto, Richard Mejia, Jr., Mark E. Saad, and William Enquist, Jr.*

7