# EXHIBIT 2



Pavithra Rajesh
prajesh@glancylaw.com
1925 Century Park East, Suite 2100
Los Angeles, California 90067
T: (310) 201-9150

June 28, 2021

**VIA E-MAIL**

Gregory L. Watts
Wilson Sonsini Goodrich & Rosati, P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone: (206) 883-2500
E-Mail: gwatts@wsgr.com

> Re:    *Derr v. Ra Medical Systems, Inc., et al.*, Case No. 3:19-cv-01079-LAB-AHG - Section 11 Standing Arguments Raised By Defendants' Motion to Dismiss the Second Amended Complaint

Dear Mr. Watts:

We represent Lead Plaintiffs Ervin Derr and Peter Shoemaker (together, the "Plaintiffs") in the above-referenced matter. We write in response to arguments raised in Section I.A. of Defendants' motion to dismiss the second amended complaint, filed on June 10, 2021 (the "Motion"), regarding Plaintiffs' standing to allege violations of Section 11 of the Securities Act of 1933.

Defendants' motion to dismiss the first amended complaint argued that 316,431 shares (6.6% of Ra Medical's total outstanding shares) were not issued pursuant to the registration statement issued in connection with the initial public offering (the "IPO"); that purportedly the "316,431 shares became eligible for sale in the open market on December 26, 2018"[1]; and that, since Plaintiffs first purchased shares in February 2019, Plaintiffs could not trace their shares from a mixed market of IPO and non-IPO shares. In their opposition, Plaintiffs responded that though Defendants claim that these shares were "eligible for sale," that does not mean they were in fact sold. When Defendants claimed on reply that Plaintiffs were improperly saddling Defendants with the burden of disproving traceability, Plaintiffs sought to file a sur-reply affirming that Section 11 claims are only dismissed for failure to trace upon an affirmative showing that unregistered shares entered the market—information which Ra Medical clearly possesses.

---

[1] D.E. #30 at 7

Gregory L. Watts
June 28, 2021
Page 2

Specifically, Plaintiffs' proposed sur-reply explained that the relevant 316,431 shares were actually "restricted" shares (as acknowledged by the Company in the Registration Statement) and, while theoretically eligible for sale as early as December 26, 2018, the shares could only be sold subject to SEC Rule 144 ("Rule 144"). As you are aware, under Rule 144, a holder of restricted shares cannot sell the shares unless the restrictive legend is removed from the certificate by the transfer agent, and the transfer agent does not have authority to remove the restrictive legend unless the issuer (*i.e.*, Ra Medical) first consents to the removal of the restrictive legend (typically in the form of an opinion letter from the issuer's counsel). *See* https://www.sec.gov/reportspubs/investor-publications/investorpubsrule144htm.html. In other words, while the 316,431 restricted shares were potentially eligible for sale in the open market 90 days after the IPO (*i.e.*, on December 26, 2018), none of these shares could be sold in the open market until (i) Ra Medical gave its consent for the transfer agent to remove the restrictive legends and (ii) the restrictive legends were in fact removed.

In response to Plaintiffs' proposed sur-reply, when Ra Medical thought it beneficial to its own position, you freely produced a letter dated January 3, 2019 from a single shareholder seeking to remove the restrictive legends from 151,071 shares (of the relevant 316,431 shares).[2] Notably, you did not produce any letter(s) from any other shareholder(s) requesting the removal of the restrictive legends from the remaining 165,360 restricted shares. Presumably, Defendants did not produce any such correspondence because either no such requests were made or because such requests were made after Plaintiffs' purchases of Ra Medical stock in February 2019. If no such correspondence exists (or it is dated after December 26, 2018), then Defendants would know these shares were not in fact "eligible" for sale on December 26, 2018, as suggested multiple times in Defendants' Motion and their prior motion to dismiss.

Plaintiffs' Second Amended Complaint indicates that Plaintiffs' counsel subsequently spoke with the shareholder identified in the January 3, 2019 letter who indicated that their 151,071 shares were not sold prior to the dates of Plaintiffs' first purchases of Ra Medical stock. Nevertheless, Defendants have revived their arguments that Plaintiffs purchased their shares in a "mixed market" that includes 165,360 restricted shares that "became eligible" for sale on December 26, 2018. *See e.g.* Motion at 1. As such, the arguments presented in Section I.A. of Defendants' Motion are premised on an inherent factual representation that the restrictive legends on these shares had been removed by December 26, 2018.

Plaintiffs and the Court must be able to determine if Defendants have any legitimate basis for their factual assertions and representations. Plaintiffs are concerned that Defendants are relying on their own statements from the Registration Statement as proof that there were unregistered

---

[2] In response, Plaintiffs' counsel noted that, even if the shares had been unrestricted, the letter the Defendants provided still did not indicate whether the shares were in fact sold. Nor did the information produced indicate whether the restrictive legends were removed and, if so, when.

Gregory L. Watts
June 28, 2021
Page 3

shares "eligible" for trading on December 26, 2018, while potentially omitting material information in their possession indicating that the shares were not eligible for trading on that date. For example, Defendants' prior motion to dismiss repeatedly represented that the 316,431 shares were "eligible for sale in the open market on December 26, 2018." D.E. #30 at 7. However, the January 3, 2019 letter you subsequently provided us indicates that the Company was aware that nearly half of the shares (*i.e.*, 151,071 shares) were not in fact eligible for sale in the open market as of December 26, 2018, because those shares still had restrictive legends precluding their sale in the open market.

Because Defendants previously volunteered the January 3, 2019 letter, Defendants should be similarly willing to voluntarily provide Plaintiffs with information relating to Ra Medical's consent for the transfer agent to remove the restrictive legends on the remaining 165,360 shares. As such, please provide: (i) the number and identity of the shareholders who owned the remaining 165,360 shares at the time of the IPO; (ii) whether or not these shareholders sought to remove the restrictive legends from their shares prior to February 6, 2019; and (iii) if there were any such attempts, the correspondence reflecting the request and the Company's responses thereto. Please produce such information within 7 days or, if no such requests were made, please confirm that Defendants will be withdrawing the arguments in Section I.A from the Motion.

Sincerely,

Pavithra Rajesh

cc:     Robert V. Prongay (rprongay@glancylaw.com)
        Stephanie L. Jensen (sjensen@wsgr.com)
        Natalie Jordana Morgan (nmorgan@wsgr.com)
        Jennifer E.K. Kendrex (jkendrex@wsgr.com)