# EXHIBIT 3

# WILSON SONSINI

Wilson Sonsini Goodrich & Rosati
Professional Corporation

701 Fifth Avenue
Suite 5100
Seattle, Washington 98104-7036

O: 206.883.2500
F: 206.883.2699

STEPHANIE L. JENSEN
Email: sjensen@wsgr.com
Direct Dial: 206.883.2500

July 9, 2021

**VIA EMAIL**

Pavithra Rajesh
Glancy Prongay & Murray LLP
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
prajesh@glancylaw.com

Re:     ***Derr v. Ra Medical Systems, Inc., et al.***, Case No. 3:19-cv-01079-LAB-AHG

Dear Ms. Rajesh:

We represent Ra Medical Systems, Inc. ("Ra Medical"), Andrew Jackson, Richard Heymann, Maurice Buchbinder, Martin Colombatto, Richard Mejia, Jr., Mark E. Saad, and William Enquist, Jr. (together, the "Ra Medical Defendants") in the above-captioned matter. We write in response to your letter dated June 28, 2021 (the "Letter") in which plaintiffs request that either (i) Ra Medical produce documents proving that unregistered shares eligible for sale in the market were actually sold prior to plaintiffs' purchase of Ra Medical stock, or (ii) the Ra Medical Defendants withdraw their insufficient pleading of traceability arguments from their motion to dismiss the Second Amended Complaint ("SAC"). The Ra Medical Defendants respectfully decline both requests.

Your Letter, as was plaintiffs' opposition to the Ra Medical Defendants' first motion to dismiss, is premised on the incorrect notion that the traceability of plaintiffs' shares—all purchased long after Ra Medical's IPO and after 316,431 unregistered shares became eligible for trading in the market—should be presumed and that the Ra Medical Defendants must rebut that presumption with evidence on a Rule 12(b)(6) motion to dismiss.

Plaintiffs "are not entitled to a presumption of traceability," *In re Initial Pub. Offering Sec. Litig.*, 227 F.R.D. 65, 118 (S.D.N.Y. 2004), *vacated on other grounds*, 471 F.3d 24 (2d Cir. 2006), and plaintiffs bear the burden to both plead and prove the traceability of their shares to the offending registration statement. *See In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1106 (9th Cir. 2013). The Court has already recognized plaintiffs' burden and ruled that they failed to carry it. *See* March 24, 2021 Order, ECF No. 50, at 17 (dismissing Section 11 claim because "Plaintiffs bear the burden of pleading facts supporting the inference of standing, and they haven't carried that burden").

**WILSON SONSINI**

Pavithra Rajesh
Glancy Prongay & Murray LLP
July 9, 2021
Page 2

The Ra Medical Defendants are not required to disprove traceability on a Rule 12(b)(6) motion to dismiss or at trial. The Ra Medical Defendants' Rule 12(b)(6) motion to dismiss challenges the sufficiency of plaintiffs' SAC and is not an evidentiary motion. The Ra Medical Defendants did not make—nor were they required to make—any factual representations. Indeed, the Ra Medical Defendants cannot proffer and the Court would not consider such evidence. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001) ("extraneous evidence" outside the complaint "should not be considered in ruling on a motion to dismiss").

Sincerely,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

*Stephanie L. Jensen*

Stephanie L. Jensen

cc:    Robert V. Prongay (rprongay@glancylaw.com)