Gregory L. Watts, State Bar No. 197126
Stephanie L. Jensen, WSBA No. 42042 (*pro hac vice*)
Jennifer E.K. Kendrex, WSBA No. 55596 (*pro hac vice*)
**WILSON SONSINI GOODRICH & ROSATI, P.C.**
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone: (206) 883-2500
Facsimile: (206) 883-2699
gwatts@wsgr.com
sjensen@wsgr.com
jkendrex@wsgr.com

*Counsel for Defendants Ra Medical Systems, Inc., Andrew Jackson, Richard Heymann, Maurice Buchbinder, Martin Colombatto, Richard Mejia, Jr., Mark E. Saad, and William Enquist, Jr.*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERVIN DERR, and PETER SHOEMAKER, Individually and on Behalf of all Others Similarly Situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>RA MEDICAL SYSTEMS, INC., DEAN IRWIN, ANDREW JACKSON, MELISSA BURSTEIN, MARTIN BURSTEIN, RICHARD HEYMANN, MAURICE BUCHBINDER, MARTIN COLOMBATTO, RICHARD MEJIA, JR., MARK E. SAAD, and WILLIAM ENQUIST, JR.,<br><br>    Defendants. | Case No.: 3:19-cv-1079-LAB-AHG<br><br>**THE RA MEDICAL DEFENDANTS' REPLY IN FURTHER SUPPORT OF THEIR REQUEST FOR CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE AND JUDICIALLY NOTICEABLE**<br><br>CLASS ACTION<br><br>DATE:     October 12, 2021<br>TIME:     11:30 AM<br>CTRM:    14A, 14th Floor<br>JUDGE:   Hon. Larry Alan Burns |

3:19-cv-1079-LAB-AHG

THE RA MEDICAL DEFENDANTS' REPLY ISO RJN

In conjunction with their Motion to Dismiss, the Ra Medical Defendants requested that this Court consider four exhibits[1]—Exhibits 3, 4, 5, and 6—as judicially noticeable and incorporated by reference into Plaintiffs' Second Amended Complaint ("SAC"). ECF No. 61. Plaintiffs' **only** objection is to the Court judicially noticing Exhibit 3 (the Registration Statement) to the extent Defendants seek to admit it for the truth of the matters asserted therein. ECF No. 67. In other words, **Plaintiffs do not contest, and therefore concede** that (a) all four exhibits are judicially noticeable to the extent they are not considered for the truth of the matters asserted, and, more significantly, (b) **all four exhibits are incorporated by reference into the SAC**. *See Ardente, Inc. v. Shanley,* 2010 WL 546485, at *6 (N.D. Cal. Feb. 10, 2010) ("Plaintiff fails to respond to this argument and therefore concedes it through silence"). This Court should reject Plaintiffs' limited objection to Exhibit 3, consider all four exhibits incorporated by reference into the SAC for purposes of the Motion to Dismiss, and take judicial notice of all four exhibits.

## I.    EXHIBITS 3-6 ARE INCORPORATED INTO THE SAC BY REFERENCE

Plaintiffs do not advance a single argument against Exhibits 3, 4, 5, and 6 being considered incorporated into the SAC by reference. Nor could they: all four exhibits are explicitly and extensively referenced in the SAC **and** form the basis of Plaintiffs' claims. *See* ECF No. 61 at 2–5; *see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (citing *United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003)). For example, Exhibit 3—the only exhibit Plaintiffs even reference in their Opposition to the RJN—is the Registration Statement upon which Plaintiffs' entire Section 11 claim, and many of Plaintiff's Section 10(b) claims, depends.

---

[1] The Ra Medical Defendants submitted six exhibits in their RJN, but Exhibits 1 and 2 are already reflected in the record as ECF Nos. 1 and 22 and were provided solely for the Court's convenience. *See* RJN at 2. Exhibits 1 and 2 are Plaintiffs' own declarations displaying the date, type, quantity, and unit price of Plaintiffs' stock purchase.

1

Unlike with judicial notice, "a court may assume [an incorporated document's] contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Orexigen*, 899 F.3d at 1003 (citation and internal quotations omitted). This is because the incorporation by reference doctrine "treats certain documents as though they are part of the complaint itself" to "prevent[] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Id.* at 1002.

And this is not an instance where assuming the truth of the incorporated documents **only** serves to dispute facts alleged in the complaint. Taking Exhibit 3 as an example again, this Court previously held that "[w]ithout factual allegations to support an inference that their shares can be traced to the IPO, Plaintiffs can't maintain a claim under Section 11." Order at 17–18. In the SAC, Plaintiffs attempt to remedy their pleading deficiency by plucking **certain** facts from the Registration Statement. *See* SAC ¶¶ 47–49. They now seek to have the Court assume the truth of those Registration Statement facts they want considered, but **not assume** the truth of other facts in the very same document. This is the very gamesmanship for which the incorporation by reference doctrine was judicially created to prevent. *See Orexigen*, 899 F.3d at 1002.

Because Plaintiffs refer extensively to and rely on Exhibits 3-6 to support their claims, the Court may properly consider these documents incorporated by reference into the complaint and use the contents of these documents to evaluate Plaintiffs' claims. *Id.*

## II.    EXHIBITS 3-6 ARE JUDICIALLY NOTICEABLE

Additionally, Plaintiffs make no objection to the Court taking judicial notice of Exhibits 4–6, and only object to the noticeability of Exhibit 3 to the extent it is offered for the truth of the matter asserted. This Court already held in the first round of Motion to Dismiss briefing that the Registration Statement (Exhibit 3) is judicially noticeable and was properly considered when evaluating the sufficiency of Plaintiffs' allegations in the First Amended Complaint; it should do so again here. *See* March 24, 2021 Order, ECF No.

THE RA MEDICAL DEFENDANTS' REPLY ISO RJN

50 ("Order") at 9. As SEC filings, each of the four exhibits is a "matter[] of public record" and is therefore subject to judicial notice. *See, e.g.*, *Orexigen*, 899 F.3d at 999 (citation omitted); *see also* RJN at 5 (citing additional authority).[2]

## CONCLUSION

For the reasons above, the Ra Medical Defendants request that the Court reject Plaintiffs' limited objection to the RJN and that Exhibits 3–6 be considered incorporated by reference into the SAC and judicially noticeable.

Dated: August 25, 2021

**WILSON SONSINI GOODRICH & ROSATI, P.C.**

/s/ Gregory L. Watts
Gregory L. Watts, State Bar No. 197126
Stephanie L. Jensen, WSBA No. 42042 (*pro hac vice*)
Jennifer E.K. Kendrex, WSBA No. 55596 (*pro hac vice*)
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone:  (206) 883-2500
Facsimile:   (206) 883-2699
Email:  gwatts@wsgr.com
Email:  sjensen@wsgr.com
Email:  jkendrex@wsgr.com

*Counsel for Defendants Ra Medical Systems, Inc.*
*Andrew Jackson, Richard Heymann, Maurice*
*Buchbinder, Martin Colombatto, Richard Mejia, Jr.,*
*Mark E. Saad, and William Enquist, Jr.*

---

[2] Plaintiffs also argue that the Registration Statement "does not disclose whether and when the restrictive legends were removed from the[] 316,431 shares," Opp. to RJN at 1, and that the Registration Statement "cannot be used to support whether any non-IPO shares were actually in the market in February 2019," Opp. to RJN at 2. But the Ra Medical Defendants never claimed the Registration Statement did either of these things.

3

THE RA MEDICAL DEFENDANTS' REPLY ISO RJN