Robert V. Prongay (SBN 270796)
Joseph D. Cohen (SBN 155601)
Casey E. Sadler (SBN 274241)
Pavithra Rajesh (SBN 323055)
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Email: rprongay@glancylaw.com
Email: jcohen@glancylaw.com
Email: csadler@glancylaw.com
Email: prajesh@glancylaw.com

*Counsel for Lead Plaintiffs Ervin Derr and Peter Shoemaker and for the Settlement Class*

[Additional Counsel on Signature Page]

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERVIN DERR, and PETER SHOEMAKER, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> RA MEDICAL SYSTEMS, INC., DEAN IRWIN, ANDREW JACKSON, MELISSA BURSTEIN, MARTIN BURSTEIN, RICHARD HEYMANN, MAURICE BUCHBINDER, MARTIN COLOMBATTO, RICHARD MEJIA, JR., MARK E. SAAD, and WILLIAM ENQUIST, JR., <br><br> Defendants. | Case No. 3:19-cv-01079-LAB-AHG <br><br> **REPLY MEMORANDUM IN FURTHER SUPPORT OF: (1) LEAD PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION; AND (2) LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES** <br><br> Date:  June 13, 2022 <br> Time:  11:30 a.m. <br> Courtroom:  14A <br> Judge:  Hon. Larry Alan Burns |

Court-appointed Lead Plaintiffs Ervin Derr and Peter Shoemaker (collectively, "Lead Plaintiffs") and Lead Counsel Glancy Prongay & Murray LLP ("Lead Counsel") respectfully submit this memorandum in further support of: (1) Lead Plaintiffs' Motion for Final Approval of Class Action Settlement and Plan of Allocation (ECF Nos. 87, 89); and (2) Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (ECF Nos. 88-89, the "Fee and Expense Motion").[1]  This memorandum updates the Court on the status of the notice program and the Settlement Class's reaction thereto, including the fact that there has not been a single objection to the Settlement, Plan of Allocation, or request for attorneys' fees and reimbursement of Litigation Expenses.

## I.      PRELIMINARY STATEMENT

After approximately two and half years of hard-fought litigation, including a successful mediation facilitated by a well-respected neutral, Plaintiffs submitted a $10,000,000 all cash, non-reversionary settlement for Court approval.  The reaction of the Settlement Class confirms that the Settlement is a good result.  Following an extensive notice program, including the provision of notice to 4,484 potential Settlement Class Members by first-class mail and publication/transmittal of the Summary Notice in *Investor's Business Daily* and over the *PR* Newswire, not a single objection has been filed or request for exclusion received.[2]  The Settlement Class's universally positive reaction strongly supports approval of the Settlement and the Plan of Allocation, as well as the request for attorneys' fees and reimbursement of Litigation Expenses.

---

[1] Unless otherwise defined herein, all capitalized terms have the meanings set forth in the Stipulation of Settlement dated November 12, 2021 ("Stipulation").  ECF No. 73-2.

[2] *See* Supplemental Declaration of Melissa Mejia Regarding: (A) Mailing of the Notice and Proof of Claim; and (B) Report on Requests for Exclusion Received to Date and Objections; and (C) Claims Received to Date ("Suppl. Mejia Decl.") at ¶¶3-5; *see also* ECF No. 89-1, ¶9 and Ex. B (confirming publication of Summary Notice).

## II. THE SETTLEMENT CLASS'S REACTION WAS UNIVERSALLY POSITIVE AND SUPPORTS APPROVAL OF THE SETTLEMENT AND PLAN OF ALLOCATION, AS WELL AS THE REQUESTED ATTORNEYS' FEES AND LITIGATION EXPENSES

