Robert V. Prongay (SBN 270796)
Joseph D. Cohen (SBN 155601)
Casey E. Sadler (SBN 274241)
Pavithra Rajesh (SBN 323055)
GLANCY PRONGAY & MURRAY LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone:(310) 201-9150
Email:      rprongay@glancylaw.com
            jcohen@glancylaw.com
            csadler@glancylaw.com
            prajesh@glancylaw.com

*Attorneys for Lead Plaintiff Ervin Derr and Peter Shoemaker and for the Settlement Class*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERVIN DERR, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>RA MEDICAL SYSTEMS, INC., DEAN IRWIN, ANDREW JACKSON, MELISSA BURSTEIN, MARTIN BURSTEIN, RICHARD HEYMANN, MAURICE BUCHBINDER, MARTIN COLOMBATTO, RICHARD MEJIA, JR., PIPER JAFFRAY & CO., CANTOR FITZGERALD & CO., SUNTRUST ROBINSON HUMPHREY, INC., NOMURA SECURITIES INTERNATIONAL, INC., and MAXIM GROUP LLC,<br><br>Defendants. | Case No. 3:19-cv-01079-LAB-AHG<br><br>**CLASS ACTION**<br><br>**DECLARATION OF MELISSA MEJIA IN SUPPORT OF LEAD PLAINTIFFS' UNOPPOSED MOTION FOR CLASS DISTRIBUTION ORDER**<br><br>Hearing Date: _December 11, 2023<br>Time: 11:30 a.m.<br>Location: Courtroom 14A<br>Judge: Hon. Larry Alan Burns |

I, Melissa Mejia, declare and state as follows:

1.    I am a Project Manager for Epiq Class Action & Claims Solutions, Inc. ("Epiq").[1]  This declaration is submitted in support of Lead Plaintiffs' Unopposed Motion for Class Distribution Order.  The following statements are based on my personal knowledge and information provided by other Epiq employees working under my supervision, and, if called on to do so, I could and would testify competently thereto.

2.    Epiq was retained by Lead Counsel to serve as the Claims Administrator in connection with the Settlement of the above-captioned class action (the "Action").  In the Amended Order (1) Granting Motion for Preliminary Approval of Class Action Settlement, (2) Denying Motion to Dismiss Without Prejudice, and (3) Denying Motion for Consideration of Documents Without Prejudice, dated February 11, 2022 (the "Preliminary Approval Order"), the Court approved the retention of Epiq as Claims Administrator.  ECF No. 81.  In that capacity, Epiq has, among other things: (a) mailed the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion For an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, (the "Notice") and the Proof of Claim and Release Form, (the "Claim Form"; and together with the Notice, the "Notice Packet") to Settlement Class Members and their brokers and other nominees; (b) created and continues to maintain a toll-free helpline for inquiries during the course of the administration; (c) created and continues to maintain a case-specific website and posted relevant case-related documents on it;[2] (d) caused the Summary Notice to be published; (e)

---

[1] Unless otherwise defined herein, all capitalized terms have the meanings set forth in the Stipulation and Agreement of Settlement dated November 12, 2021 ("Stipulation").  ECF No. 73-2.

[2] The case-specific website is: www.RaMedicalSecuritiesLitigation.com (the

provided, upon request, additional copies of the Notice Packet to Settlement Class Members, brokers and other nominees; and (f) received and processed Claims.

3. On September 23, 2022, the Court entered the Order: (1) Granting Motion for Final Approval of Class Settlement; and (2) Granting in Part Motion for Attorney Fees and Reimbursement of Litigation Expenses. ECF No. 97. Among other things, the Order approved the proposed Settlement and the proposed Plan of Allocation.

4. Epiq has completed the processing of the 1,071 Claims received as of May 12, 2023, and hereby submits its administrative determinations accepting or rejecting the Claims in preparation for a distribution of the Net Settlement Fund to Authorized Claimants.

## DISSEMINATION OF THE NOTICE

5. As more fully described in the Declaration of Melissa Mejia Regarding (A) Mailing of the Notice and Proof of Claim, (B) Publication of the Summary Notice, and (C) report on Requests for Exclusion Received to Date, dated April 28, 2022 (ECF No. 89-1), and the Second Supplemental Declaration of Melissa Mejia Regarding (A) Mailing of the Notice and Proof of Claim and (B) Claims Received to Date, dated August 3, 2022 (ECF No. 95-1), as of August 3, 2022, Epiq had mailed 4,856 Notice Packets to potential Settlement Class Members, brokers and other nominees. Since that date, 6 additional mailed Notice Packets have been mailed. In total, Epiq has mailed 4,862 Notice Packets to potential Settlement Class Members, brokers and other nominees that may have purchased Ra Medical common stock on behalf of Settlement Class Members. A copy of the Notice Packet is attached as Exhibit A.

"Settlement Website").

DECLARATION OF MELISSA MEJIA
Case No. 3:19-cv-01079
2

6.    Epiq has re-mailed 12 Notice Packets to persons whose original mailing was returned by the U.S. Postal Service and for whom updated addresses were provided to Epiq by the Postal Service.

## PROCEDURES FOLLOWED IN PROCESSING CLAIMS

7.    Under the provisions of the Preliminary Approval Order and as set forth in the Notice, each Settlement Class Member who wished to be eligible to receive a distribution from the Net Settlement Fund was required to complete and submit to Epiq a properly executed Claim Form postmarked or received no later than July 9, 2022, together with adequate supporting documentation for the transactions and holdings reported therein.  Through May 12, 2023, Epiq has received 1,071 Claim Forms.  All have been fully processed.

8.    In preparation for receiving and processing Claims, Epiq:  (a) conferred with Lead Counsel to define the project guidelines for processing claims; (b) created a unique database to store Claim Form details and images of Claim Forms and supporting documentation; (c) trained staff in the specifics of the project so that Claims would be properly processed; (d) formulated a system so that telephone and email inquiries would be properly responded to; (e) developed various computer programs and screens for entry of claimants' identifying information, as well as their transactional information; and (f) developed a proprietary "calculation module" that would calculate Recognized Loss pursuant to the Court-approved Plan of Allocation set forth in the Notice.

9.    Settlement Class Members, and their banks, brokers, and other nominees, seeking to share in the Net Settlement Fund were directed in the Notice Packets to submit their Claim Forms to the post office box address specifically designated for the Settlement, to submit Claims online using the Settlement Website, or to submit Claims to the Epiq team that handles large electronic claims (the

"Securities Team"). Any correspondence received at the post office box was reviewed and, where necessary, appropriate responses were provided to the senders.

## PROCESSING PAPER CLAIM FORMS

10. Of the 1,071 Claim Forms received by Epiq through May 12, 2023, 216 were paper Claim Forms or Claims submitted through the Settlement Website. Once received, paper Claims were opened and prepared for scanning. This process included unfolding documents, removing staples, copying nonconforming sized documents, and sorting documents. This manual task of preparing the paper Claims is laborious and time intensive. Once prepared, the paper Claims were scanned into a database together with all submitted documentation. Each paper Claim Form was assigned a unique Claim Number. The information from each Claim Form, including the claimant's name, address, account number/information from his, her or its supporting documentation, and the purchase/acquisition transactions, sale transactions, and holdings listed on the Claim Form, was entered into the database developed by Epiq to process Claims submitted for the Settlement. Next, the documentation provided by each claimant in support of his, her or its Claim Form was reviewed to determine: (a) whether the claimant traded in Ra Medical common stock during the Settlement Class Period; (b) whether the transaction information entered on the Claim Form was supported by the documentation; (c) that the claimant did not have any additional trades not reflected on his, her, or its Claim Form; (d) that the name of the claimant matched the information on the trade documentation, or additional documentation was provided to support any name changes; and (e) that the beneficial owner on the trade documentation, or a valid representative, was the person who signed the Claim Form.

11. In order to process the Claims, Epiq utilized internal codes to identify and classify any deficiency or ineligibility conditions that existed within the Claims. The appropriate codes were assigned to the Claims as they were processed. For

example, where a Claim Form was submitted by a claimant who did not have any eligible transactions in Ra Medical common stock during the Settlement Class Period (*e.g.*, the claimant purchased Ra Medical common stock only before or after the Settlement Class Period), that Claim would receive a defect code that denoted ineligibility.  Similar defect codes were used to denote other ineligible conditions, such as duplicate Claims.  These message codes would indicate to Epiq that the claimant is not eligible to receive any payment from the Net Settlement Fund with respect to that Claim unless the deficiency was cured in its entirety.  Examples of conditions of ineligibility are as follows:

| | | |
|---|---|---|
| ND | No Documentation Submitted for the Entire Claim; | |
| MD | Inadequate Documentation; | |
| DP | Duplicate Claim; | |
| PO | No Eligible Purchase During the Settlement Class Period; | |
| SG | No Signature; | |
| ZR | No Recognized Loss Under the Plan of Allocation; and | |
| ZD | No Recognized Loss Due to Other Defects. | |

12.    Because a Claim may be deficient only in part, but otherwise acceptable, Epiq utilized codes that were only applied to specific transactions within a Claim.  For example, if a claimant submitted a Claim Form which, in addition to having eligible documented purchases, also listed shares that were transferred into the account but no supporting documentation demonstrating that the transferred shares had been purchased during the Settlement Class Period was provided, that transfer transaction would receive a transaction-specific defect code.  That code indicated that the shares transferred into the account were not eligible, unless the defect was cured, but the Claim was otherwise eligible for payment based on the other transactions.  Thus, even if the deficiency was never cured, the Claim could

still be partially accepted.  A few examples of transaction-specific message codes are as follows:

| | |
|---|---|
| BL | Claim Did Not Balance/Trade Discrepancy; |
| PR | Partial Documentation; |
| RC | Received Shares (*i.e.*, shares transferred into an account but not "purchased"); |
| DV | Delivered Shares (*i.e.*, shares transferred out of an account but not "sold"); |
| EN | No Proof of End Holdings; |
| IS | Ineligible Security; and |
| MR | Missing Information. |

## PROCESSING ELECTRONICALLY FILED CLAIM FORMS

13.    Of the 1,071 Claims received by Epiq through May 12, 2023, 855 were filed electronically ("Electronic Claims").  Electronic Claims are typically submitted by, or on behalf of, institutional investors who may have hundreds or thousands of transactions during the Settlement Class Period.  Rather than provide reams of paper requiring data entry, the institutional investors or representatives filing Electronic Claims either mail a computer disc or electronically submit a file to Epiq so that Epiq may electronically upload all transactions to its proprietary database developed for the Settlement.

14.    Epiq maintains a Securities Team to coordinate and supervise the receipt and handling of all Electronic Claims.  In this case, the Securities Team reviewed and analyzed each electronic file to ensure that it was formatted in accordance with Epiq's required format, and to identify any potential data issues or inconsistencies within the file.  If any issues or inconsistencies arose, Epiq notified the sender.  If the electronic file was deemed to be in an acceptable format, it was then loaded to Epiq's database.

15.     Once the file was loaded, the Electronic Claims were coded to identify them as Electronic Claims and message codes were applied to denote any deficiencies or ineligible conditions that existed within them.  These message codes are similar to those applied to paper and online Claim Forms.  In lieu of manually applying message codes, the Securities Team performed programmatic reviews of the Electronic Claims to identify deficiency and ineligibility conditions (such as, but not limited to, price per share/net amount validation issues, out of balance conditions, and transactions outside the Settlement Class Period, *etc*.).  The output was thoroughly verified and confirmed as accurate.

16.     The review process also included flagging any Electronic Claims that were not accompanied by a signed Claim Form, which serves as a "Master Proof of Claim Form" for all accounts referenced on the electronic file submitted.  This process was reviewed by Epiq's Securities Team and, where appropriate, Epiq contacted the institutional filers whose electronic files were missing information. This ensures that all Claims are submitted by properly authorized representatives of the claimants.

17.     Finally, at the end of this process, Epiq performed various targeted reviews of the Electronic Claims.  Specifically, Epiq used criteria such as the calculated Recognized Loss amounts and other criteria to flag a sampling of electronic filers in order to request additional information, such as that specific purchases, sales and holdings selected by Epiq be documented with confirmation slips or other transaction-specific supporting documentation.  These targeted reviews help to ensure that electronic data supplied by claimants does not contain inaccurate information.  As set forth in ¶¶ 29-32 below, Epiq also performed additional quality assurance reviews in connection with the largest Claims.

## EXCLUDED PERSONS

18.    Epiq also reviewed all claims to ensure that they were not submitted by or on behalf of "Excluded Persons," to the extent that the identities of such persons or entities were known to Epiq through the list of Defendants and other excluded persons and entities set forth in the Stipulation and in the Notice, and through the claimants' certifications on the Claim Forms.  Epiq also reviewed all Claims against the list of persons who were excluded from the Class pursuant to requests for exclusion.

## ADDITIONAL COMPLEXITIES ENCOUNTERED
## IN CLAIMS PROCESSING

19.    Many of the Claims Epiq received were deficient or ineligible for one or more reasons and, therefore, were subjected to the additional processing, correspondence and telephonic communications described in Paragraphs 21-25 below.

20.    During the processing of Claims, Epiq also encountered "non-conforming" Claims, which, in general, require significantly more work than ordinary Claims because of the information contained in or missing from the Claims or the manner in which the Claims were completed.  Non-conforming Claims include, among other conditions, missing pages, no name or address, Claim Forms that are blank but submitted with documentation for Epiq to complete, and Claim Forms that are so materially deficient as to make what is being claimed unrecognizable.

## THE DEFICIENCY PROCESS FOR PAPER CLAIMS

21.    Of the 216 paper Claims received as of May 12, 2023, 128, or approximately 59% of them were incomplete or had one or more defects or conditions of ineligibility, such as the Claim Form not being signed, not being properly documented, or indicating no eligible transactions in Ra Medical common

stock during the Settlement Class Period. Much of Epiq's efforts in handling an administration involve claimant communications so that all claimants have a sufficient opportunity to cure any deficiencies and file a complete Claim. The "Deficiency Process," which involved contacting claimants and responding to inquiries from claimants either by telephone or email, was intended to assist them in properly completing their otherwise deficient submissions so that they would be eligible to participate in the Settlement.

22. If a Claim was determined to be defective or ineligible, a Notice of Deficient Claim Form Submission ("Deficiency Notice") was sent to the claimant describing the defect(s) or condition(s) of ineligibility in his, her or its Claim and what was necessary to cure any "curable" defect(s) in the claim. The Deficiency Notice advised the claimant that the submission of the appropriate information and/or documentary evidence to complete the Claim had to be sent within 20 days from the date of the letter. The Deficiency Notice further advised that if the appropriate information was not submitted in this timeframe, the Claim would be recommended for rejection to the extent the deficiency or condition of ineligibility was not cured. The Deficiency Notice also advised claimants that if they desired to contest the administrative determination, they were required to submit a written statement to Epiq requesting Court review of the determination and setting forth the basis for their request. Attached hereto as Exhibit B is an example of the Deficiency Notice.

23. Claimants' responses to the Deficiency Notices were scanned into Epiq's database and associated with the corresponding Claim Form. The responses were then carefully reviewed and evaluated by Epiq's team of processors. If a claimant's response corrected the defect(s), Epiq updated the database manually to reflect the change in status of the Claim.

## THE DEFICIENCY PROCESS FOR ELECTRONIC CLAIMS

24.     Of the 855 Electronic Claims received, 386 were deficient or ineligible. Epiq used the following process to inform Electronic Claim filers that their electronic submissions were deficient.  Each filer was sent an email attaching a report that listed the specific Claims that were deficient or ineligible, along with a list of the specific portions of the Claims that were deficient or ineligible (the "Transaction Report").  With respect to the Electronic Claims, the Transaction Reports:

(a)     were sent electronically to filers who submitted deficient or ineligible Electronic Claims;

(b)     identified individual transactions and entire Electronic Claims that were found to be deficient or ineligible so that the filer had the opportunity to correct the deficient condition or contest the determination of ineligibility;

(c)     stated that any deficient transactions or Electronic Claims that remain uncured, as well as any transactions or Electronic Claims that were identified as ineligible were rejected;

(d)     notified the filer that, within 20 days, it could request that the Court review Epiq's administrative determinations if it wished to contest the rejection of any transactions or Electronic Claims; and

(e)     provided Epiq's contact information if the filer had any questions or required assistance.

25.     Responses to the Transaction Reports were reviewed by Epiq's Securities Team, scanned and/or loaded into Epiq's database, and were associated with the corresponding Electronic Claim.  If the response corrected the defect(s) or affected the Electronic Claim's status, Epiq manually and/or programmatically updated the database to reflect the change in status of the Electronic Claim.

## DISPUTED CLAIMS

26.    As noted above, filers were advised that they had the right to contest Epiq's administrative determinations of deficiencies or ineligibility within twenty days from the date of notification and that they could request that the dispute be submitted to the Court for review.  More specifically, such persons were advised in the Deficiency Notice or the Transaction Reports that if they disputed Epiq's determinations, they had to provide a statement of reasons indicating the grounds for contesting the rejection, along with supporting documentation.  Epiq did not receive any requests for Court review.

## LATE BUT OTHERWISE ELIGIBLE CLAIMS

27.    Through May 12, 2023, Epiq received 32 Claims that were either postmarked or received after the July 9, 2022, Claim submission deadline established by the Court.  Epiq has fully processed these Claims.  Of the late Claims, 10 have been found to be otherwise eligible in whole or in part (the "Late But Otherwise Eligible Claims").  Epiq has not rejected any Claim solely based on its late submission, and Epiq believes no delay has resulted from the provisional acceptance of these Late But Otherwise Eligible Claims.  To the extent they are eligible but for the fact that they were late, they are recommended herein for payment.

28.    However, there must be a final cut-off date after which no more Claims will be accepted so that there may be a proportional distribution of the Net Settlement Fund and the distribution may be accomplished.  Accordingly, and in consultation with Lead Counsel, Epiq recommends that no Claim Form received or adjusted after May 13, 2023 be eligible for payment.

## QUALITY ASSURANCE

29.    An integral part of all of Epiq's settlement administration projects is its Quality Assurance reviews.  These reviews are also labor intensive and time

consuming. Specifically, Epiq's personnel worked throughout the entire administration to ensure that Claims were processed properly; that deficiency and ineligibility message codes were properly applied to Claims; that deficiency notices were mailed to the appropriate claimants; and that Epiq's computer programs were operating properly.

30. In support of the work described above, Epiq staff designed, implemented and tested and reviewed the following programs for this administration: (a) data entry screens that store Claim information (including all transactional data included in each Claim and in any supporting documentation), attach message codes and, where necessary, apply text to denote conditions existing within the Claim; (b) screens for the analyst to review images of the Claim Form and any supporting documentation provided; (c) programs to load and analyze transactional data submitted electronically for all Electronic Claims (a load program converts the data submitted into the format required by the calculation program, and an analysis program determines if the data is consistent and complete); (d) a program to compare the claimed transaction prices against the reported market prices of Ra Medical common stock to confirm that the claimed transactions were within an acceptable range of the reported market prices; (e) a calculation program to analyze the transactional data for all Claims, and calculate the Recognized Loss based on the Court-approved Plan of Allocation; and (f) programs to generate various reports throughout and at the conclusion of the administration, including lists of all eligible and ineligible Claims.

