

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERVIN DERR, and PETER SHOEMAKER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>RA MEDICAL SYSTEMS, INC., DEAN IRWIN, ANDREW JACKSON, MELISSA BURSTEIN, MARTIN BURSTEIN, RICHARD HEYMANN, MAURICE BUCHBINDER, MARTIN COLOMBATTO, RICHARD MEJIA, JR., MARK E. SAAD, and WILLIAM ENQUIST, JR.,<br><br>Defendants. | Case No.:  19-CV-1079 JLS (AHG)<br><br>**ORDER GRANTING LEAD PLAINTIFFS' UNOPPOSED MOTION FOR CLASS DISTRIBUTION**<br><br>(ECF No. 98) |

Lead Plaintiffs Ervin Derr and Peter Shoemaker filed this class action asserting claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), Rule 10b-5 under that Act, and Sections 11 and 15 of the Securities Act of 1933 (the "Securities Act").  The case was initially assigned to Judge Larry Alan Burns. *See* ECF No. 1.  On September 23, 2022, Judge Burns issued an Order (1) granting Lead Plaintiffs' Motion for Final Approval of Class Settlement (ECF No. 87), and (2) granting

1

in part Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (ECF No. 88). *See* ECF No. 97. In that Order, Judge Burns approved the terms of the Parties' Stipulation and Agreement of Settlement (the "Settlement" or "Stipulation," ECF No. 73-2), including the proposed Plan of Allocation. *See generally id.*

On November 3, 2023, Lead Plaintiffs filed an Unopposed Motion for Class Distribution Order ("Mot.," ECF No. 98), the supporting Declaration of Melissa Mejia ("Mejia Decl.," ECF No. 98-1), and the Declaration of F. Paul Bland, Jr., of the Public Justice Foundation ("Bland Decl.," ECF No. 98-2). A corresponding motion hearing set for December 11 was vacated, and Judge Burns took the Motion under submission without oral argument. *See* ECF Nos. 98, 99. On March 20, 2024, the action was reassigned to this Court pursuant to Civil Local Rule 40.1(c). *See* ECF No. 100.

Having considered all materials and arguments submitted in support of Lead Plaintiffs' unopposed Motion, as well as the other submissions and papers on file with the Court, the Court **GRANTS** the Motion (ECF No. 98) and **ORDERS** the following:

1.	This Class Distribution Order incorporates by reference the definitions in the Stipulation. All terms not otherwise defined shall have the same meaning as set forth in the Stipulation or the Mejia Declaration.

2.	This Court has jurisdiction over the subject matter of the action and over all parties to the Action, including all Settlement Class Members.

3.	As set forth in the Mejia Declaration, the administrative determinations of the Claims Administrator—Epiq Class Action & Claims Solutions, Inc. ("Epiq")—in accepting and rejecting Claims are approved. Specifically, the administrative determinations of the Claims Administrator accepting those Claims set forth in Exhibits C-1 and C-2 of the Mejia Declaration are approved. Likewise, the administrative determinations of the Claims Administrator rejecting those Claims set forth in Exhibit C-3 of the Mejia Declaration are approved.

4.	As set forth in the Mejia Declaration, no new Claims or responses to deficiency letters received after May 13, 2023, may be included in the distribution.

5. The Court authorizes payment of $17,477.13 from the Settlement Fund to the Claims Administrator for the fees and expenses already incurred and to be incurred in connection with the Initial Distribution, as described in the Mejia Declaration.

6. The distribution plan for the Net Settlement Fund as set forth in the Mejia Declaration and accompanying exhibits is approved. The balance of the Net Settlement Fund, after deducting the fees and expenses discussed in Paragraph 5 of this Order, shall be distributed to Authorized Claimants. To encourage Authorized Claimants to promptly deposit their payments, all distribution checks will bear a notation: "DEPOSIT PROMPTLY. VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT NEGOTIATED WITHIN 90 DAYS OF ISSUE DATE." Authorized Claimants who fail to cash, deposit, or negotiate a distribution check within the time allotted or consistent with the terms outlined in Paragraph 40(a)(v) of the Mejia Declaration will irrevocably forfeit all recovery from the Settlement.

7. After the Initial Distribution of the Net Settlement Fund, the Claims Administrator shall make reasonable and diligent efforts to have Authorized Claimants cash, deposit, or negotiate their distribution checks. To the extent any monies remain in the fund six (6) months after the Initial Distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator shall conduct a redistribution of the funds remaining after payment of, or reserve for, any unpaid fees and expenses incurred in administering the Settlement, including for such redistribution, payment of any Taxes, costs of preparing tax returns and escrow fees, to Authorized Claimants who have cashed their Initial Distributions and who would receive at least $10.00 from such redistribution. Additional redistributions to Authorized Claimants who have cashed, deposited, or negotiated their prior checks and who would receive at least $10.00 on such additional redistributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional redistributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such redistributions, would be cost-effective.

19-CV-1079 JLS (AHG)

8. At such time as Lead Counsel, in consultation with the Claims Administrator, determine that no additional distributions are cost-effective, then the remaining funds will be donated to the Public Justice Foundation, a non-sectarian, not-for-profit 501(c)(3) organization dedicated to, among other things, investor education and advocacy.

9. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members and other Claimants, whether or not they are to receive payment from the Net Settlement Fund, are barred from making any further claim against the Net Settlement Fund, Lead Plaintiffs, Lead Counsel, the Claims Administrator, the Escrow Agent, or any other agent retained by Lead Plaintiffs or Lead Counsel in connection with the administration or taxation of the Settlement Fund or the Net Settlement Fund, or any other person released under the Settlement beyond the amounts allocated to them pursuant to the terms of the Class Distribution Order, provided that such released persons acted in accordance with the Stipulation, the Judgment, and this Order.

10. The Claims Administrator is authorized to destroy: (a) paper or hard copies of the Claim Forms and supporting documents one year after the Initial Distribution or one year after the Second Distribution (if it occurs); and (b) electronic or magnetic media data not less than one year after the final distribution of the Net Settlement Fund to Authorized Claimants.

**IT IS SO ORDERED.**

Dated:  April 3, 2024

_Janis L. Sammartino_
Hon. Janis L. Sammartino
United States District Judge

19-CV-1079 JLS (AHG)