### A. The Court-Approved Notice Program Has Been Implemented

Pursuant to the Court's February 1, 2022 Amended Order Granting Motion for Preliminary Approval of Class Action Settlement, Denying Motion to Dismiss Without Prejudice and Denying Motion for Consideration of Document Without Prejudice (ECF No. 81) (the "Preliminary Approval Order"), Epiq Class Action & Claims Solutions, Inc. ("Epiq") was authorized to act as the Claims Administrator in connection with the Settlement. In that capacity, Epiq disseminated a total of 4,484 copies of the Notice and Proof of Claim and Release to potential Settlement Class Members and their nominees. *See* Suppl. Mejia Decl., ¶3. The Notice advised Settlement Class Members of the Settlement and the request for an award of attorneys' fees and reimbursement of Litigation Expenses. *See* Exhibit 1 to Declaration of Casey E. Sadler in support of (1) Lead Plaintiffs' Motion for Final Approval of Class Action Settlement and Plan of Allocation; and (2) Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses ("Sadler Decl.") (ECF No. 89-1; Ex. A at ¶¶2, 5, 68). The Notice further advised Settlement Class Members that the last day for requesting exclusion from the Settlement or filing an objection to the Settlement, the Plan of Allocation, and/or the request for an award of attorneys' fees and reimbursement of Litigation Expenses was May 23, 2022. *See* ECF No. 89-1, Ex. A at pp. 2-3 and ¶¶69, 75.

The exclusion and objection deadline have now passed. Not a single Settlement Class Member objected to any aspect of the Settlement, the Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses. *See* Mejia Decl., ¶5. Furthermore, not a single Settlement Class Member requested exclusion from the Settlement. *Id*. at ¶4. The lack of objections and requests for exclusion militates in favor of the Court granting the requested relief.

**B.     The Settlement Class's Reaction Supports Approval of the Settlement, Plan of Allocation, and Fee and Expense Request**

In this Circuit, "the reaction of the class members to the proposed settlement" is one of the factors to consider in analyzing whether a settlement is fair, reasonable, and adequate.  *See, e.g.*, *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998);[3] *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998) (same). "[T]he absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members."  *Nat'l Rural Telecomm's Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004); *see also Ching v. Siemens Indus., Inc.*,  2014 WL 2926210, at *6 (N.D. Cal. June 27, 2014) ("the Court may appropriately infer that a class action settlement is fair, adequate, and reasonable when few class members object to it.").

Here, the lack of a  single objection or request for exclusion to the Settlement demonstrates that the proposed Settlement is fundamentally fair, reasonable, and adequate.  *See, e.g.*, *In re Apollo Grp. Inc. Sec. Litig.*, 2012 WL 1378677, at *3 (D. Ariz. Apr. 20, 2012) ("There have been no objections from Class Members or potential class members, which itself is compelling evidence that the Proposed Settlement is fair, just, reasonable, and adequate."); *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008) ("By any standard, the lack of objection of the Class Members favors approval of the Settlement."); *In re Heritage Bond Litig.*, 2005 WL 1594403, at *10 (C.D. Cal. June 10, 2005) ("The Court finds the lack of class members that have manifested any disapproval of the Settlement further demonstrates the fairness, adequacy and reasonableness of the Settlement.").

The universally favorable reaction of the Settlement Class also supports approval of the Plan of Allocation.  *See Mauss v. NuVasive, Inc.*, 2018 WL 6421623, at *4 (S.D. Cal. Dec. 6, 2018) (concluding that the proposed plan of

---

[3] Unless otherwise noted, all internal quotations and citations are omitted.

allocation was fair and reasonable after noting "[t]he Plan of Allocation was described in detail in the notice and no class member objected."); *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.*, 2019 WL 2077847, at *3 (N.D. Cal. May 10, 2019) (only one objection and 16 opt outs "supports [conclusion] that the settlement and plan of allocation are fair, reasonable, and adequate.").