31. Epiq's Securities Team also performed a final quality control check once all of the accepted Claims were processed, deficiency notices were mailed, and deficiency responses were reviewed and processed, to ensure the correctness and completeness of all of the processed Claims before Epiq prepared its final reports to Lead Counsel. Here, in connection with this Quality Assurance wrap-up, Epiq: (a)

confirmed that the Claims that are being recommended for approval have no message codes denoting ineligibility; (b) confirmed that Claims that are being recommended for rejection have message codes denoting ineligibility; (c) confirmed that all Claims requiring Deficiency Notices were sent such notices; (d) performed a sample review of deficient Claims; (e) reviewed a sampling of Claims with high Recognized Loss amounts to confirm Epiq's determinations; (f) sampled Claims that had been determined to be ineligible, including those with no Recognized Loss calculated in accordance with the Plan of Allocation, in order to verify that all transactions had been captured correctly; and (g) retested the accuracy of the loss calculation program.

32.    As part of its due diligence in processing the Claims, Epiq also conducted a "Questionable Claim Filer" search of all paper Claims and Electronic Claims filed in the Settlement as follows. Epiq maintains a database of known questionable filers. This database contains names, addresses, and aliases of individuals who have been investigated by government agencies for fraudulent claim filing, as well as the names and contact information compiled from previous settlements that Epiq has administered where fraudulent claims were received. Epiq updates the database on a regular basis. The database for the Settlement was searched for all individuals identified in our Questionable Claim Filer Database. Epiq performed searches based on name, aliases, address, and city/zip code. In addition, all of Epiq's claim processors are trained to identify any potentially inauthentic documentation when processing claims, including for Claims submitted by claimants not previously captured in our database as Questionable Claim Filers. Processors are instructed to flag Claims as "Questionable Claims" and route them to the Project Manager and Securities Team for review. Three Claims were located, and rejected, as a result of these searches. The claimants have not disputed the rejection of the Claims.

## DISPOSITION OF CLAIM FORMS

33.    Epiq has completed the processing of the 1,071 Claims that were either postmarked or received through May 12, 2023 and has determined that 388 are acceptable in whole, 23 are acceptable in part, and that 660 should be wholly rejected because they are either ineligible, wholly deficient, or have no Recognized Loss when calculated in accordance with the Court-approved Plan of Allocation.

34.    The 660 wholly rejected Claims are recommended for rejection by the Court for the following reasons:

### Summary of Rejected Claims

| Reason for Rejection | Number of Claims |
|---|---|
| No Eligible Purchases During the Settlement Class Period | 102 |
| Claim Did Not Result in a Recognized Loss | 292 |
| Deficient Claim with Condition of Ineligibility Never Cured | 33 |
| Duplicate Claim | 15 |
| Claim Withdrawn/Voided by Request | 218 |
| **TOTAL** | 660 |

35.    A list of the Claims and Epiq's recommendations as to their disposition is contained in the Administrator's Report attached hereto as Exhibit C.  Exhibit C-1, entitled "Timely Eligible Claims," lists all timely filed, accepted Claims, and states their Recognized Loss amounts.  Exhibit C-2, entitled "Late But Otherwise Eligible Claims," lists all late filed, accepted Claims, and states their Recognized Loss amounts.  Exhibit C-3, entitled "Rejected Claims," lists all wholly rejected Claims, and states the reason for their rejection.  For privacy reasons, Exhibit C provides only the claimant's Claim Number and Recognized Loss amount or Reason

for Rejection (no names, addresses, Taxpayer ID, Social Security or Social Insurance Numbers are disclosed).

36.     Epiq has determined that 411 Claims should be accepted.  The Claims recommended for acceptance represent total Recognized Losses of $50,777,328.91 under the Court-approved Plan of Allocation.  Of that total, $50,333,245.51 is for Timely Eligible Claims and $444,083.40 is for Late But Otherwise Eligible Claims.

37.     According to the Court-approved Plan of Allocation, each Authorized Claimant will be allocated a *pro rata* share of the Net Settlement Fund based on his, her or its Recognized Loss in comparison to the total Recognized Loss of all Authorized Claimants.

## **FEES AND DISBURSEMENTS**

38.     Epiq agreed to be the Claims Administrator for the Settlement in exchange for payment of its fees and expenses.  Lead Counsel received regular reports of and invoices for all of the work Epiq performed with respect to provision of notice and the administration of the Settlement and authorized the claims administration work performed herein.

39.     The cost of the administration of the Settlement through August 29, 2023, totals $73,918.24, of which $68,315.26 has been paid.  Additionally, Epiq has estimated that the cost of conducting the initial distribution of the Settlement, which will be reserved prior to the initial distribution, is $11,874.15, *see* Exhibit D hereto. Therefore, Epiq respectfully requests the Court approve fees in the amount of $17,477.13.   Should the estimate of fees and expenses to conduct the initial distribution exceed the actual fees and expenses, Epiq will refund the difference to the Net Settlement Fund once the initial distribution is completed.

## DISTRIBUTION PLAN FOR THE NET SETTLEMENT FUND

40.    Should the Court concur with Epiq's determinations concerning the accepted and rejected Claims, including the Late But Otherwise Eligible Claims, Epiq recommends the following distribution plan (the "Distribution Plan"):

(a)    Epiq will conduct an initial distribution (the "Initial Distribution") of the Net Settlement Fund, after deducting the payments previously allowed and requested herein, and after payment of any Taxes, the costs of preparing appropriate tax returns, and any escrow fees as follows:

(i)    Epiq will calculate award amounts to all Authorized Claimants by calculating their *pro rata* share of the Net Settlement Fund in accordance with the Plan of Allocation.

(ii)    Epiq will, pursuant to the terms of the Plan of Allocation, eliminate from the Initial Distribution any Authorized Claimant whose *pro rata* share of the Net Settlement Fund, as calculated under subparagraph (a)(i) above, is less than $10.00.  Such claimants will not receive any distribution from the Net Settlement Fund and Epiq will send letters to those Authorized Claimants advising them of that fact.

(iii)    After eliminating claimants who would have received less than $10.00, Epiq will calculate the *pro rata* share of the Net Settlement Fund for Authorized Claimants who would have received $10.00 or more pursuant to the calculations described in subparagraph (a)(i) above ("Distribution Amount").

(iv)    In order to encourage Authorized Claimants to promptly deposit their payments, all distribution checks will bear a notation "DEPOSIT PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT NEGOTIATED WITHIN 90 DAYS OF ISSUE DATE."

(v)    Authorized Claimants who do not cash their Initial Distribution checks within the time allotted will irrevocably forfeit all recovery from

the Settlement. The funds allocated to all such stale-dated checks will be available to be re-distributed to other Authorized Claimants in the Second Distribution as discussed below. Similarly, Authorized Claimants who do not cash their second or subsequent distributions (should such distributions occur) within the time allotted will irrevocably forfeit any further recovery from the Net Settlement Fund.

(b) After Epiq has made reasonable and diligent efforts to have Authorized Claimants cash their Initial Distribution checks, but no earlier than six (6) months after the Initial Distribution, Epiq will conduct a second distribution of the Net Settlement Fund (the "Second Distribution") in which any unclaimed amounts remaining in the Net Settlement Fund after the Initial Distribution, after deducting Epiq's fees and expenses incurred in connection with administering the Settlement for which it has not yet been paid (including the estimated costs of such Second Distribution), and after the payment of any Taxes, the costs of preparing appropriate tax returns, and any escrow fees, will be distributed to all Authorized Claimants in the Initial Distribution who cashed their Initial Distribution check and would receive at least $10.00 from such distribution based on their *pro-rata* share of the remaining funds.

(c) In order to allow a final distribution of any funds remaining in the Net Settlement Fund after completion of the Second Distribution, whether by reason of returned funds, tax refunds, interest, uncashed checks, or otherwise:

(i) If cost effective, not less than six (6) months after the Second Distribution is conducted, Epiq will conduct a further distribution of the Net Settlement Fund, in which all funds remaining in the Net Settlement Fund, after deducting Epiq's unpaid fees and expenses incurred or to be incurred in connection with administering the Net Settlement Fund (including the estimated costs of such distribution), and after the payment of any Taxes, the costs of preparing appropriate tax returns, and any escrow fees, will be distributed to Authorized Claimants who

cashed their Second Distribution checks in an equitable and economic fashion. Additional re-distributions, after deduction of costs and expenses as described above and subject to the same conditions, may occur thereafter until Lead Counsel, in consultation with Epiq, determines that further re-distribution is not cost-effective. At that point, the residual balance will be contributed—subject to Court approval—to the Public Justice Foundation, a nonsectarian, not-for-profit 501(c)(3) organization.

(d)    No new Claim Forms nor adjustments to Claim Forms, which would result in an increased Recognized Loss amount, may be accepted after May 13, 2023.  Should an adjustment be received that results in a lower Recognized Loss amount, that adjustment will be made and the Recognized Loss amount will be reduced accordingly

(e)    Unless otherwise ordered by the Court, one year after the Initial Distribution, or the Second Distribution if it occurs, Epiq will destroy the paper copies of the Claim Forms and all supporting documentation, and one year after all funds have been distributed, Epiq will destroy electronic copies of the same.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed on August 31, 2023, in Suffolk, NY.


_____
Melissa Mejia

# EXHIBIT A

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERVIN DERR, and PETER SHOEMAKER, Individually and on Behalf of All Others Similarly Situated,<br><br>            Plaintiffs,<br><br>      v.<br><br>RA MEDICAL SYSTEMS, INC., DEAN IRWIN, ANDREW JACKSON, MELISSA BURSTEIN, MARTIN BURSTEIN, RICHARD HEYMANN, MAURICE BUCHBINDER, MARTIN COLOMBATTO, RICHARD MEJIA, JR., MARK E. SAAD, and WILLIAM ENQUIST, JR.,<br><br>            Defendants. | Case No. 3:19-cv-01079<br><br>Honorable Larry Alan Burns |

**NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:** Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the Southern District of California (the "Court"), if you purchased or otherwise acquired the common stock of Ra Medical Systems, Inc. ("Ra Medical" or the "Company"): (a) pursuant and/or traceable to Ra Medical's Initial Public Offering; and/or (b) between September 27, 2018 and November 27, 2019, inclusive (the "Settlement Class Period").[1]

**NOTICE OF SETTLEMENT:** Please also be advised that the Court-appointed Lead Plaintiffs, Ervin Derr and Peter Shoemaker ("Lead Plaintiffs"), on behalf of themselves and the Settlement Class (as defined in ¶ 24 below), have reached a proposed settlement of the Action for $10,000,000 in cash that, if approved, will resolve all claims in the Action (the "Settlement").

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of cash from the Settlement. If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact Ra Medical, any other Defendants in the Action, or their counsel. All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶ 83 below).**

1.    **Description of the Action and the Settlement Class:** This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other things, that defendant Ra Medical, and defendants Dean Irwin ("Irwin"), Andrew Jackson ("Jackson"), Melissa Burstein, Martin Burstein, Richard Heymann, Maurice Buchbinder, Martin Colombatto, Richard Mejia, Jr., Mark E. Saad, and William Enquist Jr. (collectively, the "Individual Defendants," and, together with Ra Medical, "Defendants") violated the federal securities laws by making false and misleading statements regarding Ra Medical. A more detailed description of the Action is set forth in paragraphs 11-23 below. The proposed Settlement, if approved by the Court, will settle claims of the Settlement Class, as defined in paragraph 24 below.

2.    **Statement of the Settlement Class's Recovery:** Subject to Court approval, Lead Plaintiffs, on behalf of themselves and the Settlement Class, have agreed to settle the Action in exchange for a payment of $10,000,000 in cash (the "Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (a) any Taxes, (b) any Notice and Administration Costs, (c) any Litigation Expenses awarded by the Court, and (d) any attorneys'

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated November 12, 2021 (the "Stipulation"), which is available at www.RaMedicalSecuritiesLitigation.com.

fees awarded by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class. The proposed plan of allocation (the "Plan of Allocation") is set forth on pages 9-13 below.

3.      **Estimate of Average Amount of Recovery Per Share:** Based on Lead Plaintiffs' damages expert's estimates of the number of shares of Ra Medical common stock purchased during the Settlement Class Period that may have been affected by the conduct at issue in the Action and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses and costs as described herein) per eligible share is $0.78. Settlement Class Members should note, however, that the foregoing average recovery per share is only an estimate. Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, when and at what prices they purchased/acquired or sold their shares of Ra Medical common stock, and the total number of valid Claim Forms submitted. Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth herein (*see* pages 9-13 below) or such other plan of allocation as may be ordered by the Court.

4.      **Average Amount of Damages Per Share:** The Parties do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiffs were to prevail in the Action. Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Settlement Class as a result of their conduct.

5.      **Attorneys' Fees and Expenses Sought:** Court-appointed Lead Counsel, Glancy Prongay & Murray LLP, has been prosecuting the Action on behalf of Lead Plaintiffs on a wholly contingent basis since its inception in 2019, has not received any payment of attorneys' fees for its representation of the Settlement Class and has advanced the funds to pay expenses necessarily incurred to prosecute this Action. Lead Counsel will apply to the Court for an award of attorneys' fees in an amount not to exceed 33⅓% of the Settlement Fund. In addition, Lead Counsel will apply for reimbursement of Litigation Expenses paid or incurred in connection with the institution, prosecution and resolution of the claims against Defendants, in an amount not to exceed $85,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Settlement Class. Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses. Estimates of the average cost per affected share of Ra Medical common stock, if the Court approves Lead Counsel's fee and expense application, is $0.27 per eligible share.

6.      **Identification of Attorneys' Representatives:** Lead Plaintiffs and the Settlement Class are represented by Casey E. Sadler, Esq. of Glancy Prongay & Murray LLP, 1925 Century Park East, Suite 2100, Los Angeles, CA 90067, (888) 773-9224, settlements@glancylaw.com.

7.      **Reasons for the Settlement:** Lead Plaintiffs' principal reason for entering into the Settlement is the substantial immediate cash benefit for the Settlement Class without the risk or the delays inherent in further litigation. Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after contested motions, a trial of the Action and the likely appeals that would follow a trial. This process could be expected to last several years. Defendants, who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM ONLINE OR POSTMARKED NO LATER THAN JULY 9, 2022.** | This is the only way to be eligible to receive a payment from the Settlement Fund. If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶ 33 below) that you have against Defendants and the other Released Defendants' Parties (defined in ¶ 34 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN MAY 23, 2022.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund. This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants or the other Released Defendants' Parties concerning the Released Plaintiffs' Claims. |

| | |
|---|---|
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN MAY 23, 2022.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like them. You cannot object to the Settlement, the Plan of Allocation or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |
| **GO TO A HEARING ON JUNE 13, 2022 AT 11:30 A.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN MAY 23, 2022.** | Filing a written objection and notice of intention to appear by May 23, 2022 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and reimbursement of Litigation Expenses. If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund. You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

## WHAT THIS NOTICE CONTAINS

WHY DID I GET THIS NOTICE? ................................................................................................PAGE 4

WHAT IS THIS CASE ABOUT? ...............................................................................................PAGE 4

HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?
WHO IS INCLUDED IN THE SETTLEMENT CLASS? ................................................................PAGE 5

WHAT ARE LEAD PLAINTIFFS' REASONS FOR THE SETTLEMENT?........................................PAGE 6

WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?...................................................PAGE 6

HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT? .......PAGE 6

HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?.............................PAGE 8

HOW MUCH WILL MY PAYMENT BE? ....................................................................................PAGE 8

WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING?
HOW WILL THE LAWYERS BE PAID? ................................................................................... PAGE 13

WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS?
HOW DO I EXCLUDE MYSELF?............................................................................................ PAGE  14

WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?
DO I HAVE TO COME TO THE HEARING?
MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT? .................................... PAGE 14

WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?.............................................. PAGE 15

CAN I SEE THE COURT FILE? WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?.............................. PAGE 15

AF8663 v.09

## WHY DID I GET THIS NOTICE?

8.      The Court directed that this Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired Ra Medical common stock during the Settlement Class Period. The Court has directed us to send you this Notice because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement. Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights. If the Court approves the Settlement, and the Plan of Allocation (or some other plan of allocation), the claims administrator selected by Lead Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.      The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to do so. It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation and the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Hearing"). See paragraph 74 below for details about the Settlement Hearing, including the date and location of the hearing.

10.      The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing. Please be patient, as this process can take some time to complete.

## WHAT IS THIS CASE ABOUT?

11.      This litigation stems from Lead Plaintiffs' allegations that Defendants made material misstatements and/or omitted material facts about Ra Medical's operations, including product defects with DABRA catheters, product recall, off-label marketing of DABRA, and improper payments to physicians.

12.      The class action complaint in this Action was filed in the United States District Court for the Southern District of California on June 7, 2019. By Order dated September 5, 2019, the Court appointed Ervin Derr and Peter Shoemaker to serve as Lead Plaintiffs in the Action, and approved their selection of Glancy Prongay & Murray as Lead Counsel.

13.      On January 13, 2020, Lead Plaintiffs filed and served their First Amended Complaint (the "FAC"). It asserted claims against Ra Medical, Irwin, and Jackson under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, against Irwin and Jackson under Section 20(a) of the Exchange Act, against Defendants under Section 11 of the Securities Act of 1933 (the "Securities Act"), and against the Individual Defendants under Section 15 of the Securities Act.[2] Among other things, the FAC alleged that Defendants made materially false and misleading statements and/or failed to disclose material facts about the manufacturing problems that caused DABRA catheters to fail to calibrate, the recall of DABRA product, and the resulting financial impact. It also alleged that Defendants failed to disclose that the Company engaged in off-label marketing by characterizing DABRA as an atherectomy device and that Ra Medical made improper payments to physicians. The FAC further alleged that the prices of Ra Medical's publicly-traded securities were artificially inflated as a result of Defendants' allegedly false and misleading statements, and declined when the truth was revealed.

14.      On March 13, 2020, Defendants moved to dismiss the FAC. On April 27, 2020, Lead Plaintiffs opposed Defendants' motions to dismiss, and on May 27, 2020, Defendants filed their reply papers.

15.      On June 23, 2020, Lead Plaintiffs filed an *ex parte* application for leave to file a sur-reply to Defendants' replies in support of their motions to dismiss, which Defendants opposed on June 25, 2020.

16.      On March 24, 2021, the Court issued a Memorandum and Order granting in part and denying in part Defendants' motions to dismiss the FAC.

17.      On April 19, 2021, Lead Plaintiffs filed and served their Second Amended Complaint (the "Complaint"), alleging substantially similar claims as those in the FAC, but omitted allegations regarding Ra Medical's sales personnel and training, and added allegations regarding Lead Plaintiffs' standing to pursue the Section 11 claim, the Company's off-label marketing of DABRA, and Ra Medical's settlement with the Department of Justice.

---

[2] The FAC also asserted Securities Act claims against the following underwriters of Ra Medical's IPO: Piper Jaffray & Co. n/k/a Piper Sandler & Co., Cantor Fitzgerald & Co., Sun Trust Robinson Humphrey, Inc., Nomura Securities International, Inc., and Maxim Group LLC (the "Underwriters"). On March 11, 2020, Plaintiffs voluntarily dismissed the Underwriters from the Action without prejudice.

18.     On June 10, 2021, Defendants moved to dismiss the Complaint. On July 26, 2021, Lead Plaintiffs opposed Defendants' motion to dismiss, and on August 25, 2021, Defendants filed their reply papers.