Finally, the universally positive reaction of the Settlement Class should also be considered with respect to Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, including Lead Plaintiffs' request for reimbursement of their costs incurred as a direct result of their representation of the Settlement Class pursuant to the Private Securities Litigation Reform Act of 1995 (15 U.S.C. §§ 77z-1(a)(4), 78u-4(a)(4)). *See Omnivision*, 559 F. Supp. 2d 1036, 1048 ("The reaction of the class may also be a determining factor in [] determining the fee award."). The absence of any requests for exclusion or objections from Settlement Class Members to the Fee and Expense Motion supports a finding that the request is fair and reasonable. *See Knight v. Red Door Salons, Inc.*, No. 08-01520 SC, 2009 WL 248367, at *7 (N.D. Cal. Feb. 2, 2009) (finding where "no-one requested to be excluded or objected" to the settlement is a factor that "supports the requested award of 30% of the Settlement Fund"); *Cheng Jiangchen v. Rentech, Inc.*, 2019 WL 5173771, at *9-10 (C.D. Cal. Oct. 10, 2019) (fact "that there have been no objections filed to the requested attorney's fees ... also supports granting the requested fees" of 33⅓% of the settlement fund); *see also Omnivision*, 559 F. Supp. 2d 1036, 1049 (awarding lead plaintiffs $29,913.80 from the settlement fund for reimbursement of their costs and expenses (including lost wages) where class members were provided notice and "no one objected.").[4] This is especially true

---

[4] *See also In re Heritage Bond Litig.*, 2005 WL 1594403, at *10, *21 (C.D. Cal. June 10, 2005) (where notice was disseminated to thousands of potential class members, "the lack of significant objections to the requested fees justifies an award of one-third of the Settlement Fund."); *In re K12 Inc. Sec. Litig.*, 2019 WL 3766420,

given that Lead Counsel's requested fee of 27.5% of the Settlement Fund is significantly lower than the 33⅓% that Lead Counsel informed Settlement Class Members might be sought in this case (as stated in the Notice). *See* ECF No. 89-1, Ex. A at ¶¶5, 68.

## III.   CONCLUSION

Based on the foregoing and the entire record herein, Lead Plaintiffs and their counsel request the Court: (1) approve the Settlement and Plan of Allocation as fair, reasonable, adequate, and in the best interest of the Settlement Class; (2) award attorneys' fees to Lead Counsel in the amount of 27.5% of the Settlement Fund, together with expenses in the amount of $43,131.77; and (3) award $5,000 to each Lead Plaintiff for reimbursement of the costs they incurred as a direct result of their representation of the Settlement Class.[5]

---

at *1 (N.D. Cal. Oct. 10, 2019) (awarding 33% of $3.5 million settlement fund where "[t]here were no objections to the requested attorneys' fees and expenses."); *Waldbuesser v. Northrop Grumman Corp.*, 2017 WL 9614818, at *5 (C.D. Cal. Oct. 24, 2017) (finding that receipt of only two objections to fee request, after mailing 210,000 notices, was "remarkably small given the wide dissemination of notice," and "conclud[ing] that the lack of significant objections to the requested fees justifies an award of one-third of the settlement fund.").

[5] The Settlement is conditioned on the entry of the Judgment Approving Class Action Settlement in substantially the form submitted to the Court. *See* Stipulation, ¶¶30, 31(e), 34. The proposed Judgment Approving Class Action Settlement, the [Proposed] Order Approving Plan of Allocation of Net Settlement Fund, and the [Proposed] Order Awarding Attorneys' Fees and Reimbursement of Litigation Expenses, are submitted concurrently herewith.

DATED:  June 6, 2022   Respectfully submitted,

**GLANCY PRONGAY & MURRAY LLP**

By:  */s/ Casey E. Sadler*
Casey E. Sadler
Robert V. Prongay
Joseph D. Cohen
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone:  (310) 201-9150
Email: csadler@glancylaw.com
Email: rprongay@glancylaw.com
Email: jcohen@glancylaw.com
Email: prajesh@glancylaw.com

*Counsel for Lead Plaintiffs Ervin Derr and Peter Shoemaker and for the Settlement Class*

LAW OFFICES OF HOWARD G. SMITH
Howard G. Smith
3070 Bristol Pike, Suite 112
Bensalem, PA 19020
Telephone: (215) 638-4847

*Additional Counsel*

## PROOF OF SERVICE BY ELECTRONIC POSTING

I, the undersigned, say:

I am not a party to the above case, and am over eighteen years old. On June 6, 2022, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Southern District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on June 6, 2022, at Los Angeles, California.

*/s/ Casey E. Sadler*
Casey E. Sadler