19.     Lead Plaintiffs recognized that the Court's decision on the motion to dismiss the FAC underscored the risks attendant to this litigation. While the Parties believe in the merits of their respective positions, they also recognized the benefits that would accrue if they could reach an agreement to resolve the Action. They began to discuss the possibility of settling the Action with the assistance of a mediator.

20.     On September 28, 2021, Lead Counsel and Defendants' Counsel participated in a full-day mediation session before Jed D. Melnick, Esq. of JAMS, a nationally recognized mediator of complex disputes. In advance of that session, the Parties exchanged, and provided to Mr. Melnick, detailed mediation statements, which addressed the issues of both liability and damages. The session culminated in Mr. Melnick recommending that the Parties resolve the Action for a cash payment of $10,000,000 by or on behalf of Defendants. Both Parties accepted Mr. Melnick's recommendation.

21.     Based on the investigation and mediation of the case and Lead Plaintiffs' direct oversight of the prosecution of this matter and with the advice of their counsel, each of the Lead Plaintiffs has agreed to settle and release the claims raised in the Action pursuant to the terms and provisions of the Stipulation, after considering, among other things, (a) the substantial financial benefit that Lead Plaintiffs and the other members of the Settlement Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

22.     Defendants are entering into the Stipulation solely to eliminate the uncertainty, burden and expense of further protracted litigation. Each Defendant denies any wrongdoing, and the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Defendant, or any other Released Defendants' Party (defined in ¶ 34 below), with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted. Similarly, the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Lead Plaintiff of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of Defendants' defenses to liability had any merit.

23.     On February 11, 2022, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Settlement Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?
## WHO IS INCLUDED IN THE SETTLEMENT CLASS?

24.     If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded. The Settlement Class consists of:

> all persons and entities that purchased or otherwise acquired the common stock of Ra Medical: (a) pursuant and/or traceable to Ra Medical's IPO; and/or (b) between September 27, 2018 and November 27, 2019, inclusive.

Excluded from the Settlement Class are: (a) persons and entities who or which suffered no compensable losses; and (b)(i) Defendants and Underwriters; (ii) any person who served as a partner, control person, executive officer and/or director of Ra Medical or Underwriters during the Settlement Class Period, and their Immediate Family Members; (iii) present and former parents, subsidiaries, assigns, successors, affiliates, and predecessors of Ra Medical and Underwriters; (iv) any entity in which Defendants or Underwriters have or had a controlling interest; (v) any trust of which any Individual Defendant is the settlor or which is for the benefit of any Individual Defendant and/or their Immediate Family Members; (vi) Defendants' liability insurance carriers; and (vii) the legal representatives, heirs, successors, and assigns of any person or entity excluded under provisions (i) through (vi) hereof. Also excluded from the Settlement Class are any persons and entities who or which submit a request for exclusion from the Settlement Class that is accepted by the Court. For the avoidance of doubt, (a) any Investment Vehicle shall not be excluded from the Settlement Class; and (b) "affiliates" are persons or entities that directly, or indirectly through one or more intermediaries, control, are controlled by or are under common control with one of the Defendants. *See* "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself," on page 13 below.

**PLEASE NOTE: RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT. IF YOU ARE A SETTLEMENT CLASS MEMBER AND YOU WISH TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN SUBMITTED ONLINE BY OR POSTMARKED NO LATER THAN JULY 9, 2022.**

AF8665 v.09

## WHAT ARE LEAD PLAINTIFFS' REASONS FOR THE SETTLEMENT?

25.    Lead Plaintiffs and Lead Counsel believe that the claims asserted against Defendants have merit. They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against the remaining Defendants through trial and appeals, as well as the very substantial risks they would face in establishing liability and damages. For example, the Court could conclude that the additional facts alleged in the Complaint do not cure the deficiencies identified in the FAC regarding misstatements about off-label marketing and payments to physicians, among others. Moreover, though the Court had found that Lead Plaintiffs adequately alleged Defendants failed to disclose a product recall was underway, Defendants disputed that the recall of DABRA lasers in February 2018 continued throughout the Settlement Class Period to culminate with a voluntary product recall in September 2019, thereby precluding liability as to those alleged misstatements. Even if the hurdles to establishing liability were overcome, the amount of damages that could be attributed to the allegedly false statements would be contested. Lead Plaintiffs would have to prevail at several stages – motions for class certification and summary judgment, trial, and if they prevailed on those, on the appeals that were likely to follow. Additionally, there were very real risks to recovering a judgment substantially larger than the Settlement in light of Ra Medical's financial condition and limited officers and directors' insurance. Thus, there were very significant risks attendant to the continued prosecution of the Action.

26.    In light of these risks, the amount of the Settlement and the immediacy of recovery to the Settlement Class, Lead Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Settlement Class. Lead Plaintiffs and Lead Counsel believe the Settlement provides a substantial benefit to the Settlement Class, namely $10,000,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller, or no recovery after summary judgment, trial and appeals, possibly years in the future.

27.    Defendants have denied the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever. Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation. Accordingly, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

28.    If there were no Settlement and Lead Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants, neither Lead Plaintiffs nor the other members of the Settlement Class would recover anything from Defendants. Also, if Defendants were successful in proving any of their defenses, either at summary judgment, at trial or on appeal, the Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?

29.    As a Settlement Class Member, you are represented by Lead Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section below entitled: "When And Where Will The Court Decide Whether To Approve The Settlement?"

30.    If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section below entitled: "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself?"

31.    If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section below entitled: "When And Where Will The Court Decide Whether To Approve The Settlement?"

32.    If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court. If the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally

AF8666 v.09

and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiffs' Claim (as defined in ¶33 below) against Released Defendants' Parties (as defined in ¶34 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Released Defendants' Parties. This release shall not apply to any Excluded Claim.[3]

33.      "Released Plaintiffs' Claims" means all claims, demands, rights, and causes of action, or liabilities of every nature and description, whether known or unknown claims, whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule, or regulation, at law or in equity, whether fixed or contingent, whether foreseen or unforeseen, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, whether direct, representative, class, or individual in nature that Lead Plaintiffs or any other member of the Settlement Class: (a) asserted in the Action; or (b) could have asserted in any court or forum that arise out of or are based upon any of the allegations, transactions, facts, matters or occurrences, representations, or omissions set forth in the complaints filed in this Action, and that relate to the purchase or acquisition of Ra Medical common stock during the Settlement Class Period. Released Plaintiffs' Claims shall not include (i) any claims relating to the enforcement of the Settlement; (ii) any claims of any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court; and (iii) the derivative claims asserted by shareholders on behalf of Ra Medical in a related shareholder derivative lawsuit, captioned *Borg v. Irwin, et al.*, No. 1:19-cv-01847-RGA (D. Del.), that has been stayed pending the resolution this Action.

34.      "Released Defendants' Parties" means (i) each Defendant; (ii) each Underwriter; (iii) Immediate Family Members of the Individual Defendants; (iv) direct or indirect parent entities, subsidiaries, related entities, and affiliates of Ra Medical and the Underwriters; (v) any trust of which any Individual Defendant is the settlor or which is for the benefit of any Individual Defendant and/or his or her Immediate Family Members; (vi) for any of the entities listed in parts (i) through (v), their respective past and present general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, experts, auditors, accountants, financial advisors, insurers, trustees, trustors, agents, attorneys, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof; and (vii) any entity in which a Defendant has a controlling interest; all in their capacities as such.

35.      "Unknown Claims" means any Released Plaintiffs' Claims which any Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant or any other Released Defendants' Party does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members and each of the other Released Defendants' Parties shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor or releasing party.

Lead Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members and each of the other Released Defendants' Parties shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

36.      The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim (as defined in ¶ 37 below) against Released Plaintiffs' Parties (as defined in ¶ 38 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any Released Plaintiffs' Party.

37.      "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known or unknown claims, whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule, or regulation, at law or in equity, whether fixed or contingent, whether foreseen or unforeseen, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured,

---

[3] "Excluded Claims" means (i) any claims relating to the enforcement of the Settlement; (ii) any claims of any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court; and (iii) the derivative claims asserted by shareholders on behalf of Ra Medical in a related shareholder derivative lawsuit, captioned Borg v. Irwin, et al., No. 1:19-cv-01847-RGA (D. Del.).

AF8667 v.09

whether direct, representative, class, or individual in nature that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants. Released Defendants' Claims shall not include any claims relating to the enforcement of the Settlement or any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

38.     "Released Plaintiffs' Parties" means (i) Lead Plaintiffs, all Settlement Class Members, any other plaintiffs in the Action, Lead Counsel, and (ii) each of their respective Immediate Family Members, and their respective general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, experts, auditors, accountants, financial advisors, insurers, trustees, trustors, agents, attorneys, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof; all in their capacities as such.

## HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?

39.     To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form, with adequate supporting documentation, **online or postmarked no later than July 9, 2022**. A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement, www.RaMedicalSecuritiesLitigation.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-855-675-3149. Please retain all records of your ownership of and transactions in Ra Medical common stock, as they may be needed to document your Claim. If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

40.     At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

41.     Pursuant to the Settlement, Defendants have agreed to pay or caused to be paid ten million dollars ($10,000,000) in cash. The Settlement Amount will be deposited into an escrow account. The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund." The Settlement Fund, after deduction of (a) all federal, state and/or local taxes on any income earned by the Settlement Fund and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); (b) the costs and expenses incurred in connection with providing notice to Settlement Class Members and administering the Settlement on behalf of Settlement Class Members; and (c) any attorneys' fees and Litigation Expenses awarded by the Court, is the "Net Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the Net Settlement Fund will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

42.     The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

43.     Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final. Defendants shall not have any liability, obligation or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund or the plan of allocation

44.     Approval of the Settlement is independent from approval of a plan of allocation. Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

45.     Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form online by, or postmarked on or before, July 9, 2022 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given. This means that each Settlement Class Member releases the Released Plaintiffs' Claims (as defined in ¶ 33 above) against the Released Defendants' Parties (as defined in ¶ 34 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Plaintiffs' Claims against any of the Released Defendants' Parties whether or not such Settlement Class Member submits a Claim Form.

46.     Participants in and beneficiaries of a plan covered by ERISA ("ERISA Plan") should NOT include any information relating to their transactions in Ra Medical common stock held through the ERISA Plan in any Claim Form that they may submit in this Action. They should include ONLY those shares that they purchased or acquired

AF8668 v.09

8

outside of the ERISA Plan. Claims based on any ERISA Plan's purchases or acquisitions of Ra Medical common stock during the Settlement Class Period may be made by the plan's trustees. To the extent any Defendant or any other person or entity excluded from the Settlement Class is a participant in the ERISA Plan, such person or entity shall not receive, either directly or indirectly, any portion of the recovery that may be obtained from the Settlement by the ERISA Plan.

47.     The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

48.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

49.     Only Settlement Class Members will be eligible to share in the distribution of the Net Settlement Fund. Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms. The only security that is included in the Settlement is Ra Medical common stock.

## PROPOSED PLAN OF ALLOCATION

50.     The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants based on their respective claims under Section 10(b) of the Exchange Act and/or Section 11 of the Securities Act. The Claims Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund based upon the recognized loss formulas described below ("Exchange Act Section 10(b) Recognized Loss" and/or "Securities Act Section 11 Recognized Loss," collectively, "Recognized Loss").

51.     A Recognized Loss will be calculated for each share of Ra Medical common stock purchased or otherwise acquired during the Settlement Class Period. The calculation of Recognized Loss will depend upon several factors, including when the Ra Medical common stock was purchased or otherwise acquired during the Settlement Class Period, and in what amounts, and whether those securities were sold, and if sold, when they were sold, and for what amounts. The Recognized Loss is not intended to estimate the amount a Settlement Class Member might have been able to recover after a trial, nor to estimate the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants. The Claims Administrator will use its best efforts to administer and distribute the Net Settlement Fund to the extent that it is equitably and economically feasible.

52.     The Plan of Allocation was created with the assistance of a consulting damages expert and, for purposes of the Exchange Act Section 10(b) Recognized Loss, reflects the assumption that the price of Ra Medical common stock was artificially inflated throughout the Settlement Class Period. The estimated alleged artificial inflation in the price of Ra Medical common stock during the Settlement Class Period is reflected in Table A below. The computation of the estimated alleged artificial inflation in the price of Ra Medical common stock during the Settlement Class Period is based on certain misrepresentations alleged by Plaintiffs and the price change in the stock, net of market- and industry-wide factors, in reaction to the public announcements that allegedly corrected the misrepresentations alleged by Plaintiffs.

53.     In order to have recoverable damages under Section 10(b) of the Exchange Act, disclosure of the alleged misrepresentations or omissions must be the cause of the decline in the price of the Ra Medical common stock. In this Action, Plaintiffs allege that Defendants made false statements and omitted material facts during the Settlement Class Period, which had the purported effect of artificially inflating the prices of Ra Medical common stock. Plaintiffs further allege that corrective disclosures which removed artificial inflation from the price of Ra Medical common stock were made (a) after the close of trading on March 14, 2019; (b) while trading was halted on August 12, 2019; and (c) before the opening of trading on November 29, 2019 ("Corrective Disclosure Dates"). Thus, in order for a Settlement Class Member to have an Exchange Act Section 10(b) Recognized Loss under the Plan of Allocation, Ra Medical common stock must have been purchased or acquired during the Settlement Class Period and held through at least one of these Corrective Disclosure Dates.

54.    Shares of Ra Medical common stock purchased pursuant and/or traceable to the Company's September 27, 2018 initial public offering ("IPO") are the only shares eligible for a Securities Act Section 11 Recognized Loss claim.[4] The Recognized Loss for common stock with both an Exchange Act Section 10(b) Recognized Loss and a Securities Act Section 11 Recognized Loss shall be the greater of the two, as described below in under the heading: "Calculation of Securities Act Section 11 Recognized Loss Per Share."

55.    In the calculations below, all purchase and sale prices shall exclude any fees, taxes and commissions. If a Recognized Loss amount is calculated to be a negative number, that Recognized Loss shall be set to zero. Any transactions in Ra Medical common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

56.    Ra Medical conducted a 1-for-25 reverse split effective at 5:00 p.m. Eastern Time on November 16, 2020. None of the per share figures in the Plan of Allocation reflect that reverse stock split.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

### Calculation of Exchange Act Section 10(b) Recognized Loss Per Share

For each share of Ra Medical common stock purchased or otherwise acquired between September 27, 2018 and November 27, 2019, inclusive:

A.    For shares sold between September 27, 2018 and November 27, 2019, the Exchange Act Section 10(b) Recognized Loss shall be the number of shares sold multiplied by the lesser of:

    (1)    the purchase date artificial inflation per share figure less the sales date artificial inflation per share figure, as found in Table A; or

    (2)    the difference between the purchase price per share and the sales price per share.

B.    For shares sold between November 29, 2019 and February 26, 2020, the Exchange Act Section 10(b) Recognized Loss shall be the number of shares sold multiplied by the lesser of:

    (1)    the purchase date artificial inflation per share figure, as found in Table A; or

    (2)    the difference between the purchase price per share and the sales price per share; or

    (3)    the difference between the purchase price per share and the average closing price of Ra Medical common stock between November 29, 2019 and the date of sale, as found in Table B.[5]

C.    For shares held at the end of trading on February 26, 2020, the Exchange Act Section 10(b) Recognized Loss shall be the number of shares multiplied by the lesser of:

    (1)    the purchase date artificial inflation per share figure, as found in Table A; or

    (2)    the difference between the purchase price per share and $1.56.[6]

---

[4] The Prospectus for the IPO was declared effective by the SEC on September 26, 2018 (Registration Statement No. 333-226191).

[5] Pursuant to Section 21(D)(e)(2) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, if the plaintiff sells or repurchases the subject security prior to the expiration of the 90-day period described in paragraph (1), the plaintiff's damages shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the security and the mean trading price of the security during the period beginning immediately after dissemination of information correcting the misstatement or omission and ending on the date on which the plaintiff sells or repurchases the security."

[6] Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90 day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated." The mean (average) closing price of Ra Medical common stock during the period beginning on November 29, 2019 and ending on February 26, 2020 was $1.56 per share.

**Calculation of Securities Act Section 11 Recognized Loss Per Share**

For each share of Ra Medical common stock purchased or otherwise acquired between September 27, 2018 and May 12, 2019, inclusive, pursuant and/or traceable to the Prospectus declared effective by the SEC on September 26, 2018 (Registration Statement No. 333-226191), the Securities Act Section 11 Recognized Loss shall be the greater of (1) the Exchange Act Section 10(b) Recognized Loss Per Share as described above; or (2) the Securities Act Section 11 Recognized Loss Per Share, which is that number of shares multiplied by the difference between the purchase price per share (not to exceed $17.00) and:

A.      If sold prior to the end of trading on June 7, 2019, the sales price.

B.      If still held at the end of trading on June 7, 2019, $3.33.[7]

| Table A<br>Artificial Inflation in Ra Medical Common Stock | | |
|---|---|---|
| **From** | **To** | **Per-Share Price Inflation** |
| September 27, 2018 | March 14, 2019 | $3.88 |
| March 15, 2019 | August 12, 2019 | $1.76 |
| August 13, 2019 | November 27, 2019 | $0.13 |

**Table B**

| Date of Sale | Average Closing Price Between 11/29/2019 and Date of Sale | Date of Sale | Average Closing Price Between 11/29/2019 and Date of Sale |
|---|---|---|---|
| 11/29/2019 | $1.27 | 01/14/2020 | $1.12 |
| 12/02/2019 | $1.30 | 01/15/2020 | $1.15 |
| 12/03/2019 | $1.27 | 01/16/2020 | $1.18 |
| 12/04/2019 | $1.30 | 01/17/2020 | $1.19 |
| 12/05/2019 | $1.30 | 01/21/2020 | $1.22 |
| 12/06/2019 | $1.29 | 01/22/2020 | $1.24 |
| 12/09/2019 | $1.25 | 01/23/2020 | $1.26 |
| 12/10/2019 | $1.22 | 01/24/2020 | $1.27 |
| 12/11/2019 | $1.19 | 01/27/2020 | $1.29 |
| 12/12/2019 | $1.16 | 01/28/2020 | $1.30 |
| 12/13/2019 | $1.12 | 01/29/2020 | $1.32 |
| 12/16/2019 | $1.10 | 01/30/2020 | $1.34 |
| 12/17/2019 | $1.07 | 01/31/2020 | $1.37 |
| 12/18/2019 | $1.06 | 02/03/2020 | $1.39 |
| 12/19/2019 | $1.04 | 02/04/2020 | $1.41 |
| 12/20/2019 | $1.04 | 02/05/2020 | $1.43 |
| 12/23/2019 | $1.03 | 02/06/2020 | $1.46 |
| 12/24/2019 | $1.02 | 02/07/2020 | $1.48 |
| 12/26/2019 | $1.02 | 02/10/2020 | $1.49 |
| 12/27/2019 | $1.01 | 02/11/2020 | $1.51 |
| 12/30/2019 | $1.02 | 02/12/2020 | $1.52 |
| 12/31/2019 | $1.02 | 02/13/2020 | $1.53 |
| 01/02/2020 | $1.03 | 02/14/2020 | $1.54 |

---

[7] $3.33 was the closing price of the Ra Medical common stock on June 7, 2019, the date on which the Complaint asserting a claim under the Securities Act was filed. As such, this Plan of Allocation uses June 7, 2019 as the "…time such suit was brought" for purposes of establishing Plaintiffs' statutory measure of damages under the Section 11.

AF86611 v.09

| 01/03/2020 | $1.03 | 02/18/2020 | $1.55 |
|---|---|---|---|
| 01/06/2020 | $1.04 | 02/19/2020 | $1.56 |
| 01/07/2020 | $1.05 | 02/20/2020 | $1.56 |
| 01/08/2020 | $1.06 | 02/21/2020 | $1.56 |
| 01/09/2020 | $1.08 | 02/24/2020 | $1.56 |
| 01/10/2020 | $1.09 | 02/25/2020 | $1.56 |
| 01/13/2020 | $1.11 | 02/26/2020 | $1.56 |

**ADDITIONAL PROVISIONS**

57.    **Calculation of Claimant's "Recognized Claim":** A Claimant's "Recognized Claim" under the Plan of Allocation shall be the sum of his, her or its Recognized Loss Amounts for all of the Ra Medical common stock.

58.    **FIFO Matching:** If a Settlement Class Member has more than one purchase/acquisition or sale of Ra Medical common stock, all purchases/acquisitions and sales shall be matched on a First In, First Out ("FIFO") basis. Settlement Class Period sales will be matched against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Settlement Class Period.

59.    **"Purchase/Sale" Dates:** Purchases or acquisitions and sales of Ra Medical common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of Ra Medical common stock during the Settlement Class Period shall not be deemed a purchase, acquisition or sale of Ra Medical common stock for the calculation of an Authorized Claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of any Ra Medical common stock unless (i) the donor or decedent purchased or otherwise acquired such Ra Medical common stock during the Settlement Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such Ra Medical common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

60.    **Short Sales:** The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Ra Medical common stock. The date of a "short sale" is deemed to be the date of sale of the Ra Medical common stock. Under the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero. In the event that a Claimant has an opening short position in Ra Medical common stock, the earliest Settlement Class Period purchases or acquisitions of that security shall be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

61.    **Common Stock Purchased/Sold Through the Exercise of Options:** With respect to Ra Medical common stock purchased or sold through the exercise of an option, the purchase/sale date of the stock is the exercise date of the option and the purchase/sale price of the stock is the excise price of Ra Medical common stock on the exercise date. Any Recognized Loss arising from purchases of Ra Medical common stock acquired during the Settlement Class Period through the exercise of an option on Ra Medical common stock shall be computed as provided for other purchases of Ra Medical common stock in the Plan of Allocation.

62.    **Market Gains and Losses:** To the extent a Claimant had a market gain with respect to his, her, or its overall transactions in Ra Medical common stock during the Settlement Class Period, the value of the Claimant's Recognized Claim shall be zero. Such Claimants shall in any event be bound by the Settlement. To the extent that a Claimant suffered an overall market loss with respect to his, her, or its overall transactions in Ra Medical common stock during the Settlement Class Period, but that market loss was less than the total Recognized Claim calculated above, then the Claimant's Recognized Claim shall be limited to the amount of the actual market loss.

63.    For purposes of determining whether a Claimant had a market gain with respect to his, her, or its overall transactions in Ra Medical common stock during the Settlement Class Period or suffered a market loss, the Claims Administrator shall determine the difference between (i) the Total Purchase Amount[8] and (ii) the sum of the Total Sales Proceeds[9] and Total Holding Value.[10] This difference shall be deemed a Claimant's market gain or loss with respect to his, her, or its overall transactions in Ra Medical common stock during the Settlement Class Period.

---

[8] The "Total Purchase Amount" is the total amount the Claimant paid (excluding commissions and other charges) for all Ra Medical common stock purchased or acquired during the Settlement Class Period.

[9] The total amount received (excluding commissions and other charges) for sales of Ra Medical common stock sold during the Settlement Class Period shall be the "Total Sales Proceeds."

[10] The Claims Administrator shall ascribe a holding value to Ra Medical common stock purchased or acquired during the Settlement Class Period and still held as of the close of trading on November 27, 2019, which shall be the November 29, 2019 closing price of $1.27 per share (U.S. equity markets were closed on November 28, 2019 for Thanksgiving). The total calculated holding values for all Ra Medical common stock shall be the Claimant's "Total Holding Value."

AF86612 v.09

64.    **Determination of Distribution Amount:** The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which shall be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to such Authorized Claimant. Any Distribution Amounts of less than $10.00 will be included in the pool distributed to those Settlement Class Members whose Distribution Amounts are $10.00 or greater.

65.    After the initial distribution of the Net Settlement Fund, the Claims Administrator shall make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the fund nine (9) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator shall conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to non-sectarian, not-for-profit organization(s), to be recommended by Lead Counsel and approved by the Court.

66.    Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants. No person shall have any claim against Lead Plaintiffs, Lead Counsel, Lead Plaintiffs' damages expert, Defendants, Defendants' Counsel, or any of the other Releasees, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court. Lead Plaintiffs, Defendants and their respective counsel, and all other Released Defendants' Parties, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund, or any losses incurred in connection therewith.

67.    The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by Lead Plaintiffs after consultation with their damages expert. The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Settlement Class. Any Orders regarding any modification of the Plan of Allocation will be posted on the settlement website, www.RaMedicalSecuritiesLitigation.com.

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

68.    Lead Counsel has not received any payment for its services in pursuing claims against Defendants on behalf of the Settlement Class, nor have Lead Counsel been reimbursed for its out-of-pocket expenses. Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees in an amount not to exceed 33⅓% of the Settlement Fund. At the same time, Lead Counsel also intends to apply for reimbursement of Litigation Expenses in an amount not to exceed $85,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Settlement Class. The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

## WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF?

69.    Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Settlement Class, addressed to *Ra Medical Systems, Inc. Securities Litigation*, EXCLUSIONS, c/o Epiq, P.O. Box 5189, Portland, OR 97208-5189. The exclusion request must be *received* no later than May 23, 2022. You will not be able to exclude yourself from the Settlement Class after that date. Each Request for Exclusion must (a) state the name, address and telephone number of the person or entity requesting exclusion, and in the case of entities the name and telephone number of the appropriate contact person; (b) state that such person or entity "requests exclusion from

the Settlement Class in *Derr v. Ra Medical Systems, Inc., et al.*, Case No. 3:19-cv-01079"; (c) identify and state the number of shares of Ra Medical common stock that the person or entity requesting exclusion purchased/acquired and/or sold during the Settlement Class Period (*i.e.*, between September 27, 2018 and November 27, 2019, inclusive), as well as the dates and prices of each such purchase/acquisition and sale; and (d) be signed by the person or entity requesting exclusion or an authorized representative. A Request for Exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

70.     If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Released Defendants' Parties.

71.     If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

72.     Defendants have the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Lead Plaintiffs and Defendants.

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT? DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

73.     **Settlement Class Members do not need to attend the Settlement Hearing. The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing. You can participate in the Settlement without attending the Settlement Hearing.**

74.     The Settlement Hearing will be held on June 13, 2022 at 11:30 a.m., before the Honorable Larry Alan Burns at the United States District Court for the Southern District of California, United States Courthouse, Courtroom 14A, 333 West Broadway, San Diego, CA 92101. The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class. The Court also reserves the right to hold the Settlement Hearing telephonically or via videoconference.

75.     Any Settlement Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Objections must be in writing. You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Southern District of California at the address set forth below on or before May 23, 2022. You must also serve the papers on Lead Counsel and on Defendants' Counsel at the addresses set forth below so that the papers are *received* **on or before May 23, 2022**.

| **Clerk's Office** | **Lead Counsel** | **Defendants' Counsel** |
|---|---|---|
| United States District Court | Glancy Prongay & Murray LLP | Wilson Sonsini Goodrich & Rosati, P.C. |
| Southern District of California | Casey E. Sadler, Esq. | Gregory L. Watts, Esq. |
| Clerk of the Court | 1925 Century Park East, | 701 Fifth Avenue, |
| United States Courthouse | Suite 2100 | Suite 5100 |
| 333 West Broadway | Los Angeles, CA 90067 | Seattle, WA 98104 |
| San Diego, CA 92101 | | |

76.     Any objection (a) must state the name, address and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of Ra Medical common stock that the objecting Settlement Class Member purchased/acquired and/or sold during the Settlement Class Period (*i.e.*, between September 27, 2018 and November 27, 2019, inclusive), as well as the dates and prices of each such purchase/acquisition and sale. You may not object to the Settlement, the Plan of Allocation or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

77.     You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

78.     If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth above so that it is *received* **on or before May 23, 2022**. Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

79.     You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 75 above so that the notice is *received* **on or May 23, 2022**.

80.     The Settlement Hearing may be adjourned by the Court, or held telephonically or via videoconference, without further written notice to the Settlement Class. If you intend to attend the Settlement Hearing, you should confirm the date, time and location on the settlement website www.RaMedicalSecuritiesLitigation.com, or with Lead Counsel, given potential changes as a result of the COVID-19 pandemic.

81.     **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

82.     If you purchased or otherwise acquired any of the Ra Medical common stock between September 27, 2018 and November 27, 2019, inclusive, for the beneficial interest of persons or organizations other than yourself, you must either (a) within seven (7) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of this Notice, provide a list of the names and addresses of all such beneficial owners to *Ra Medical Systems, Inc. Securities Litigation*, c/o Epiq, P.O. Box 5189, Portland, OR 97208-5189. If you choose the second option, the Claims Administrator will send a copy of the Notice and Claim Form to the beneficial owners. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred—up to a maximum of $0.50 per Notice Packet mailed; $0.05 per Notice Packet transmitted by email; or $0.10 per name, mailing address, and email address (to the extent available) provided to the Claims Administrator—by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Any dispute concerning the reasonableness of reimbursement costs shall be resolved by the Court. Copies of this Notice and the Claim Form may also be obtained from the website maintained by the Claims Administrator, www.RaMedicalSecuritiesLitigation.com, or by calling the Claims Administrator toll-free at 1-855-675-3149.

## CAN I SEE THE COURT FILE? WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

83.     This Notice contains only a summary of the terms of the proposed Settlement. For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the Southern District of California, United States Courthouse, 333 West Broadway, San Diego, CA 92101. Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, www.RaMedicalSecuritiesLitigation.com.

AF86615 v.09

All inquiries concerning this Notice and the Claim Form should be directed to:

| | | |
|---|---|---|
| *Ra Medical Systems, Inc. Securities Litigation*<br>c/o Epiq<br>P.O. Box 5189<br>Portland, OR 97208-5189<br>855-675-3149<br>www.RaMedicalSecuritiesLitigation.com | and/or | Casey E. Sadler, Esq.<br>GLANCY PRONGAY & MURRAY LLP<br>1925 Century Park East, Suite 2100<br>Los Angeles, CA 90067<br>(888) 773-9224<br>settlements@glancylaw.com |

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: March 11, 2022

By Order of the Court
United States District Court
Southern District of California

AF86616 v.09

**Ra Medical Systems, Inc. Securities Litigation**
c/o Epiq
PO Box 5189
Portland, OR 97208-5189
Toll-Free: (855) 675-3149
Email: Info@RaMedicalSecuritiesLitigation.com
Settlement Website: www.RaMedicalSecuritiesLitigation.com

## <u>PROOF OF CLAIM AND RELEASE FORM</u>

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Action, you must either (a) complete and submit Proof of Claim and Release Form ("Claim Form") electronically, which is available at www.RaMedicalSecuritiesLitigation.com, **no later than 11:59 p.m. EST on July 9, 2022** or (b) complete and sign this Claim Form and mail it by first-class mail to the above address, **postmarked no later than July 9, 2022**.

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to receive any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court, the parties to the Action, or their counsel. Submit your Claim Form only to the Claims Administrator at the address set forth above.**

| <u>TABLE OF CONTENTS</u> | <u>PAGE #</u> |
|---|---|
| **PART I – CLAIMANT INFORMATION** | 2 |
| **PART II – GENERAL INSTRUCTIONS** | 3 |
| **PART III – SCHEDULE OF TRANSACTIONS IN RA MEDICAL COMMON STOCK** | 5 |
| **PART IV – RELEASE OF CLAIMS AND SIGNATURE** | 6 |

01-**CA40053623**
AF8671 v.08

## PART I – CLAIMANT INFORMATION

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above.

Beneficial Owner's First Name    MI    Beneficial Owner's Last Name

Co-Beneficial Owner's First Name    MI    Co-Beneficial Owner's Last Name

Entity Name (if Beneficial Owner is not an individual)

Representative or Custodian Name (if different from Beneficial Owner[s] listed above)

Address 1 (street name and number)

Address 2 (apartment, unit or box number)

City    State    ZIP Code

Country

Last four digits of Social Security Number or Taxpayer Identification Number

Telephone Number (Day)    Telephone Number (Evening)

Email address (If you provide your email address, you authorize the Claims Administrator to use it in providing you with information relevant to this claim.)

Account Number (where securities were traded)

Claimant Account Type (check appropriate box)

☐ Individual    ☐ IRA/401K    ☐ Estate
☐ Joint    ☐ Pension Plan    ☐ Trust
☐ Corporation    ☐ Other _____ (please specify)

## PART II – GENERAL INSTRUCTIONS

1.      It is important that you completely read and understand the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice") that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice. The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court. The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form. By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

2.      By submitting this Claim Form, you will be making a request to share in the proceeds of the Settlement described in the Notice. IF YOU ARE NOT A SETTLEMENT CLASS MEMBER (see the definition of the Settlement Class on page 5 of the Notice, which sets forth who is included in and who is excluded from the Settlement Class), OR IF YOU, OR SOMEONE ACTING ON YOUR BEHALF, SUBMITTED A REQUEST FOR EXCLUSION FROM THE SETTLEMENT CLASS, DO NOT SUBMIT A CLAIM FORM. **YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT IF YOU ARE NOT A SETTLEMENT CLASS MEMBER.** THUS, IF YOU ARE EXCLUDED FROM THE SETTLEMENT CLASS, ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

3.      **Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement. The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.**

4.      Use the Schedule of Transactions in Part III of this Claim Form to supply all required details of your transaction(s) (including free transfers and deliveries) in and holdings of Ra Medical common stock. On this schedule, please provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of Ra Medical common stock, whether such transactions resulted in a profit or a loss. **Failure to report all transaction and holding information during the requested time period may result in the rejection of your claim.**

5.      <u>Please note</u>: Only the following are eligible under the Settlement: (i) Ra Medical common stock purchased during the Settlement Class Period (*i.e.*, between September 27, 2018 and November 27, 2019, both dates inclusive); and/or (ii) Ra Medical common stock purchased pursuant and/or traceable to the Company's registration statement and prospectus issued in connection with the Company's IPO. However, under the PSLRA "90-day look-back period" (described in the Plan of Allocation set forth in the Notice), your purchases and sales of Ra Medical common stock during the period from November 29, 2019 through and including February 26, 2020, will be used for the purposes of calculating your Recognized Loss under the Plan of Allocation. Therefore, in order for the Claims Administrator to be able to process your claim, the requested purchase and sale information during the 90-day look-back period must also be provided.

6.      Ra Medical conducted a 1-for-25 reverse split effective at 5:00 p.m. Eastern Time on November 16, 2020. None of the per share figures in the Plan of Allocation set forth in the Notice reflect that reverse stock split.

7.      You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of Ra Medical common stock set forth in the Schedule of Transactions in Part III of this Claim Form. Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement. The Parties and Claims Administrator do not independently have information about your investments in Ra Medical common stock. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OR EQUIVALENT DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS. **Please keep a copy of all documents that you send to the Claims Administrator. Also, please do not highlight any portion of the Claim Form or any supporting documents.**

8.      Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

9.      All joint beneficial owners must each sign this Claim Form and their names must appear as "Claimants" in Part I of this Claim Form. If you purchased Ra Medical common stock during the Settlement Class Period and

held the shares in your name, you are the beneficial owner as well as the record owner and you must sign this Claim Form to participate in the Settlement. If, however, you purchased Ra Medical common stock during the relevant time period and the securities were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these shares, but the third party is the record owner. The beneficial owner, not the record owner, must sign this Claim Form to be eligible to participate in the Settlement.

10.    Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a)  expressly state the capacity in which they are acting;

(b)  identify the name, account number, Social Security Number (or taxpayer identification number), address and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) Ra Medical common stock; and

(c)  furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting. (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

11.    By submitting a signed Claim Form, you will be swearing that you:

(a)  own(ed) the Ra Medical common stock you have listed in the Claim Form; or

(b)  are expressly authorized to act on behalf of the owner thereof.

12.    By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America. The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

13.    If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved, and after the completion of all claims processing. The claims process will take substantial time to complete fully and fairly. Please be patient.

14.    **PLEASE NOTE:** As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her or its *pro rata* share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

15.    If you have questions concerning the Claim Form or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, Epiq Class Action & Claims Solutions, Inc., at the above address, by email at Info@RaMedicalSecuritiesLitigation.com, or by toll-free phone at (855) 675-3149, or you can visit the Settlement website, www.RaMedicalSecuritiesLitigation.com, where copies of the Claim Form and Notice are available for downloading.

16.    NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. To obtain the mandatory electronic filing requirements and file layout, you may visit the settlement website at www.RaMedicalSecuritiesLitigation.com or you may email the Claims Administrator at Info@RaMedicalSecuritiesLitigation.com. Any file not in accordance with the required electronic filing format will be subject to rejection. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email to that effect after processing your file with your claim numbers and respective account information. **Do not assume that your file has been received or processed until you receive this email. If you do not receive such an email within 10 days of your submission, you should contact the Claims Administrator at** Info@RaMedicalSecuritiesLitigation.com **to inquire about your file and confirm it was received and acceptable.**

**IMPORTANT: PLEASE NOTE**

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGMENT POSTCARD. THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL, WITHIN 60 DAYS. IF YOU DO NOT RECEIVE AN ACKNOWLEDGMENT POSTCARD WITHIN 60 DAYS, PLEASE CALL THE CLAIMS ADMINISTRATOR TOLL-FREE AT (855) 675-3149.**

## PART III – SCHEDULE OF TRANSACTIONS IN RA MEDICAL COMMON STOCK

Please be sure to include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 7, above. Do not include information regarding securities other than Ra Medical common stock. Ra Medical conducted a 1-for-25 reverse split effective at 5:00 p.m. Eastern Time on November 16, 2020. All information should be entered on a pre-reverse basis.

**1. PURCHASES/ACQUISITIONS DURING THE SETTLEMENT CLASS PERIOD** – Separately list each and every purchase/acquisition (including free receipts) of Ra Medical common stock from after the opening of trading on September 27, 2018 through and including the close of trading on November 27, 2019. (*Must be documented.*)

| Date of Purchase/Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/ Acquired | Purchase/Acquisition Price Per Share | Total Purchase/Acquisition Price (excluding taxes, commissions, and fees) | Confirm Proof of Purchase Enclosed |
|---|---|---|---|---|
| | | $ . | $ . | |
| | | $ . | $ . | |
| | | $ . | $ . | |
| | | $ . | $ . | |

**2. PURCHASES/ACQUISITIONS DURING THE 90-DAY LOOK-BACK PERIOD** – State the total number of shares Ra Medical common stock purchased/acquired (including free receipts) from after the opening of trading on November 29, 2019, through and including the close of trading on February 26, 2020. If none, write "zero" or "0".

| | | | | | | | |
|---|---|---|---|---|---|---|---|

**3. SALES DURING THE SETTLEMENT CLASS PERIOD AND THE 90-DAY LOOK-BACK PERIOD** – Separately list each and every sale/disposition (including free deliveries) of Ra Medical common stock from after the opening of trading on September 27, 2018 through and including the close of trading on February 26, 2020. (*Must be documented.*)

**IF NONE, CHECK HERE** ☐

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
|---|---|---|---|---|
| | | $ . | $ . | |
| | | $ . | $ . | |
| | | $ . | $ . | |
| | | $ . | $ . | |

**4. HOLDINGS AS OF FEBRUARY 26, 2020** – State the total number of shares of Ra Medical common stock held as of the close of trading on February 26, 2020. (*Must be documented.*) If none, write "zero" or "0."

**IF NONE, CHECK HERE** ☐

**IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT. PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE. IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX.** ☐

05-CA40053623
AF8675 v.08

## PART IV – RELEASE OF CLAIMS AND SIGNATURE

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE 7 OF THIS CLAIM FORM.**

I (we) hereby acknowledge that, pursuant to the terms set forth in the Stipulation, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and my (our) heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiffs' Claim (including, without limitation, any Unknown Claims) against Released Defendants' Parties and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Released Defendants' Parties.

## CERTIFICATION

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) agree(s) to the release above and certifies (certify) as follows:

1.     that I (we) have read and understand the contents of the Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

2.     that the claimant(s) is a (are) Settlement Class Member(s), as defined in the Notice, and is (are) not excluded by definition from the Settlement Class as set forth in the Notice;

3.     that the claimant has **not** submitted a request for exclusion from the Settlement Class;

4.     that I (we) own(ed) the Ra Medical common stock identified in the Claim Form and have not assigned the claim against any of the Released Defendants' Parties to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

5.     that the claimant(s) has (have) not submitted any other claim covering the same purchases of Ra Medical common stock and knows (know) of no other person having done so on the claimant's (claimants') behalf;

6.     that the claimant(s) submit(s) to the jurisdiction of the Court with respect to the claimant's (claimants') claim and for purposes of enforcing the releases set forth herein;

7.     that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator or the Court may require;

8.     that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the Court's summary disposition of the determination of the validity or amount of the claim made by this Claim Form;

9.     that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

10.     that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the claimant(s) is (are) exempt from backup withholding or (b) the claimant(s) has (have) not been notified by the IRS that he/she/it/they is (are) subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the claimant(s) that he/she/it/they is (are) no longer subject to backup withholding. **If the IRS has notified the claimant(s) that he/she/it/they is (are) subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

Date: ☐☐ – ☐☐ – ☐☐☐☐
         MM    DD    YYYY

Signature of claimant

Print your name here

Date: ☐☐ – ☐☐ – ☐☐☐☐
         MM    DD    YYYY

Signature of joint claimant, if any

Print your name here

***If the claimant is other than an individual, or is not the person completing this form, the following also must be provided:***

Date: ☐☐ – ☐☐ – ☐☐☐☐
         MM    DD    YYYY

Signature of person signing on behalf of claimant

Print your name here

Capacity of person signing on behalf of claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc. (Must provide evidence of authority to act on behalf of claimant – see paragraph 10 on page 4 of this Claim Form.)

**REMINDER CHECKLIST:**

1.  Please sign the above release and certification. If this Claim Form is being made on behalf of joint claimants, then both must sign.

2.  Remember to attach only **copies** of acceptable supporting documentation as these documents will not be returned to you.

3.  Please do not highlight any portion of the Claim Form or any supporting documents.

4.  Keep copies of the completed Claim Form and documentation for your own records.

5.  The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days. Your claim is not deemed filed until you receive an acknowledgment postcard. **If you do not receive an acknowledgment postcard within 60 days, please call the Claims Administrator toll free at (855) 675-3149.**

6.  If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, please send the Claims Administrator written notification of your new address. If you change your name, please inform the Claims Administrator.

7.  If you have any questions or concerns regarding your claim, please contact the Claims Administrator at the address below, by email at Info@RaMedicalSecuritiesLitigation.com, or by toll-free phone at (855) 675-3149, or you may visit www.RaMedicalSecuritiesLitigation.com. Please DO NOT call Ra Medical or any of the other Defendants or their counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, **POSTMARKED NO LATER THAN July 9, 2022,** ADDRESSED AS FOLLOWS:

Ra Medical Systems, Inc. Securities Litigation
c/o Epiq
PO Box 5189
Portland, OR 97208-5189
Toll-Free: (855) 675-3149
www.RaMedicalSecuritiesLitigation.com

**OR SUBMITTED ELECTRONICALLY AT www.RaMedicalSecuritiesLitigation.com BY 11:59 p.m. EST on July 9, 2022.**

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before July 9, 2022, is indicated on the envelope and it is mailed First Class, and addressed in accordance with the above instructions. In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms. Please be patient and notify the Claims Administrator of any change of address.

# EXHIBIT B

*Ra Medical Systems, Inc. Securities Litigation*
Claims Administrator
P.O. Box 5189
Portland, OR 97208-5189

Website:   www.RaMedicalSecuritiesLitigation.com
Email:   Info@RaMedicalSecuritiesLitigation.com
Phone:   1-855-675-3149

*400536230000037257*
000 0000001 00000000 0001 0002 00005 INS:

Claim Number: ███

Response Deadline:   October 24, 2022

October 4, 2022

### Notice of Incomplete Proof of Claim Submission

Dear Claimant,

We received the Claim Form ("Claim") that you submitted in connection with the Ra Medical Systems, Inc. Securities Litigation Settlement. We have determined, based on our review of your Claim, that the Claim is deficient (which is curable) or ineligible for the reason(s) identified below. In order to resolve the condition(s) within your Claim, you must submit a written response (with any required documentation), as specified below, postmarked no later than 20 days from the date of this notice. Your response deadline is printed at the top of this notice. Please include a copy of this notice with your response. **If you fail to respond by the deadline set forth above or if your response fails to cure the condition(s) identified below, this Claim will be rejected to the extent that those conditions remain uncured. PLEASE NOTE: <u>This is the only notice you will receive with respect to this Claim.</u>**

PLEASE NOTE: The Plan of Allocation for the net proceeds of the Settlement, which has been approved by the Court and which is referred to in many of the conditions of deficiency, is set forth in the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice"). The Notice can be viewed on or downloaded from www.RaMedicalSecuritiesLitigation.com.

**Ineligibility Condition:** Missing Signature and/or Proof of Authority. This is a curable deficiency.

The Claim referenced above is missing either (i) a signature for an owner, co-owner, joint tenant, custodian, agent, executor, administrator, guardian, and/or trustee; or (ii) proof of the authority and/or the capacity of the person who signed the Claim to sign on behalf of the beneficial owner.

**How to Resolve:** You can resolve this condition of ineligibility by signing below and returning this notice together with proof of authority, if applicable, to the Claims Administrator by the Response Deadline. If you purchased/acquired Ra Medical common stock jointly, all owners must sign. If one of the beneficial owners is deceased, you must provide a copy of the death certificate. If you submitted the Claim on behalf of another party (for example, as trustee, executor, power of attorney, etc.), you must provide proof of authority to legally act on the beneficiary's behalf. Your signature(s) below will be treated as an execution of your previously submitted Claim and your affirmation of the Release contained on pages 6-7 of the Claim.

AH3591 v 03



*Under penalty of perjury, I (we) certify that all of the information provided by me (us) on the Claim previously submitted is true, correct, and complete and that the documents submitted with the Claim and/or herewith are true and correct copies of what they purport to be.*

| | |
|---|---|
| _____ | _____ |
| Claimant or Representative | Joint Claimant (if any) |
| _____ | _____ |
| Print Name of Person Signing On Behalf of Claimant | Print Name of Person Signing On Behalf of Joint Claimant |
| _____ | _____ |
| Capacity of Person Signing On Behalf of Claimant* | Capacity of Person Signing On Behalf of Joint Claimant* |

*(e.g., beneficial purchaser, executor, administrator, trustee, etc.)

**PLEASE NOTE:** Curing this deficiency is an absolute requirement in order for your Claim to be eligible to participate in the Settlement. If you have other deficiencies and cure them, your Claim still will not be eligible, even for "partial acceptance," unless this deficiency is cured. Once you resolve this condition of ineligibility, your Claim must calculate to a Recognized Loss Amount under the Plan of Allocation in order for you to be eligible to receive a distribution.

To resolve any of the conditions listed above, please follow the directions stated above. Please note, even if you cure the noted deficiencies, your Claim must then calculate to a Recognized Claim under the Plan of Allocation in order to be included in the list of eligible claims presented to the Court for approval. If you disagree with the conditions identified in this notice, you may contact us for assistance and/or request Court review of our administrative determination regarding your Claim.

To request Court review of your Claim, you must send a letter to us postmarked no later than 20 days from the date of this notice. Your letter must (1) include a copy of this notice; (2) specifically state that you request Court review of the full or partial rejection of the Claim; (3) state your argument(s) for why you are contesting the full or partial rejection of the Claim; and (4) include any and all documentation supporting your argument(s). PLEASE NOTE: COURT REVIEW SHOULD ONLY BE SOUGHT IF YOU DISAGREE WITH THE CLAIMS ADMINISTRATOR'S DETERMINATION REGARDING YOUR CLAIM.

If you have any questions about this notice or if you want to confirm the status of your Claim after you submit a response to this notice, please contact us at the toll-free number or email address noted above. More information can also be found at www.RaMedicalSecuritiesLitigation.com.

Sincerely,

*Ra Medical Systems, Inc. Securities Litigation*
Claims Administrator

AH3592 v 03

# EXHIBIT C

# EXHIBIT C-1

*Ra Medical Securities Litigation*
**Exhibit C-1**
**Timely Eligible Claims**
**Number of Claims = 401**

| # | Claim Number | Recognized Loss | # | Claim Number | Recognized Loss | # | Claim Number | Recognized Loss |
|---|---|---|---|---|---|---|---|---|
| 1 | 12 | $110,343.76 | 135 | 530000032 | $380.70 | 269 | 530000342 | $38,802.55 |
| 2 | 20 | $917.00 | 136 | 530000033 | $16,535.08 | 270 | 530000343 | $5,352.81 |
| 3 | 21 | $1,367.00 | 137 | 530000046 | $44,000.00 | 271 | 530000344 | $66.50 |
| 4 | 24 | $542.75 | 138 | 530000047 | $3,520.00 | 272 | 530000345 | $2,748.50 |
| 5 | 25 | $485.00 | 139 | 530000048 | $15,725.26 | 273 | 530000346 | $1,692.00 |
| 6 | 27 | $903.77 | 140 | 530000050 | $26,735.56 | 274 | 530000351 | $300,418.63 |
| 7 | 28 | $1,367.00 | 141 | 530000051 | $71,794.01 | 275 | 530000352 | $43,325.82 |
| 8 | 30 | $1,367.00 | 142 | 530000055 | $21,020.69 | 276 | 530000356 | $46,399.33 |
| 9 | 32 | $1,367.00 | 143 | 530000056 | $549,457.34 | 277 | 530000357 | $6,878.45 |
| 10 | 34 | $534.96 | 144 | 530000057 | $83,384.72 | 278 | 530000361 | $143,108.95 |
| 11 | 35 | $887.00 | 145 | 530000059 | $193,469.99 | 279 | 530000362 | $682,312.94 |
| 12 | 36 | $38,022.00 | 146 | 530000060 | $400,742.20 | 280 | 530000364 | $24,780.94 |
| 13 | 38 | $1,302.00 | 147 | 530000061 | $1,496.00 | 281 | 530000365 | $1,374.56 |
| 14 | 39 | $1,367.00 | 148 | 530000063 | $1,194,772.82 | 282 | 530000372 | $16,240.00 |
| 15 | 41 | $1,367.00 | 149 | 530000072 | $131,025.42 | 283 | 530000378 | $960.46 |
| 16 | 42 | $509.07 | 150 | 530000075 | $210,777.73 | 284 | 530000379 | $416,484.03 |
| 17 | 43 | $800.00 | 151 | 530000076 | $181,981.90 | 285 | 530000380 | $272,913.68 |
| 18 | 45 | $1,367.00 | 152 | 530000080 | $222,363.00 | 286 | 530000381 | $960.00 |
| 19 | 48 | $1,367.00 | 153 | 530000081 | $5,510.37 | 287 | 530000384 | $95,830.38 |
| 20 | 52 | $478.33 | 154 | 530000083 | $9,574.85 | 288 | 530000385 | $5,084.58 |
| 21 | 54 | $423.81 | 155 | 530000087 | $55,623.57 | 289 | 530000387 | $228.89 |
| 22 | 59 | $8,114.87 | 156 | 530000090 | $71,859.43 | 290 | 530000388 | $223,902.70 |
| 23 | 62 | $609.00 | 157 | 530000092 | $24,335.24 | 291 | 530000389 | $17,012.50 |
| 24 | 63 | $14,940.00 | 158 | 530000093 | $233,822.36 | 292 | 530000394 | $94,370.01 |
| 25 | 64 | $700.00 | 159 | 530000095 | $84,434.19 | 293 | 530000396 | $244,142.97 |
| 26 | 66 | $1,056.00 | 160 | 530000096 | $232,850.35 | 294 | 530000398 | $28,573.00 |
| 27 | 67 | $550.00 | 161 | 530000097 | $264,456.37 | 295 | 530000401 | $80,519.00 |
| 28 | 68 | $1,789.21 | 162 | 530000098 | $110,350.69 | 296 | 530000402 | $3,967.00 |
| 29 | 70 | $4,890.00 | 163 | 530000099 | $7,193.56 | 297 | 530000406 | $381,657.36 |
| 30 | 73 | $520.00 | 164 | 530000100 | $35,358.27 | 298 | 530000409 | $299,704.78 |
| 31 | 75 | $33,640.00 | 165 | 530000111 | $37,776.82 | 299 | 530000589 | $47,401.13 |
| 32 | 76 | $3,260.00 | 166 | 530000112 | $3,106.24 | 300 | 530000590 | $74,068.60 |
| 33 | 77 | $2,445.00 | 167 | 530000113 | $2,970.10 | 301 | 530000591 | $1,500.00 |
| 34 | 78 | $2,445.00 | 168 | 530000114 | $32,062.41 | 302 | 530000592 | $8,981.90 |
| 35 | 79 | $2,755.00 | 169 | 530000115 | $477,252.11 | 303 | 530000593 | $1,691.90 |
| 36 | 80 | $888.00 | 170 | 530000116 | $3,024.23 | 304 | 530000599 | $528.00 |
| 37 | 81 | $605.00 | 171 | 530000117 | $64,640.60 | 305 | 530000605 | $8,206.20 |
| 38 | 82 | $539.00 | 172 | 530000118 | $16,110.35 | 306 | 530000606 | $2,999.24 |
| 39 | 83 | $635.00 | 173 | 530000119 | $15,556.26 | 307 | 530000607 | $7,047.94 |
| 40 | 91 | $691.55 | 174 | 530000121 | $11,488.97 | 308 | 530000609 | $37,125.03 |
| 41 | 92 | $1,367.00 | 175 | 530000122 | $2,860.56 | 309 | 530000611 | $7,204.09 |
| 42 | 94 | $480.00 | 176 | 530000124 | $31,738.76 | 310 | 530000626 | $25,864.50 |
| 43 | 95 | $7,570.00 | 177 | 530000125 | $29,966.33 | 311 | 530000628 | $818,040.39 |
| 44 | 96 | $12,213.19 | 178 | 530000126 | $34,175.00 | 312 | 530000629 | $31,479.15 |
| 45 | 97 | $308.00 | 179 | 530000166 | $1,508.16 | 313 | 530000630 | $3,394.50 |
| 46 | 98 | $17,334.80 | 180 | 530000174 | $18,535.85 | 314 | 530000632 | $4,519.97 |
| 47 | 102 | $1,367.00 | 181 | 530000186 | $948.62 | 315 | 530000634 | $29,331.90 |
| 48 | 103 | $1,993.95 | 182 | 530000188 | $194.00 | 316 | 530000645 | $10,214.14 |
| 49 | 105 | $6,603.75 | 183 | 530000190 | $1,630.00 | 317 | 530000646 | $4,436,503.73 |
| 50 | 106 | $2,992.00 | 184 | 530000191 | $3,669.98 | 318 | 530000653 | $534,798.83 |
| 51 | 107 | $55,705.66 | 185 | 530000192 | $141.81 | 319 | 530000654 | $25,925.31 |
| 52 | 108 | $34,666.49 | 186 | 530000193 | $6,701.00 | 320 | 530000655 | $10,911.01 |
| 53 | 109 | $1,146.00 | 187 | 530000194 | $162,652.79 | 321 | 530000666 | $246,718.25 |
| 54 | 110 | $4,701.00 | 188 | 530000196 | $14,555.90 | 322 | 530000667 | $76,700.91 |
| 55 | 114 | $452.00 | 189 | 530000203 | $2,023.16 | 323 | 530000668 | $30,129.00 |
| 56 | 115 | $325.00 | 190 | 530000204 | $621.00 | 324 | 530000677 | $698,340.16 |
| 57 | 117 | $1,742.00 | 191 | 530000205 | $4,442.75 | 325 | 530000679 | $131,239.37 |
| 58 | 119 | $16,404.00 | 192 | 530000206 | $863.00 | 326 | 530000681 | $2,083.04 |
| 59 | 120 | $1,227.40 | 193 | 530000207 | $4,442.75 | 327 | 530000685 | $5,773,014.74 |

*Ra Medical Securities Litigation*
**Exhibit C-1**
**Timely Eligible Claims**
**Number of Claims = 401**

| # | Claim Number | Recognized Loss | # | Claim Number | Recognized Loss | # | Claim Number | Recognized Loss |
|---|---|---|---|---|---|---|---|---|
| 60 | 121 | $2,572.00 | 194 | 530000212 | $14,495.97 | 328 | 530000686 | $114,283.24 |
| 61 | 122 | $425.44 | 195 | 530000214 | $3,000.20 | 329 | 530000690 | $96,498.26 |
| 62 | 126 | $85.29 | 196 | 530000216 | $19,661.16 | 330 | 530000693 | $1,350.55 |
| 63 | 127 | $11,521.65 | 197 | 530000218 | $1,367.00 | 331 | 530000706 | $305,263.62 |
| 64 | 128 | $4,101.00 | 198 | 530000220 | $1,367.00 | 332 | 530000707 | $1,350.55 |
| 65 | 129 | $12,270.45 | 199 | 530000221 | $1,367.00 | 333 | 530000708 | $520,130.22 |
| 66 | 130 | $411.00 | 200 | 530000222 | $1,367.00 | 334 | 530000709 | $34,953.46 |
| 67 | 131 | $34,366.17 | 201 | 530000223 | $13,670.00 | 335 | 530000710 | $22,188.10 |
| 68 | 132 | $4,651.37 | 202 | 530000224 | $1,367.00 | 336 | 530000716 | $72,969.11 |
| 69 | 133 | $88,000.00 | 203 | 530000226 | $1,367.00 | 337 | 530000718 | $30,615.89 |
| 70 | 136 | $5,510.00 | 204 | 530000227 | $1,367.00 | 338 | 530000720 | $230,485.40 |
| 71 | 137 | $5,724.90 | 205 | 530000228 | $2,734.00 | 339 | 530000721 | $591,523.58 |
| 72 | 140 | $3,000.00 | 206 | 530000229 | $2,734.00 | 340 | 530000722 | $1,383,767.51 |
| 73 | 143 | $333.87 | 207 | 530000237 | $14.96 | 341 | 530000723 | $827,488.94 |
| 74 | 146 | $1,587.90 | 208 | 530000238 | $284,274.25 | 342 | 530000724 | $961,114.27 |
| 75 | 147 | $4,101.00 | 209 | 530000241 | $107,003.00 | 343 | 530000731 | $54,040.36 |
| 76 | 148 | $2,280.00 | 210 | 530000242 | $64,305.50 | 344 | 530000733 | $49,537.59 |
| 77 | 149 | $954.99 | 211 | 530000243 | $421,280.49 | 345 | 530000734 | $38,110.98 |
| 78 | 154 | $909.78 | 212 | 530000244 | $3,030,498.79 | 346 | 530000735 | $181.19 |
| 79 | 155 | $1,968.00 | 213 | 530000249 | $183,695.43 | 347 | 530000737 | $181.69 |
| 80 | 156 | $1,367.00 | 214 | 530000251 | $15,776.78 | 348 | 530000738 | $649.77 |
| 81 | 157 | $1,367.00 | 215 | 530000252 | $3,531.04 | 349 | 530000741 | $14,590.80 |
| 82 | 158 | $3,880.00 | 216 | 530000254 | $61.42 | 350 | 530000742 | $52.12 |
| 83 | 160 | $4,595.28 | 217 | 530000260 | $333.99 | 351 | 530000745 | $2,734.00 |
| 84 | 161 | $3,318.72 | 218 | 530000262 | $820.00 | 352 | 530000746 | $2,734.00 |
| 85 | 163 | $11,052.00 | 219 | 530000265 | $500.00 | 353 | 530000747 | $1,525,025.77 |
| 86 | 168 | $38,077.57 | 220 | 530000267 | $19.80 | 354 | 530000748 | $1,152,704.68 |
| 87 | 170 | $1,812.00 | 221 | 530000268 | $228.00 | 355 | 530000751 | $274,937.87 |
| 88 | 171 | $857.00 | 222 | 530000269 | $2.80 | 356 | 530000752 | $22.00 |
| 89 | 174 | $2,541.91 | 223 | 530000272 | $10,698.00 | 357 | 530000755 | $334.84 |
| 90 | 176 | $13,806.06 | 224 | 530000275 | $3,907.00 | 358 | 530000770 | $6,223.87 |
| 91 | 177 | $23.68 | 225 | 530000280 | $371.00 | 359 | 530000774 | $179.52 |
| 92 | 178 | $31.00 | 226 | 530000281 | $262.00 | 360 | 530000776 | $3.77 |
| 93 | 180 | $88,584.93 | 227 | 530000285 | $15,564.14 | 361 | 530000777 | $121.44 |
| 94 | 181 | $29,812.63 | 228 | 530000286 | $23,972.41 | 362 | 530000778 | $128.48 |
| 95 | 184 | $3,748.80 | 229 | 530000287 | $64,673.35 | 363 | 530000779 | $102.08 |
| 96 | 185 | $1,050.00 | 230 | 530000288 | $56,153.50 | 364 | 530000782 | $76.00 |
| 97 | 186 | $1,367.00 | 231 | 530000289 | $9,600.70 | 365 | 530000784 | $75,130.47 |
| 98 | 187 | $615.15 | 232 | 530000290 | $9,747.40 | 366 | 530000785 | $455.00 |
| 99 | 188 | $6,693.26 | 233 | 530000291 | $5,851.70 | 367 | 530000789 | $5,332.20 |
| 100 | 189 | $430.77 | 234 | 530000292 | $1,744.10 | 368 | 530000792 | $419.38 |
| 101 | 191 | $41,456.17 | 235 | 530000293 | $994.30 | 369 | 530000795 | $1,777.10 |
| 102 | 200 | $644,638.48 | 236 | 530000294 | $1,385,406.59 | 370 | 530000801 | $30,392.06 |
| 103 | 201 | $2,379.00 | 237 | 530000295 | $880,647.80 | 371 | 530000802 | $7.51 |
| 104 | 202 | $2,382.00 | 238 | 530000296 | $3,025.77 | 372 | 530000806 | $68,481.60 |
| 105 | 204 | $7.93 | 239 | 530000297 | $1,868,557.83 | 373 | 530000809 | $789,117.54 |
| 106 | 205 | $3.90 | 240 | 530000299 | $59,104.00 | 374 | 530000813 | $881.26 |
| 107 | 206 | $449.30 | 241 | 530000300 | $6,286.17 | 375 | 530000814 | $35.62 |
| 108 | 210 | $105,529.35 | 242 | 530000301 | $160,043.89 | 376 | 530000815 | $17.60 |
| 109 | 530000001 | $8,652.09 | 243 | 530000302 | $395,461.84 | 377 | 530000816 | $80.42 |
| 110 | 530000002 | $21,681.84 | 244 | 530000303 | $1,367,131.35 | 378 | 530000818 | $79,065.93 |
| 111 | 530000003 | $52,031.91 | 245 | 530000304 | $112,094.00 | 379 | 530000820 | $25,068.50 |
| 112 | 530000004 | $28,535.74 | 246 | 530000305 | $1,145,546.00 | 380 | 530000821 | $9,826.25 |
| 113 | 530000005 | $6,736.05 | 247 | 530000306 | $19,950.25 | 381 | 530000824 | $47,711.00 |
| 114 | 530000006 | $15,420.35 | 248 | 530000307 | $30,755.05 | 382 | 530000825 | $14,089.11 |
| 115 | 530000007 | $7,789.81 | 249 | 530000308 | $61,451.79 | 383 | 530000826 | $15,930.77 |
| 116 | 530000008 | $7,629.73 | 250 | 530000309 | $40,689.89 | 384 | 530000827 | $776.00 |
| 117 | 530000009 | $10,684.10 | 251 | 530000310 | $315,599.42 | 385 | 530000828 | $1,164.00 |
| 118 | 530000010 | $6,832.54 | 252 | 530000311 | $596,479.99 | 386 | 530000829 | $252.76 |

*Ra Medical Securities Litigation*
**Exhibit C-1**
**Timely Eligible Claims**
**Number of Claims = 401**

| # | Claim Number | Recognized Loss | | # | Claim Number | Recognized Loss | | # | Claim Number | Recognized Loss |
|---|---|---|---|---|---|---|---|---|---|---|
| 119 | 530000012 | $21,719.63 | | 253 | 530000312 | $244,004.47 | | 387 | 530000830 | $2,309.82 |
| 120 | 530000014 | $52,051.04 | | 254 | 530000313 | $47,046.00 | | 388 | 530000831 | $1,919.13 |
| 121 | 530000016 | $27,671.26 | | 255 | 530000314 | $6,112.44 | | 389 | 530000832 | $910.01 |
| 122 | 530000017 | $6,850.00 | | 256 | 530000315 | $74,707.82 | | 390 | 530000833 | $18,884.31 |
| 123 | 530000018 | $30,489.25 | | 257 | 530000316 | $903,753.40 | | 391 | 530000834 | $386,900.55 |
| 124 | 530000019 | $207,232.95 | | 258 | 530000324 | $262.15 | | 392 | 530000835 | $784,717.71 |
| 125 | 530000021 | $26,416.57 | | 259 | 530000325 | $7,760.00 | | 393 | 530000836 | $2,620.59 |
| 126 | 530000022 | $5,815.90 | | 260 | 530000326 | $3,238.08 | | 394 | 530000843 | $62,169.48 |
| 127 | 530000023 | $4,386.87 | | 261 | 530000327 | $352,766.30 | | 395 | 530000844 | $36,775.00 |
| 128 | 530000024 | $98,917.76 | | 262 | 530000331 | $91,141.20 | | 396 | 530000845 | $5,521.92 |
| 129 | 530000025 | $24,661.95 | | 263 | 530000334 | $24.00 | | 397 | 530000846 | $13,272.56 |
| 130 | 530000026 | $19,778.12 | | 264 | 530000336 | $246.40 | | 398 | 530000847 | $32,062.41 |
| 131 | 530000027 | $128,760.42 | | 265 | 530000337 | $316.07 | | 399 | 530000848 | $315,449.01 |
| 132 | 530000028 | $21,375.61 | | 266 | 530000338 | $2,182.40 | | 400 | 530000850 | $3,106.24 |
| 133 | 530000029 | $42,465.93 | | 267 | 530000340 | $1,118.85 | | 401 | 530000851 | $522.889 |
| 134 | 530000030 | $25,916.63 | | 268 | 530000341 | $38,873.45 | | | | |

Total Claims = 401
Total Recognized Loss = $50,333,245.51

# EXHIBIT C-2

*Ra Medical Securities Litigation*
**Exhibit C-2**
**Late But Eligible Claims**
**Number of Claims = 10**

| # | Claim Number | Recognized Loss | | # | Claim Number | Recognized Loss | | # | Claim Number | Recognized Loss |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 182 | $1,367.00 | | 5 | 208 | $963.00 | | 9 | 530000652 | $316,029.29 |
| 2 | 183 | $1,367.00 | | 6 | 213 | $4,229.28 | | 10 | 530000852 | $28,863.54 |
| 3 | 196 | $88,855.00 | | 7 | 530000647 | $1,635.78 | | | | |
| 4 | 198 | $316.30 | | 8 | 530000648 | $457.21 | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | Total Claims = 10 | |
| | | | | | | | | | Total Recognized Loss = $444,083.40 | |

# EXHIBIT C-3

*Ra Medical Securities Litigation*
**Exhibit C-3**
**Rejected Claims**
**Number of Claims = 660**

| # | Claim Number | Reason for Ineligibility |
|---|---|---|
| 1 | 1 | Claim Did Not Result in a Recognized Loss |
| 2 | 2 | No Eligible Purchase During Class Period |
| 3 | 3 | No Eligible Purchase During Class Period |
| 4 | 4 | Deficient Claim with Ineligibility Never Cured |
| 5 | 5 | Deficient Claim with Ineligibility Never Cured |
| 6 | 6 | Deficient Claim with Ineligibility Never Cured |
| 7 | 7 | Claim Withdrawn/Voided by Request |
| 8 | 8 | No Eligible Purchase During Class Period |
| 9 | 9 | No Eligible Purchase During Class Period |
| 10 | 10 | No Eligible Purchase During Class Period |
| 11 | 11 | No Eligible Purchase During Class Period |
| 12 | 13 | No Eligible Purchase During Class Period |
| 13 | 14 | No Eligible Purchase During Class Period |
| 14 | 15 | No Eligible Purchase During Class Period |
| 15 | 16 | No Eligible Purchase During Class Period |
| 16 | 17 | Claim Did Not Result in a Recognized Loss |
| 17 | 18 | Deficient Claim with Ineligibility Never Cured |
| 18 | 19 | No Eligible Purchase During Class Period |
| 19 | 22 | No Eligible Purchase During Class Period |
| 20 | 23 | Deficient Claim with Ineligibility Never Cured |
| 21 | 26 | Duplicate Claim |
| 22 | 29 | Deficient Claim with Ineligibility Never Cured |
| 23 | 31 | No Eligible Purchase During Class Period |
| 24 | 33 | Duplicate Claim |
| 25 | 37 | Deficient Claim with Ineligibility Never Cured |
| 26 | 40 | Claim Did Not Result in a Recognized Loss |
| 27 | 44 | Deficient Claim with Ineligibility Never Cured |
| 28 | 46 | Deficient Claim with Ineligibility Never Cured |
| 29 | 47 | Duplicate Claim |
| 30 | 49 | Deficient Claim with Ineligibility Never Cured |
| 31 | 50 | Deficient Claim with Ineligibility Never Cured |
| 32 | 51 | Deficient Claim with Ineligibility Never Cured |
| 33 | 53 | No Eligible Purchase During Class Period |
| 34 | 55 | Claim Did Not Result in a Recognized Loss |
| 35 | 56 | Deficient Claim with Ineligibility Never Cured |
| 36 | 57 | Claim Withdrawn/Voided by Request |
| 37 | 58 | Claim Withdrawn/Voided by Request |
| 38 | 60 | No Eligible Purchase During Class Period |
| 39 | 61 | Claim Did Not Result in a Recognized Loss |
| 40 | 65 | Deficient Claim with Ineligibility Never Cured |
| 41 | 69 | Duplicate Claim |
| 42 | 71 | Deficient Claim with Ineligibility Never Cured |
| 43 | 72 | Duplicate Claim |
| 44 | 74 | Duplicate Claim |
| 45 | 84 | No Eligible Purchase During Class Period |
| 46 | 85 | No Eligible Purchase During Class Period |
| 47 | 86 | No Eligible Purchase During Class Period |
| 48 | 87 | Deficient Claim with Ineligibility Never Cured |
| 49 | 88 | Claim Did Not Result in a Recognized Loss |
| 50 | 89 | Deficient Claim with Ineligibility Never Cured |
| 51 | 90 | No Eligible Purchase During Class Period |
| 52 | 93 | Claim Did Not Result in a Recognized Loss |
| 53 | 99 | Duplicate Claim |
| 54 | 100 | Claim Did Not Result in a Recognized Loss |
| 55 | 101 | Claim Did Not Result in a Recognized Loss |
| 56 | 104 | Deficient Claim with Ineligibility Never Cured |
| 57 | 111 | Deficient Claim with Ineligibility Never Cured |
| 58 | 112 | Deficient Claim with Ineligibility Never Cured |
| 59 | 113 | Deficient Claim with Ineligibility Never Cured |
| 60 | 116 | Claim Did Not Result in a Recognized Loss |
| 61 | 118 | Deficient Claim with Ineligibility Never Cured |
| 62 | 123 | No Eligible Purchase During Class Period |
| 63 | 124 | Deficient Claim with Ineligibility Never Cured |
| 64 | 125 | Claim Did Not Result in a Recognized Loss |
| 65 | 134 | No Eligible Purchase During Class Period |
| 66 | 135 | Deficient Claim with Ineligibility Never Cured |
| 67 | 138 | No Eligible Purchase During Class Period |
| 68 | 139 | Duplicate Claim |
| 69 | 141 | Deficient Claim with Ineligibility Never Cured |
| 70 | 142 | Duplicate Claim |
| 71 | 144 | Deficient Claim with Ineligibility Never Cured |
| 72 | 145 | No Eligible Purchase During Class Period |
| 73 | 150 | Claim Did Not Result in a Recognized Loss |
| 74 | 151 | Claim Withdrawn/Voided by Request |
| 75 | 152 | No Eligible Purchase During Class Period |
| 76 | 153 | Claim Did Not Result in a Recognized Loss |
| 77 | 159 | No Eligible Purchase During Class Period |
| 78 | 162 | No Eligible Purchase During Class Period |
| 79 | 164 | Claim Did Not Result in a Recognized Loss |
| 80 | 165 | No Eligible Purchase During Class Period |
| 81 | 166 | Duplicate Claim |
| 82 | 167 | No Eligible Purchase During Class Period |
| 83 | 169 | Deficient Claim with Ineligibility Never Cured |
| 84 | 172 | Duplicate Claim |
| 221 | 530000199 | Claim Did Not Result in a Recognized Loss |
| 222 | 530000200 | Claim Did Not Result in a Recognized Loss |
| 223 | 530000201 | Claim Did Not Result in a Recognized Loss |
| 224 | 530000202 | Claim Did Not Result in a Recognized Loss |
| 225 | 530000208 | Claim Did Not Result in a Recognized Loss |
| 226 | 530000209 | Claim Did Not Result in a Recognized Loss |
| 227 | 530000210 | Claim Did Not Result in a Recognized Loss |
| 228 | 530000211 | Deficient Claim with Ineligibility Never Cured |
| 229 | 530000213 | Claim Did Not Result in a Recognized Loss |
| 230 | 530000215 | Claim Did Not Result in a Recognized Loss |
| 231 | 530000217 | No Eligible Purchase During Class Period |
| 232 | 530000219 | No Eligible Purchase During Class Period |
| 233 | 530000225 | No Eligible Purchase During Class Period |
| 234 | 530000230 | Deficient Claim with Ineligibility Never Cured |
| 235 | 530000231 | Claim Did Not Result in a Recognized Loss |
| 236 | 530000232 | Claim Did Not Result in a Recognized Loss |
| 237 | 530000233 | Claim Did Not Result in a Recognized Loss |
| 238 | 530000234 | Claim Withdrawn/Voided by Request |
| 239 | 530000235 | Claim Withdrawn/Voided by Request |
| 240 | 530000236 | Claim Did Not Result in a Recognized Loss |
| 241 | 530000239 | Claim Did Not Result in a Recognized Loss |
| 242 | 530000240 | Claim Did Not Result in a Recognized Loss |
| 243 | 530000245 | Claim Did Not Result in a Recognized Loss |
| 244 | 530000246 | Claim Did Not Result in a Recognized Loss |
| 245 | 530000247 | Claim Did Not Result in a Recognized Loss |
| 246 | 530000248 | Claim Did Not Result in a Recognized Loss |
| 247 | 530000250 | Claim Did Not Result in a Recognized Loss |
| 248 | 530000253 | Claim Did Not Result in a Recognized Loss |
| 249 | 530000255 | Claim Did Not Result in a Recognized Loss |
| 250 | 530000256 | Claim Did Not Result in a Recognized Loss |
| 251 | 530000257 | Claim Withdrawn/Voided by Request |
| 252 | 530000258 | Claim Withdrawn/Voided by Request |
| 253 | 530000259 | Claim Did Not Result in a Recognized Loss |
| 254 | 530000261 | Claim Did Not Result in a Recognized Loss |
| 255 | 530000263 | No Eligible Purchase During Class Period |
| 256 | 530000264 | Claim Did Not Result in a Recognized Loss |
| 257 | 530000266 | Claim Did Not Result in a Recognized Loss |
| 258 | 530000270 | Claim Did Not Result in a Recognized Loss |
| 259 | 530000271 | Claim Did Not Result in a Recognized Loss |
| 260 | 530000273 | Claim Did Not Result in a Recognized Loss |
| 261 | 530000274 | Claim Did Not Result in a Recognized Loss |
| 262 | 530000276 | Claim Did Not Result in a Recognized Loss |
| 263 | 530000277 | Claim Did Not Result in a Recognized Loss |
| 264 | 530000278 | Claim Did Not Result in a Recognized Loss |
| 265 | 530000279 | Claim Did Not Result in a Recognized Loss |
| 266 | 530000282 | No Eligible Purchase During Class Period |
| 267 | 530000283 | Claim Did Not Result in a Recognized Loss |
| 268 | 530000284 | Claim Did Not Result in a Recognized Loss |
| 269 | 530000298 | Claim Did Not Result in a Recognized Loss |
| 270 | 530000317 | No Eligible Purchase During Class Period |
| 271 | 530000318 | No Eligible Purchase During Class Period |
| 272 | 530000319 | Claim Did Not Result in a Recognized Loss |
| 273 | 530000320 | Claim Withdrawn/Voided by Request |
| 274 | 530000321 | Claim Withdrawn/Voided by Request |
| 275 | 530000322 | Claim Did Not Result in a Recognized Loss |
| 276 | 530000323 | Claim Did Not Result in a Recognized Loss |
| 277 | 530000328 | Claim Did Not Result in a Recognized Loss |
| 278 | 530000329 | Claim Did Not Result in a Recognized Loss |
| 279 | 530000330 | No Eligible Purchase During Class Period |
| 280 | 530000332 | No Eligible Purchase During Class Period |
| 281 | 530000333 | Claim Did Not Result in a Recognized Loss |
| 282 | 530000335 | No Eligible Purchase During Class Period |
| 283 | 530000339 | Claim Did Not Result in a Recognized Loss |
| 284 | 530000347 | Claim Did Not Result in a Recognized Loss |
| 285 | 530000348 | Claim Did Not Result in a Recognized Loss |
| 286 | 530000349 | Claim Did Not Result in a Recognized Loss |
| 287 | 530000350 | Claim Did Not Result in a Recognized Loss |
| 288 | 530000353 | Claim Did Not Result in a Recognized Loss |
| 289 | 530000354 | Claim Did Not Result in a Recognized Loss |
| 290 | 530000355 | Claim Did Not Result in a Recognized Loss |
| 291 | 530000358 | Claim Did Not Result in a Recognized Loss |
| 292 | 530000359 | Claim Did Not Result in a Recognized Loss |
| 293 | 530000360 | Claim Did Not Result in a Recognized Loss |
| 294 | 530000363 | Claim Did Not Result in a Recognized Loss |
| 295 | 530000366 | Claim Did Not Result in a Recognized Loss |
| 296 | 530000367 | Claim Did Not Result in a Recognized Loss |
| 297 | 530000368 | Claim Did Not Result in a Recognized Loss |
| 298 | 530000369 | Claim Did Not Result in a Recognized Loss |
| 299 | 530000370 | Claim Did Not Result in a Recognized Loss |
| 300 | 530000371 | Claim Did Not Result in a Recognized Loss |
| 301 | 530000373 | Claim Did Not Result in a Recognized Loss |
| 302 | 530000374 | Claim Did Not Result in a Recognized Loss |
| 303 | 530000375 | Claim Did Not Result in a Recognized Loss |
| 304 | 530000376 | Duplicate Claim |
| 441 | 530000529 | Claim Withdrawn/Voided by Request |
| 442 | 530000530 | Claim Withdrawn/Voided by Request |
| 443 | 530000531 | Claim Withdrawn/Voided by Request |
| 444 | 530000532 | Claim Withdrawn/Voided by Request |
| 445 | 530000533 | Claim Withdrawn/Voided by Request |
| 446 | 530000534 | Claim Withdrawn/Voided by Request |
| 447 | 530000535 | Claim Withdrawn/Voided by Request |
| 448 | 530000536 | Claim Withdrawn/Voided by Request |
| 449 | 530000537 | Claim Withdrawn/Voided by Request |
| 450 | 530000538 | Claim Withdrawn/Voided by Request |
| 451 | 530000539 | Claim Withdrawn/Voided by Request |
| 452 | 530000540 | Claim Withdrawn/Voided by Request |
| 453 | 530000541 | Claim Withdrawn/Voided by Request |
| 454 | 530000542 | Claim Withdrawn/Voided by Request |
| 455 | 530000543 | Claim Withdrawn/Voided by Request |
| 456 | 530000544 | Claim Withdrawn/Voided by Request |
| 457 | 530000545 | Claim Withdrawn/Voided by Request |
| 458 | 530000546 | Claim Withdrawn/Voided by Request |
| 459 | 530000547 | Claim Withdrawn/Voided by Request |
| 460 | 530000548 | Claim Withdrawn/Voided by Request |
| 461 | 530000549 | Claim Withdrawn/Voided by Request |
| 462 | 530000550 | Claim Withdrawn/Voided by Request |
| 463 | 530000551 | Claim Withdrawn/Voided by Request |
| 464 | 530000552 | Claim Withdrawn/Voided by Request |
| 465 | 530000553 | Claim Withdrawn/Voided by Request |
| 466 | 530000554 | Claim Withdrawn/Voided by Request |
| 467 | 530000555 | Claim Withdrawn/Voided by Request |
| 468 | 530000556 | Claim Withdrawn/Voided by Request |
| 469 | 530000557 | Claim Withdrawn/Voided by Request |
| 470 | 530000558 | Claim Withdrawn/Voided by Request |
| 471 | 530000559 | Claim Withdrawn/Voided by Request |
| 472 | 530000560 | Claim Withdrawn/Voided by Request |
| 473 | 530000561 | Claim Withdrawn/Voided by Request |
| 474 | 530000562 | Claim Withdrawn/Voided by Request |
| 475 | 530000563 | Claim Withdrawn/Voided by Request |
| 476 | 530000564 | Claim Withdrawn/Voided by Request |
| 477 | 530000565 | Claim Withdrawn/Voided by Request |
| 478 | 530000566 | Claim Withdrawn/Voided by Request |
| 479 | 530000567 | Claim Withdrawn/Voided by Request |
| 480 | 530000568 | Claim Withdrawn/Voided by Request |
| 481 | 530000569 | Claim Withdrawn/Voided by Request |
| 482 | 530000570 | Claim Withdrawn/Voided by Request |
| 483 | 530000571 | Claim Withdrawn/Voided by Request |
| 484 | 530000572 | Claim Withdrawn/Voided by Request |
| 485 | 530000573 | Claim Withdrawn/Voided by Request |
| 486 | 530000574 | Claim Withdrawn/Voided by Request |
| 487 | 530000575 | Claim Withdrawn/Voided by Request |
| 488 | 530000576 | Claim Withdrawn/Voided by Request |
| 489 | 530000577 | Claim Withdrawn/Voided by Request |
| 490 | 530000578 | Claim Withdrawn/Voided by Request |
| 491 | 530000579 | Claim Withdrawn/Voided by Request |
| 492 | 530000580 | Claim Withdrawn/Voided by Request |
| 493 | 530000581 | Claim Withdrawn/Voided by Request |
| 494 | 530000582 | Claim Withdrawn/Voided by Request |
| 495 | 530000583 | Claim Withdrawn/Voided by Request |
| 496 | 530000584 | Claim Withdrawn/Voided by Request |
| 497 | 530000585 | Claim Withdrawn/Voided by Request |
| 498 | 530000586 | Claim Withdrawn/Voided by Request |
| 499 | 530000587 | Claim Withdrawn/Voided by Request |
| 500 | 530000588 | Claim Withdrawn/Voided by Request |
| 501 | 530000594 | No Eligible Purchase During Class Period |
| 502 | 530000595 | No Eligible Purchase During Class Period |
| 503 | 530000596 | No Eligible Purchase During Class Period |
| 504 | 530000597 | No Eligible Purchase During Class Period |
| 505 | 530000598 | No Eligible Purchase During Class Period |
| 506 | 530000600 | Claim Did Not Result in a Recognized Loss |
| 507 | 530000601 | Claim Did Not Result in a Recognized Loss |
| 508 | 530000602 | Claim Did Not Result in a Recognized Loss |
| 509 | 530000603 | Claim Did Not Result in a Recognized Loss |
| 510 | 530000604 | Claim Did Not Result in a Recognized Loss |
| 511 | 530000608 | Claim Did Not Result in a Recognized Loss |
| 512 | 530000610 | Claim Did Not Result in a Recognized Loss |
| 513 | 530000612 | No Eligible Purchase During Class Period |
| 514 | 530000613 | No Eligible Purchase During Class Period |
| 515 | 530000614 | Claim Did Not Result in a Recognized Loss |
| 516 | 530000615 | Claim Did Not Result in a Recognized Loss |
| 517 | 530000616 | Claim Did Not Result in a Recognized Loss |
| 518 | 530000617 | Claim Did Not Result in a Recognized Loss |
| 519 | 530000618 | Claim Withdrawn/Voided by Request |
| 520 | 530000619 | Claim Did Not Result in a Recognized Loss |
| 521 | 530000620 | Claim Did Not Result in a Recognized Loss |
| 522 | 530000621 | Claim Did Not Result in a Recognized Loss |
| 523 | 530000622 | Claim Did Not Result in a Recognized Loss |
| 524 | 530000623 | Claim Did Not Result in a Recognized Loss |

*Ra Medical Securities Litigation*

**Exhibit C-3**
**Rejected Claims**
**Number of Claims = 660**

| # | Claim Number | Reason for Ineligibility | # | Claim Number | Reason for Ineligibility | # | Claim Number | Reason for Ineligibility |
|---|---|---|---|---|---|---|---|---|
| 85 | 173 | Duplicate Claim | 305 | 530000377 | Claim Did Not Result in a Recognized Loss | 525 | 530000624 | No Eligible Purchase During Class Period |
| 86 | 175 | Deficient Claim with Ineligibility Never Cured | 306 | 530000382 | Claim Did Not Result in a Recognized Loss | 526 | 530000625 | Claim Did Not Result in a Recognized Loss |
| 87 | 179 | Claim Did Not Result in a Recognized Loss | 307 | 530000383 | Claim Did Not Result in a Recognized Loss | 527 | 530000627 | Claim Did Not Result in a Recognized Loss |
| 88 | 190 | Claim Did Not Result in a Recognized Loss | 308 | 530000386 | Claim Did Not Result in a Recognized Loss | 528 | 530000631 | Claim Did Not Result in a Recognized Loss |
| 89 | 192 | Deficient Claim with Ineligibility Never Cured | 309 | 530000390 | Claim Did Not Result in a Recognized Loss | 529 | 530000633 | Claim Did Not Result in a Recognized Loss |
| 90 | 193 | Claim Did Not Result in a Recognized Loss | 310 | 530000391 | Claim Did Not Result in a Recognized Loss | 530 | 530000635 | Claim Did Not Result in a Recognized Loss |
| 91 | 194 | No Eligible Purchase During Class Period | 311 | 530000392 | Claim Did Not Result in a Recognized Loss | 531 | 530000636 | Claim Did Not Result in a Recognized Loss |
| 92 | 195 | No Eligible Purchase During Class Period | 312 | 530000393 | Claim Did Not Result in a Recognized Loss | 532 | 530000637 | Claim Did Not Result in a Recognized Loss |
| 93 | 197 | No Eligible Purchase During Class Period | 313 | 530000395 | Claim Did Not Result in a Recognized Loss | 533 | 530000638 | Claim Withdrawn/Voided by Request |
| 94 | 199 | No Eligible Purchase During Class Period | 314 | 530000397 | Claim Did Not Result in a Recognized Loss | 534 | 530000639 | Claim Withdrawn/Voided by Request |
| 95 | 203 | No Eligible Purchase During Class Period | 315 | 530000399 | Claim Did Not Result in a Recognized Loss | 535 | 530000640 | Claim Withdrawn/Voided by Request |
| 96 | 207 | No Eligible Purchase During Class Period | 316 | 530000400 | Duplicate Claim | 536 | 530000641 | Claim Withdrawn/Voided by Request |
| 97 | 209 | Deficient Claim with Ineligibility Never Cured | 317 | 530000403 | Claim Did Not Result in a Recognized Loss | 537 | 530000642 | Claim Withdrawn/Voided by Request |
| 98 | 211 | No Eligible Purchase During Class Period | 318 | 530000404 | Claim Did Not Result in a Recognized Loss | 538 | 530000643 | Claim Withdrawn/Voided by Request |
| 99 | 212 | Claim Did Not Result in a Recognized Loss | 319 | 530000405 | Claim Did Not Result in a Recognized Loss | 539 | 530000644 | Claim Withdrawn/Voided by Request |
| 100 | 214 | No Eligible Purchase During Class Period | 320 | 530000407 | Claim Did Not Result in a Recognized Loss | 540 | 530000649 | Claim Did Not Result in a Recognized Loss |
| 101 | 215 | Deficient Claim with Ineligibility Never Cured | 321 | 530000408 | Duplicate Claim | 541 | 530000650 | Claim Did Not Result in a Recognized Loss |
| 102 | 216 | No Eligible Purchase During Class Period | 322 | 530000410 | No Eligible Purchase During Class Period | 542 | 530000651 | Claim Did Not Result in a Recognized Loss |
| 103 | 530000011 | No Eligible Purchase During Class Period | 323 | 530000411 | Claim Withdrawn/Voided by Request | 543 | 530000656 | Claim Did Not Result in a Recognized Loss |
| 104 | 530000013 | No Eligible Purchase During Class Period | 324 | 530000412 | Claim Withdrawn/Voided by Request | 544 | 530000657 | Claim Did Not Result in a Recognized Loss |
| 105 | 530000015 | No Eligible Purchase During Class Period | 325 | 530000413 | Claim Withdrawn/Voided by Request | 545 | 530000658 | Claim Did Not Result in a Recognized Loss |
| 106 | 530000020 | No Eligible Purchase During Class Period | 326 | 530000414 | Claim Withdrawn/Voided by Request | 546 | 530000659 | Claim Did Not Result in a Recognized Loss |
| 107 | 530000031 | No Eligible Purchase During Class Period | 327 | 530000415 | Claim Withdrawn/Voided by Request | 547 | 530000660 | Claim Did Not Result in a Recognized Loss |
| 108 | 530000034 | Claim Did Not Result in a Recognized Loss | 328 | 530000416 | Claim Withdrawn/Voided by Request | 548 | 530000661 | Claim Withdrawn/Voided by Request |
| 109 | 530000035 | Claim Did Not Result in a Recognized Loss | 329 | 530000417 | Claim Withdrawn/Voided by Request | 549 | 530000662 | Claim Did Not Result in a Recognized Loss |
| 110 | 530000036 | Claim Did Not Result in a Recognized Loss | 330 | 530000418 | Claim Withdrawn/Voided by Request | 550 | 530000663 | Claim Did Not Result in a Recognized Loss |
| 111 | 530000037 | Claim Did Not Result in a Recognized Loss | 331 | 530000419 | Claim Withdrawn/Voided by Request | 551 | 530000664 | Claim Did Not Result in a Recognized Loss |
| 112 | 530000038 | Claim Did Not Result in a Recognized Loss | 332 | 530000420 | Claim Withdrawn/Voided by Request | 552 | 530000665 | Claim Did Not Result in a Recognized Loss |
| 113 | 530000039 | Claim Did Not Result in a Recognized Loss | 333 | 530000421 | Claim Withdrawn/Voided by Request | 553 | 530000669 | Claim Did Not Result in a Recognized Loss |
| 114 | 530000040 | Claim Did Not Result in a Recognized Loss | 334 | 530000422 | Claim Withdrawn/Voided by Request | 554 | 530000670 | Claim Did Not Result in a Recognized Loss |
| 115 | 530000041 | Claim Did Not Result in a Recognized Loss | 335 | 530000423 | Claim Withdrawn/Voided by Request | 555 | 530000671 | Claim Did Not Result in a Recognized Loss |
| 116 | 530000042 | Claim Did Not Result in a Recognized Loss | 336 | 530000424 | Claim Withdrawn/Voided by Request | 556 | 530000672 | Claim Did Not Result in a Recognized Loss |
| 117 | 530000043 | No Eligible Purchase During Class Period | 337 | 530000425 | Claim Withdrawn/Voided by Request | 557 | 530000673 | Claim Did Not Result in a Recognized Loss |
| 118 | 530000044 | Claim Did Not Result in a Recognized Loss | 338 | 530000426 | Claim Withdrawn/Voided by Request | 558 | 530000674 | Claim Did Not Result in a Recognized Loss |
| 119 | 530000045 | Claim Did Not Result in a Recognized Loss | 339 | 530000427 | Claim Withdrawn/Voided by Request | 559 | 530000675 | Claim Did Not Result in a Recognized Loss |
| 120 | 530000049 | Claim Did Not Result in a Recognized Loss | 340 | 530000428 | Claim Withdrawn/Voided by Request | 560 | 530000676 | No Eligible Purchase During Class Period |
| 121 | 530000052 | Claim Did Not Result in a Recognized Loss | 341 | 530000429 | Claim Withdrawn/Voided by Request | 561 | 530000678 | No Eligible Purchase During Class Period |
| 122 | 530000053 | Claim Did Not Result in a Recognized Loss | 342 | 530000430 | Claim Withdrawn/Voided by Request | 562 | 530000680 | Claim Did Not Result in a Recognized Loss |
| 123 | 530000054 | Claim Did Not Result in a Recognized Loss | 343 | 530000431 | Claim Withdrawn/Voided by Request | 563 | 530000682 | Claim Did Not Result in a Recognized Loss |
| 124 | 530000058 | Claim Did Not Result in a Recognized Loss | 344 | 530000432 | Claim Withdrawn/Voided by Request | 564 | 530000683 | Claim Did Not Result in a Recognized Loss |
| 125 | 530000062 | No Eligible Purchase During Class Period | 345 | 530000433 | Claim Withdrawn/Voided by Request | 565 | 530000684 | Claim Did Not Result in a Recognized Loss |
| 126 | 530000064 | Claim Did Not Result in a Recognized Loss | 346 | 530000434 | Claim Withdrawn/Voided by Request | 566 | 530000687 | Claim Did Not Result in a Recognized Loss |
| 127 | 530000065 | Claim Did Not Result in a Recognized Loss | 347 | 530000435 | Claim Withdrawn/Voided by Request | 567 | 530000688 | Claim Did Not Result in a Recognized Loss |
| 128 | 530000066 | Claim Did Not Result in a Recognized Loss | 348 | 530000436 | Claim Withdrawn/Voided by Request | 568 | 530000689 | Claim Did Not Result in a Recognized Loss |
| 129 | 530000067 | Claim Did Not Result in a Recognized Loss | 349 | 530000437 | Claim Withdrawn/Voided by Request | 569 | 530000691 | Claim Did Not Result in a Recognized Loss |
| 130 | 530000068 | Claim Did Not Result in a Recognized Loss | 350 | 530000438 | Claim Withdrawn/Voided by Request | 570 | 530000692 | Claim Did Not Result in a Recognized Loss |
| 131 | 530000069 | Claim Did Not Result in a Recognized Loss | 351 | 530000439 | Claim Withdrawn/Voided by Request | 571 | 530000694 | Claim Did Not Result in a Recognized Loss |
| 132 | 530000070 | Claim Did Not Result in a Recognized Loss | 352 | 530000440 | Claim Withdrawn/Voided by Request | 572 | 530000695 | Claim Did Not Result in a Recognized Loss |
| 133 | 530000071 | Claim Did Not Result in a Recognized Loss | 353 | 530000441 | Claim Withdrawn/Voided by Request | 573 | 530000696 | Claim Did Not Result in a Recognized Loss |
| 134 | 530000073 | Claim Did Not Result in a Recognized Loss | 354 | 530000442 | Claim Withdrawn/Voided by Request | 574 | 530000697 | Claim Did Not Result in a Recognized Loss |
| 135 | 530000074 | Claim Did Not Result in a Recognized Loss | 355 | 530000443 | Claim Withdrawn/Voided by Request | 575 | 530000698 | Claim Did Not Result in a Recognized Loss |
| 136 | 530000077 | Claim Did Not Result in a Recognized Loss | 356 | 530000444 | Claim Withdrawn/Voided by Request | 576 | 530000699 | Claim Did Not Result in a Recognized Loss |
| 137 | 530000078 | Claim Did Not Result in a Recognized Loss | 357 | 530000445 | Claim Withdrawn/Voided by Request | 577 | 530000700 | Claim Did Not Result in a Recognized Loss |
| 138 | 530000079 | Claim Did Not Result in a Recognized Loss | 358 | 530000446 | Claim Withdrawn/Voided by Request | 578 | 530000701 | Claim Did Not Result in a Recognized Loss |
| 139 | 530000082 | Claim Did Not Result in a Recognized Loss | 359 | 530000447 | Claim Withdrawn/Voided by Request | 579 | 530000702 | No Eligible Purchase During Class Period |
| 140 | 530000084 | Claim Did Not Result in a Recognized Loss | 360 | 530000448 | Claim Withdrawn/Voided by Request | 580 | 530000703 | Claim Did Not Result in a Recognized Loss |
| 141 | 530000085 | Claim Did Not Result in a Recognized Loss | 361 | 530000449 | Claim Withdrawn/Voided by Request | 581 | 530000704 | Claim Did Not Result in a Recognized Loss |
| 142 | 530000086 | Claim Did Not Result in a Recognized Loss | 362 | 530000450 | Claim Withdrawn/Voided by Request | 582 | 530000705 | Claim Did Not Result in a Recognized Loss |
| 143 | 530000088 | Claim Did Not Result in a Recognized Loss | 363 | 530000451 | Claim Withdrawn/Voided by Request | 583 | 530000711 | Claim Did Not Result in a Recognized Loss |
| 144 | 530000089 | Claim Did Not Result in a Recognized Loss | 364 | 530000452 | Claim Withdrawn/Voided by Request | 584 | 530000712 | No Eligible Purchase During Class Period |
| 145 | 530000091 | Claim Did Not Result in a Recognized Loss | 365 | 530000453 | Claim Withdrawn/Voided by Request | 585 | 530000713 | No Eligible Purchase During Class Period |
| 146 | 530000094 | Claim Did Not Result in a Recognized Loss | 366 | 530000454 | Claim Withdrawn/Voided by Request | 586 | 530000714 | No Eligible Purchase During Class Period |
| 147 | 530000101 | No Eligible Purchase During Class Period | 367 | 530000455 | Claim Withdrawn/Voided by Request | 587 | 530000715 | No Eligible Purchase During Class Period |
| 148 | 530000102 | Claim Did Not Result in a Recognized Loss | 368 | 530000456 | Claim Withdrawn/Voided by Request | 588 | 530000717 | Claim Did Not Result in a Recognized Loss |
| 149 | 530000103 | Claim Withdrawn/Voided by Request | 369 | 530000457 | Claim Withdrawn/Voided by Request | 589 | 530000719 | Claim Did Not Result in a Recognized Loss |
| 150 | 530000104 | Claim Withdrawn/Voided by Request | 370 | 530000458 | Claim Withdrawn/Voided by Request | 590 | 530000725 | Claim Did Not Result in a Recognized Loss |
| 151 | 530000105 | Claim Did Not Result in a Recognized Loss | 371 | 530000459 | Claim Withdrawn/Voided by Request | 591 | 530000726 | Claim Did Not Result in a Recognized Loss |
| 152 | 530000106 | Claim Did Not Result in a Recognized Loss | 372 | 530000460 | Claim Withdrawn/Voided by Request | 592 | 530000727 | Claim Did Not Result in a Recognized Loss |
| 153 | 530000107 | No Eligible Purchase During Class Period | 373 | 530000461 | Claim Withdrawn/Voided by Request | 593 | 530000728 | Claim Did Not Result in a Recognized Loss |
| 154 | 530000108 | No Eligible Purchase During Class Period | 374 | 530000462 | Claim Withdrawn/Voided by Request | 594 | 530000729 | Claim Did Not Result in a Recognized Loss |
| 155 | 530000109 | Claim Withdrawn/Voided by Request | 375 | 530000463 | Claim Withdrawn/Voided by Request | 595 | 530000730 | Claim Did Not Result in a Recognized Loss |
| 156 | 530000110 | Claim Did Not Result in a Recognized Loss | 376 | 530000464 | Claim Withdrawn/Voided by Request | 596 | 530000732 | Claim Did Not Result in a Recognized Loss |
| 157 | 530000120 | Claim Withdrawn/Voided by Request | 377 | 530000465 | Claim Withdrawn/Voided by Request | 597 | 530000736 | Claim Did Not Result in a Recognized Loss |
| 158 | 530000123 | Claim Did Not Result in a Recognized Loss | 378 | 530000466 | Claim Withdrawn/Voided by Request | 598 | 530000739 | No Eligible Purchase During Class Period |
| 159 | 530000127 | No Eligible Purchase During Class Period | 379 | 530000467 | Claim Withdrawn/Voided by Request | 599 | 530000740 | Claim Did Not Result in a Recognized Loss |
| 160 | 530000128 | Claim Did Not Result in a Recognized Loss | 380 | 530000468 | Claim Withdrawn/Voided by Request | 600 | 530000743 | Claim Did Not Result in a Recognized Loss |
| 161 | 530000129 | Claim Did Not Result in a Recognized Loss | 381 | 530000469 | Claim Withdrawn/Voided by Request | 601 | 530000744 | Claim Did Not Result in a Recognized Loss |
| 162 | 530000130 | Claim Did Not Result in a Recognized Loss | 382 | 530000470 | Claim Withdrawn/Voided by Request | 602 | 530000749 | Claim Did Not Result in a Recognized Loss |
| 163 | 530000131 | Claim Did Not Result in a Recognized Loss | 383 | 530000471 | Claim Withdrawn/Voided by Request | 603 | 530000750 | Claim Did Not Result in a Recognized Loss |
| 164 | 530000132 | Claim Did Not Result in a Recognized Loss | 384 | 530000472 | Claim Withdrawn/Voided by Request | 604 | 530000753 | Claim Did Not Result in a Recognized Loss |
| 165 | 530000133 | No Eligible Purchase During Class Period | 385 | 530000473 | Claim Withdrawn/Voided by Request | 605 | 530000754 | Claim Did Not Result in a Recognized Loss |
| 166 | 530000134 | Claim Did Not Result in a Recognized Loss | 386 | 530000474 | Claim Withdrawn/Voided by Request | 606 | 530000756 | Claim Did Not Result in a Recognized Loss |
| 167 | 530000135 | Claim Withdrawn/Voided by Request | 387 | 530000475 | Claim Withdrawn/Voided by Request | 607 | 530000757 | No Eligible Purchase During Class Period |
| 168 | 530000136 | Claim Withdrawn/Voided by Request | 388 | 530000476 | Claim Withdrawn/Voided by Request | 608 | 530000758 | Claim Did Not Result in a Recognized Loss |

*Ra Medical Securities Litigation*
**Exhibit C-3**
**Rejected Claims**
**Number of Claims = 660**

| # | Claim Number | Reason for Ineligibility |
|---|---|---|
| 169 | 530000137 | Claim Withdrawn/Voided by Request |
| 170 | 530000138 | Claim Withdrawn/Voided by Request |
| 171 | 530000139 | Claim Withdrawn/Voided by Request |
| 172 | 530000140 | Claim Withdrawn/Voided by Request |
| 173 | 530000141 | Claim Withdrawn/Voided by Request |
| 174 | 530000142 | Claim Withdrawn/Voided by Request |
| 175 | 530000143 | Claim Withdrawn/Voided by Request |
| 176 | 530000144 | Claim Withdrawn/Voided by Request |
| 177 | 530000145 | Claim Withdrawn/Voided by Request |
| 178 | 530000146 | Claim Withdrawn/Voided by Request |
| 179 | 530000147 | Claim Withdrawn/Voided by Request |
| 180 | 530000148 | Claim Did Not Result in a Recognized Loss |
| 181 | 530000149 | Claim Withdrawn/Voided by Request |
| 182 | 530000150 | Claim Withdrawn/Voided by Request |
| 183 | 530000151 | Claim Withdrawn/Voided by Request |
| 184 | 530000152 | No Eligible Purchase During Class Period |
| 185 | 530000153 | No Eligible Purchase During Class Period |
| 186 | 530000154 | Claim Did Not Result in a Recognized Loss |
| 187 | 530000155 | No Eligible Purchase During Class Period |
| 188 | 530000156 | No Eligible Purchase During Class Period |
| 189 | 530000157 | Claim Did Not Result in a Recognized Loss |
| 190 | 530000158 | Claim Did Not Result in a Recognized Loss |
| 191 | 530000159 | Claim Did Not Result in a Recognized Loss |
| 192 | 530000160 | Claim Did Not Result in a Recognized Loss |
| 193 | 530000161 | Claim Did Not Result in a Recognized Loss |
| 194 | 530000162 | Claim Did Not Result in a Recognized Loss |
| 195 | 530000163 | No Eligible Purchase During Class Period |
| 196 | 530000164 | Claim Did Not Result in a Recognized Loss |
| 197 | 530000165 | No Eligible Purchase During Class Period |
| 198 | 530000167 | No Eligible Purchase During Class Period |
| 199 | 530000168 | No Eligible Purchase During Class Period |
| 200 | 530000169 | No Eligible Purchase During Class Period |
| 201 | 530000170 | No Eligible Purchase During Class Period |
| 202 | 530000171 | No Eligible Purchase During Class Period |
| 203 | 530000172 | No Eligible Purchase During Class Period |
| 204 | 530000173 | Claim Did Not Result in a Recognized Loss |
| 205 | 530000175 | No Eligible Purchase During Class Period |
| 206 | 530000176 | No Eligible Purchase During Class Period |
| 207 | 530000177 | No Eligible Purchase During Class Period |
| 208 | 530000178 | Claim Did Not Result in a Recognized Loss |
| 209 | 530000179 | No Eligible Purchase During Class Period |
| 210 | 530000180 | Claim Did Not Result in a Recognized Loss |
| 211 | 530000181 | Claim Did Not Result in a Recognized Loss |
| 212 | 530000182 | Claim Did Not Result in a Recognized Loss |
| 213 | 530000183 | Claim Did Not Result in a Recognized Loss |
| 214 | 530000184 | No Eligible Purchase During Class Period |
| 215 | 530000185 | Claim Did Not Result in a Recognized Loss |
| 216 | 530000187 | Claim Did Not Result in a Recognized Loss |
| 217 | 530000189 | Claim Did Not Result in a Recognized Loss |
| 218 | 530000195 | Claim Did Not Result in a Recognized Loss |
| 219 | 530000197 | Claim Did Not Result in a Recognized Loss |
| 220 | 530000198 | No Eligible Purchase During Class Period |

| # | Claim Number | Reason for Ineligibility |
|---|---|---|
| 389 | 530000477 | Claim Withdrawn/Voided by Request |
| 390 | 530000478 | Claim Withdrawn/Voided by Request |
| 391 | 530000479 | Claim Withdrawn/Voided by Request |
| 392 | 530000480 | Claim Withdrawn/Voided by Request |
| 393 | 530000481 | Claim Withdrawn/Voided by Request |
| 394 | 530000482 | Claim Withdrawn/Voided by Request |
| 395 | 530000483 | Claim Withdrawn/Voided by Request |
| 396 | 530000484 | Claim Withdrawn/Voided by Request |
| 397 | 530000485 | Claim Withdrawn/Voided by Request |
| 398 | 530000486 | Claim Withdrawn/Voided by Request |
| 399 | 530000487 | Claim Withdrawn/Voided by Request |
| 400 | 530000488 | Claim Withdrawn/Voided by Request |
| 401 | 530000489 | Claim Withdrawn/Voided by Request |
| 402 | 530000490 | Claim Withdrawn/Voided by Request |
| 403 | 530000491 | Claim Withdrawn/Voided by Request |
| 404 | 530000492 | Claim Withdrawn/Voided by Request |
| 405 | 530000493 | Claim Withdrawn/Voided by Request |
| 406 | 530000494 | Claim Withdrawn/Voided by Request |
| 407 | 530000495 | Claim Withdrawn/Voided by Request |
| 408 | 530000496 | Claim Withdrawn/Voided by Request |
| 409 | 530000497 | Claim Withdrawn/Voided by Request |
| 410 | 530000498 | Claim Withdrawn/Voided by Request |
| 411 | 530000499 | Claim Withdrawn/Voided by Request |
| 412 | 530000500 | Claim Withdrawn/Voided by Request |
| 413 | 530000501 | Claim Withdrawn/Voided by Request |
| 414 | 530000502 | Claim Withdrawn/Voided by Request |
| 415 | 530000503 | Claim Withdrawn/Voided by Request |
| 416 | 530000504 | Claim Withdrawn/Voided by Request |
| 417 | 530000505 | Claim Withdrawn/Voided by Request |
| 418 | 530000506 | Claim Withdrawn/Voided by Request |
| 419 | 530000507 | Claim Withdrawn/Voided by Request |
| 420 | 530000508 | Claim Withdrawn/Voided by Request |
| 421 | 530000509 | Claim Withdrawn/Voided by Request |
| 422 | 530000510 | Claim Withdrawn/Voided by Request |
| 423 | 530000511 | Claim Withdrawn/Voided by Request |
| 424 | 530000512 | Claim Withdrawn/Voided by Request |
| 425 | 530000513 | Claim Withdrawn/Voided by Request |
| 426 | 530000514 | Claim Withdrawn/Voided by Request |
| 427 | 530000515 | Claim Withdrawn/Voided by Request |
| 428 | 530000516 | Claim Withdrawn/Voided by Request |
| 429 | 530000517 | Claim Withdrawn/Voided by Request |
| 430 | 530000518 | Claim Withdrawn/Voided by Request |
| 431 | 530000519 | Claim Withdrawn/Voided by Request |
| 432 | 530000520 | Claim Withdrawn/Voided by Request |
| 433 | 530000521 | Claim Withdrawn/Voided by Request |
| 434 | 530000522 | Claim Withdrawn/Voided by Request |
| 435 | 530000523 | Claim Withdrawn/Voided by Request |
| 436 | 530000524 | Claim Withdrawn/Voided by Request |
| 437 | 530000525 | Claim Withdrawn/Voided by Request |
| 438 | 530000526 | Claim Withdrawn/Voided by Request |
| 439 | 530000527 | Claim Withdrawn/Voided by Request |
| 440 | 530000528 | Claim Withdrawn/Voided by Request |

| # | Claim Number | Reason for Ineligibility |
|---|---|---|
| 609 | 530000759 | Claim Did Not Result in a Recognized Loss |
| 610 | 530000760 | Claim Did Not Result in a Recognized Loss |
| 611 | 530000761 | Claim Did Not Result in a Recognized Loss |
| 612 | 530000762 | Claim Did Not Result in a Recognized Loss |
| 613 | 530000763 | Claim Did Not Result in a Recognized Loss |
| 614 | 530000764 | Claim Did Not Result in a Recognized Loss |
| 615 | 530000765 | Claim Did Not Result in a Recognized Loss |
| 616 | 530000766 | No Eligible Purchase During Class Period |
| 617 | 530000767 | No Eligible Purchase During Class Period |
| 618 | 530000768 | Claim Did Not Result in a Recognized Loss |
| 619 | 530000769 | Claim Did Not Result in a Recognized Loss |
| 620 | 530000771 | Claim Did Not Result in a Recognized Loss |
| 621 | 530000772 | Claim Did Not Result in a Recognized Loss |
| 622 | 530000773 | No Eligible Purchase During Class Period |
| 623 | 530000775 | No Eligible Purchase During Class Period |
| 624 | 530000780 | Claim Did Not Result in a Recognized Loss |
| 625 | 530000781 | Claim Did Not Result in a Recognized Loss |
| 626 | 530000783 | Claim Did Not Result in a Recognized Loss |
| 627 | 530000786 | Claim Did Not Result in a Recognized Loss |
| 628 | 530000787 | Claim Did Not Result in a Recognized Loss |
| 629 | 530000788 | Claim Did Not Result in a Recognized Loss |
| 630 | 530000790 | Claim Did Not Result in a Recognized Loss |
| 631 | 530000791 | No Eligible Purchase During Class Period |
| 632 | 530000793 | Claim Did Not Result in a Recognized Loss |
| 633 | 530000794 | Claim Did Not Result in a Recognized Loss |
| 634 | 530000796 | Claim Did Not Result in a Recognized Loss |
| 635 | 530000797 | Claim Did Not Result in a Recognized Loss |
| 636 | 530000798 | Claim Did Not Result in a Recognized Loss |
| 637 | 530000799 | Claim Did Not Result in a Recognized Loss |
| 638 | 530000800 | Claim Did Not Result in a Recognized Loss |
| 639 | 530000803 | Claim Did Not Result in a Recognized Loss |
| 640 | 530000804 | No Eligible Purchase During Class Period |
| 641 | 530000805 | Claim Did Not Result in a Recognized Loss |
| 642 | 530000807 | Claim Did Not Result in a Recognized Loss |
| 643 | 530000808 | Claim Did Not Result in a Recognized Loss |
| 644 | 530000810 | No Eligible Purchase During Class Period |
| 645 | 530000811 | Claim Did Not Result in a Recognized Loss |
| 646 | 530000812 | Claim Did Not Result in a Recognized Loss |
| 647 | 530000817 | Claim Did Not Result in a Recognized Loss |
| 648 | 530000819 | Claim Did Not Result in a Recognized Loss |
| 649 | 530000822 | Claim Did Not Result in a Recognized Loss |
| 650 | 530000823 | Claim Did Not Result in a Recognized Loss |
| 651 | 530000837 | Claim Did Not Result in a Recognized Loss |
| 652 | 530000838 | Claim Did Not Result in a Recognized Loss |
| 653 | 530000839 | Claim Did Not Result in a Recognized Loss |
| 654 | 530000840 | No Eligible Purchase During Class Period |
| 655 | 530000841 | Claim Did Not Result in a Recognized Loss |
| 656 | 530000842 | Claim Did Not Result in a Recognized Loss |
| 657 | 530000849 | Claim Did Not Result in a Recognized Loss |
| 658 | 530000853 | Claim Did Not Result in a Recognized Loss |
| 659 | 530000854 | Claim Did Not Result in a Recognized Loss |
| 660 | 530000855 | Claim Did Not Result in a Recognized Loss |

| Total Claims | 660 |
|---|---|

# EXHIBIT D



**CLASS ACTION & CLAIMS SOLUTIONS**
Estimate for Administration
**6/20/2023**

# Ra Medical Securities
# Estimate to Complete

## Distribution - Estimated Volumes

| | |
|---|---|
| Checks | 170 |
| Wires | 155 |
| Percentage of Undeliverables | 5% |
| Reissues | 17 |
| Duration | 6 |

## Detailed Estimate
# Ra Medical Securities

| Activity | Unit | Rate | Volume | Amount |
|---|---|---|---|---|
| IVR Maintenance Fee | Per Month | $ 175.00 | 6 | $ 1,050 |
| IVR Minutes of Use | Per Minute | $ 0.17 | 750 | $ 128 |
| Contact CenterAgent Call Handling (Shared) | Per Minute | $ 0.95 | 500 | $ 475 |
| Website Hosting | Per Month | $ 175.00 | 6 | $ 1,050 |
| Bank Fees | Per Month | $ 250.00 | 6 | $ 1,500.00 |
| Check Printing | Per Piece | $ 0.40 | 170 | $ 68.00 |
| Nomine ACH Wire Payment | Per Wire | $ 25.00 | 25 | $ 625.00 |
| Subsequent Distributions | Per Hour | $ 140.00 | 20 | $ 2,800.00 |
| Check Printing - Subsequent Distributions | Per Piece | $ 0.40 | 17 | $ 6.80 |
| Postage | Per piece | $ 0.55 | 187 | $ 102.85 |
| Photocopy or Image | Per Page | $ 0.12 | 50 | $ 6.00 |
| Settlement Fund (QSF) Income Tax Return | Per Year | $ 2,000.00 | 2 | $ 4,000.00 |
| Box Storage (3 boxes) | Per Box | $ 3.50 | 18 | $ 63.00 |

**Total Estimated Costs    $    11,874.15**